

```
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN -2  AM 10: 00

LORETTA G. WHYTE
     CLERK
```

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERREBONNE PARISH SCHOOL BOARD | ) | CASE NO.: 00-0319 |
| VERSUS | ) | SECTION: "B" |
| COLUMBIA GULF TRANSMISSION COMPANY, and KOCH GATEWAY PIPELINE COMPANY | ) ) ) ) | MAGISTRATE: 5 |

### TERREBONNE PARISH SCHOOL BOARD'S
### MEMORANDUM IN OPPOSITION TO COLUMBIA GULF'S
### MOTION FOR ~~SUMMARY~~ JUDGMENT on The Pleadings d.6d

**MAY IT PLEASE THE COURT:**

Defendant, Columbia Gulf Transmission Company ("Columbia Gulf") has filed a Motion for Judgment on the Pleadings based on their assertion that the relationship between itself and Terrebonne Parish School Board ("TPSB") is contractual and Louisiana Law does not allow contractual and delictual claims against a defendant grounded in the same set of facts and acts or omissions. For the reasons that follow, even assuming that the facts recited by Columbia Gulf are undisputed, the law is contrary to Columbia Gulf's position on these issues. Accordingly, Columbia Gulf is not entitled to judgment as a matter of law.

```
___Fee_____
___Process___
X /Dktd  OLO
 / CtRmDep___
      Doc.No. 78
```

1

To the extent that Columbia Gulf has referenced those matters related to its previously filed Motion for Summary Judgment seeking a dispositive interpretation of a "Right of Way Agreement" and "Damage Release" which Columbia Gulf inaccurately alleges are dispositive of TPSB's claims, TPSB hereby adopts and incorporates herein its opposition to said motion.

**APPLICATION OF THE MINERAL CODE:**

First and foremost, TPSB acknowledges that the Louisiana Mineral Code is not applicable to the present litigation.

**CONTRACTUAL VERSUS DELICTUAL DUTIES – WHY THEY CAN GET ALONG:**

Columbia Gulf goes to great lengths to explain why TPSB can only proceed against it in contract; however, they ignore one simple point – the law. TPSB has brought claims against Columbia Gulf based in tort and contract. Although the rules governing contract disputes and breaches are separate and apart from those governing offenses and quasi offenses, these domains can and do overlap where delictual duties arise separate and apart from the contractual duties. *Healthcare Management Services, Inc. v. Vantage Healthplan, Inc.*, 32,523 (La. App. 2nd Cir. 12/8/99); 748 So.2d 580, 583. It has long been recognized by the Louisiana Supreme Court that the same acts or omissions may constitute a breach of both delictual duties and contractual duties thereby giving rise to actions based in both tort and contract. *Short v. Griffin*, 96-0361 (La. 8/21/96); 682 So.2d 249, 253; *Davidson v. Pan American Life Ins.*, 93-2130 (La. App. 4th Cir. 5/26/94); 637 So.2d 1276, 1277 (Same facts give rise to claim in contract and tort; *United Gas Pipe Line Co., v. Cargill, Inc.*, 612 So.2d 783, 785-86 (La. App. 1st Cir. 1992). "[W]hen a party has been damaged by the conduct of another arising out of a contractual relationship, the former may have two remedies, a suit in contract [and] an action in tort" and he may seek to recover

2

damages in either or both of the two action. *Federal Ins. Co. v. Ins. Co. of N.A.*, 263 So.2d 871, 873 (La. 1972). Moreover, Louisiana recognizes a cause of action for negligent performance of a contract that also gives rise to causes of action based in tort and contract. *Aetna Ins. Co. v. Naquin*, 488 So.2d 950 (La. 1986).

In the present case, Columbia Gulf has continuing contractual and delictual duties not to cause damage to the property of TPSB that is burdened by their right-of-way. *St. Martin*, 224 F.3d at 409-410 and n.8. These obligations include the duty to maintain the spoil banks/levees in such a fashion as to be free of breaks and to maintain said canal within the boundaries set forth therein. *St. Martin v. Mobil*, 1998 WL 474211 at p. 4-5 (USDC E.D. La. 1998), *affirmed by*, 224 F.3d 402, 409-410 and n.8; *Duet v. Louisiana Power and Light Company*, 169 F.Supp. 184 (E.D.La.1958); *Accord, Board of Comm'rs of Port of New Orleans v. Illinois Cent. Gulf R. Co.*, 379 So.2d 838 (La.App. 4 Cir. 1980) *writ denied* 380 So.2d 1210 (La. 1980). Stated another way, just as Koch has a duty to inspect their pipeline and make sure the pipeline is in good repair and not causing damage to TPSB's property, so is Koch under the same duty to repair and maintain the canals and levees used in operation of their pipeline.

Analyzing the allegations of TPSB's petition in the light most favorable to TPSB reveals that TPSB has alleged facts sufficient to support claims based on Columbia Gulf's contractual and delictual duties. Additionally, further review of TPSB's petition reveals that it also supports a claim for negligent performance of a contract. Accordingly, pursuant to the applicable standards governing review of a Motion for Judgment on the Pleadings, Columbia Gulf's motion must be denied.

WHEREFORE, the Terrebonne Parish School Board respectfully prays that this court deny Columbia Gulf's Motion for Judgment on the Pleadings.

Respectfully submitted;

_____
MICHAEL X. ST. MARTIN  #12365
JOSEPH G. JEVIC III    #23145
ST. MARTIN & WILLIAMS, APLC
Post Office Box 2017
Houma, LA 70361
(504) 876-3891   Telephone
(504) 851-2219   Facsimile

**A. J. GRAY, III**       **#6253**
**WADE T. VISCONTE**      **#24734**
**THE GRAY LAW FIRM (APLC)**
Post Office Box 1467
Lake Charles, LA 70602-1467
(337) 494-0694   Telephone
(337) 494-0697   Facsimile
**Attorneys for Terrebonne Parish School Board**

## CERTIFICATE OF SERVICE

(hand delivery)

I CERTIFY that a copy of the preceding pleading has been served on all counsel of record by ~~placing same in the United States mail~~ delivery, ~~postage prepaid and properly addressed~~, on this 2d day of Jan, 2001.

_____
JOSEPH JEVIC, III

4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERREBONNE PARISH SCHOOL BOARD | ) | CASE NO.: 00-0319 |
| VERSUS | ) | SECTION: "B" |
| COLUMBIA GULF TRANSMISSION COMPANY, and KOCH GATEWAY PIPELINE COMPANY | ) ) ) ) | MAGISTRATE: 5 |

## RESPONSE OF TERREBONNE PARISH SCHOOL BOARD TO UNDISPUTED STATEMENT OF FACTS SUBMITTED IN SUPPORT OF COLUMBIA GULF'S MOTION FOR JUDGMENT ON THE PLEADINGS

TERREBONNE PARISH SCHOOL BOARD, ("TPSB"), responds as follows to Columbia Gulf Transmission Company's Statement of Undisputed Material Facts:

**STATEMENT NO.1:**

The School Board alleges in its Petition that since the 1800's it has owned all of Section 16, Township 18 South, Range 13 East, Terrebonne Parish, Louisiana (the "School Board Property").

**RESPONSE TO STATEMENT NO. 1:**

Admitted subject to the qualification that the Petition of TPSB speaks for itself and is the best evidence of its contents.

**STATEMENT NO. 2:**

On July 26, 1965, the School Board, as grantor, executed in favor of Columbia Gulf, as grantee, a certain "Right of Way and Servitude Agreement", a copy of which is attached as Exhibit "1" to the authenticating Affidavit of Kerry Whitmeyer.

**RESPONSE TO STATEMENT NO. 2:**

Admitted.

**STATEMENT NO. 3:**

Also on July 26, 1965, the School Board executed in favor of Columbia Gulf a document entitled "Damage Release". A copy of the Damage Release is attached as Exhibit "2" to the identifying Affidavit of Kerry Whitmeyer.

**RESPONSE TO STATEMENT NO. 3:**

Admitted only to the extent that on July 26, 1965, the School Board executed a "Damage Release" and not to the extent that said "Damage Release" settled TPSB's claims in this case.

**STATEMENT NO. 4:**

Columbia Gulf paid to the School Board $685.20 for the Right of Way and Servitude Agreement, as is acknowledged in that document.

**RESPONSE TO STATEMENT NO. 4:**

Admitted subject to the qualification that the Right of Way and Servitude Agreement is the best evidence of its contents.

**STATEMENT NO. 5:**

Pursuant to the Damage Release, Columbia Gulf paid the School Board $7,879.80 as is acknowledged in that document.

**RESPONSE TO STATEMENT NO. 5:**

Admitted only to the extent that on July 26, 1965, the School Board received the $7,879.80

provided for in the "Damage Release". Denied to the extent that said "Damage Release" and $7,879.80 received settled TPSB's claims in this case.

**STATEMENT NO. 6:**

Columbia Gulf excavated a flotation ditch within the Right of Way across the School Board Property. In the ditch it laid a pipeline for the transportation of natural gas.

**RESPONSE TO STATEMENT NO. 6:**

Admitted only to the extent that the pipeline was "laid" in a pipeline canal and that the pipeline canal is still being used as it contains the Columbia Gulf pipeline which is currently transporting natural gas. Denied to the extent that Columbia Gulf excavated a pipeline canal, not a ditch, on TPSB's property prior to being granted the Right of Way to conduct natural gas operations on the School Board property. Columbia Gulf's actions were a trespass as Columbia Gulf had previously tried to negotiate a Right of Way with TPSB. When Columbia Gulf broke off negotiations after complaining about per rod prices, Columbia Gulf knowingly and consciously committed a trespass when it dredge the pipeline canal.

**STATEMENT NO. 7:**

During excavation, Columbia Gulf deposited material removed from the ditch into embankments, commonly referred to as "spoil banks", one on each side of the flotation ditch.

**RESPONSE TO STATEMENT NO. 7:**

Admitted subject to the qualification that the spoil was placed along the banks of the pipeline canal, not a ditch.

**STATEMENT NO. 8:**

After completion of the pipeline, Columbia Gulf did not backfill the flotation ditch.

**RESPONSE TO STATEMENT NO. 8:**

Admitted subject to the qualification that Columbia Gulf dredged a pipeline canal, not a ditch.

**STATEMENT NO. 9:**

Since 1965, Columbia Gulf has not performed any work to maintain the flotation ditch, including the spoil banks. Affidavit of Nelson Kramer.

**RESPONSE TO STATEMENT NO. 9:**

Admitted subject to the qualification that Columbia Gulf dredged a pipeline canal, not a ditch.

**STATEMENT NO. 10:**

Until it filed this lawsuit, the School Board never asked Columbia Gulf to maintain the flotation ditch, including the spoil banks. Affidavit of Nelson Kramer.

**RESPONSE TO STATEMENT NO. 10:**

Denied as written. TPSB was under no obligation to "ask" that Columbia Gulf honor its contractual obligations and comply with the obligations imposed on Columbia Gulf by Louisiana law. See La. C.C. arts. 743 and 745.

**STATEMENT NO. 11:**

The School Board, as plaintiff in this litigation, alleges that its property has been damaged: by the construction of the pipeline and the flotation ditch in which it lies (Petition, Paragraph 13); by the continued existence of the spoil banks erected during the process of dredging the flotation ditch and laying the pipeline (Petition, Paragraphs 10 and 11); by the mere existence of flotation ditch (Petition, Paragraph 14); and by Columbia Gulf's failure to maintain the flotation ditch (Petition, Paragraphs 7, 8, 12, 13, 15, and 16).

**RESPONSE TO STATEMENT NO. 11:**

Denied as written. TPSB has not alleged that Columbia Gulf constructed a "pipeline ditch" on its property. Furthermore, the Petition of TPSB speaks for itself and is the best evidence of its contents, and the allegations contained in the Petition should be read in the entire context of the Petition.

Respectfully submitted

_____
MICHAEL X. ST. MARTIN   #12365
JOSEPH G. JEVIC III         #23145
ST. MARTIN & WILLIAMS, APLC
Post Office Box 2017
Houma, LA 70361
(504) 876-3891        Telephone
(504) 851-2219        Facsimile

**A. J. GRAY, III**                    **#6253**
**WADE T. VISCONTE**       **#24734**
**THE GRAY LAW FIRM (APLC)**
Post Office Box 1467
Lake Charles, LA 70602-1467
(337) 494-0694        Telephone
(337) 494-0697        Facsimile
**Attorneys for Terrebonne Parish School Board**

### CERTIFICATE OF SERVICE

I CERTIFY that a copy of the preceding pleading has been served on all counsel of record by hand delivery ~~placing same in the United States mail delivery, postage prepaid and properly addressed~~, on this 2d day of Jan, 2001.

_____
JOSEPH JEVIC, III

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERREBONNE PARISH SCHOOL BOARD | ) | CASE NO.: 00-0319 |
| VERSUS | ) | SECTION: "B" |
| COLUMBIA GULF TRANSMISSION COMPANY, and KOCH GATEWAY PIPELINE COMPANY | )<br>)<br>)<br>) | MAGISTRATE: 5 |

### STATEMENT OF MATERIAL FACTS AS TO WHICH THERE EXIST A GENUINE ISSUE TO BE TRIED IN OPPOSITION TO COLUMBIA GULF TRANSMISSION COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS

TERREBONNE PARISH SCHOOL BOARD, ("TPSB"), submits the following Statement of Material Facts As To Which There Exist A Genuine Issue To Be Tried In Opposition To Motion For Judgment on the Pleadings filed by Columbia Gulf Transmission Company ("Columbia Gulf").

1. There is a genuine issue of material fact as to whether or not the Columbia Gulf pipeline canal and breaches in the pipeline canal have caused erosion and other damage to the Terrebonne Parish School Board's property located in Section 16, Township 18 South, Range 13 East, Terrebonne Parish, Louisiana.



2. There is a genuine issue of material fact as to the extent the Columbia Gulf pipeline canal system, including the levees and any breaks or cuts in the levees, should be repaired and maintained to prevent further erosion/damage to the TPSB property.

3. There is a genuine issue of material fact as to the obligation of Columbia Gulf to restore TPSB's property to its original condition prior to the dredging of the Columbia Gulf pipeline canal.

4. There is a genuine issue of material fact as to the extent to which the Columbia Gulf pipeline canal system is necessary for operation of the Columbia Gulf pipeline.

5. There is a genuine issue of material fact as to the extent of damage caused to the TPSB property by improper maintenance of the Columbia Gulf pipeline canal system, including marsh adjacent to both sides of the Columbia Gulf pipeline canal system, subsequent to the dredging of the Columbia Gulf pipeline canal.

6. There is a genuine issue of material fact as to the extent of damage from other sources, if any, caused to the TPSB property prior to the dredging of the Columbia Gulf pipeline canal and pipeline canal system.

7. There is a genuine issue of material facts as to the "value" of the TPSB property and the elements to consider in determining "value."

8. There is a genuine issue of material facts as to the proper method of restoring the property and reasonableness of the restoration plan proposed by TPSB's experts.

9. There is a genuine issue of material fact in determining the value of benefits Columbia Gulf received from transporting gas through the pipeline on the TPSB property as balanced against the damage caused to the TPSB property as a consequence of the

operations of the Columbia Gulf gas pipeline.

10. There is a genuine issue of material fact whether the Columbia Gulf pipeline canal has benefited the TPSB property.

11. There is a genuine issue of material fact whether tidal flows into and out of the marsh are strong enough to damage and/or destroy the flotant marsh.

12. There is a genuine issue of material fact as to the width of the Columbia Gulf pipeline canal at the time the pipeline canal was dredged and whether the canal has eroded and is a greater width than when originally dredged.

13. There is a genuine issue of material fact as to the amount of widening of the Columbia Gulf pipeline canal that has occurred.

14. There is a genuine issue of material fact whether Columbia Gulf pipeline canal is being used to conduct operations of Columbia Gulf's natural gas pipeline.

15. There is a genuine issue of material fact regarding the extent and scope of the "Damage Release" and whether it encompassed and settled the claims of TPSB in this case.

Respectfully submitted,

_____
MICHAEL X. ST. MARTIN   #12365
JOSEPH G. JEVIC III        #23145
ST. MARTIN & WILLIAMS, APLC
Post Office Box 2017
Houma, LA 70361
(504) 876-3891     Telephone
(504) 851-2219     Facsimile

**and**

A. J. GRAY, III          #6253
WADE T. VISCONTE    #24734
THE GRAY LAW FIRM (APLC)
Post Office Box 1467
Lake Charles, LA 70602-1467
(337) 494-0694     Telephone
(337) 494-0697     Facsimile

**Attorneys for Terrebonne Parish School Board**

### CERTIFICATE OF SERVICE

I CERTIFY that a copy of the preceding pleading has been served on all counsel of record by ~~placing same in the United States mail delivery, postage prepaid and properly addressed~~ [hand delivery], on this 2d day of Jan, 2001.

JOSEPH JEVIC, III