FILED
U.S. DISTRICT
EASTERN DISTRICT COURT
DISTRICT OF LA
2001 JAN -2 AM 10: 17
LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERREBONNE PARISH SCHOOL BOARD | ) | CASE NO.: 00-0319 |
| VERSUS | ) | SECTION: "B" |
| COLUMBIA GULF TRANSMISSION COMPANY, and KOCH GATEWAY PIPELINE COMPANY | ) ) ) ) | MAGISTRATE: 5 |

## TERREBONNE PARISH SCHOOL BOARD'S MEMORANDUM IN OPPOSITION TO COLUMBIA GULF'S MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

Defendant, Columbia Gulf Transmission Company ("Columbia Gulf") has filed for summary judgment on the grounds that the "Right of Way and Servitude Agreement" entered into with plaintiff, Terrebonne Parish School Board ("TPSB"), places no obligation upon Columbia Gulf to either backfill the pipeline canal/floatation ditch or to in any way maintain said pipeline canal/floatation ditch and its adjacent spoil banks/levees. Alternatively, Columbia Gulf argues that a "Damage Release" executed on the same date as the "Right of Way and Servitude Agreement" insulates it from ***any and all present or future known or unknown claims*** that may arise as a result of or following the construction of the pipeline and its floatation ditch. For the reasons that follow, even assuming that the facts recited by Columbia Gulf are undisputed, the

1



law is contrary to Columbia Gulf's position on these issues. Accordingly, Columbia Gulf is not

entitled to judgment as a matter of law.

## SCOPE AND DUTIES ASSOCIATED WITH THE "RIGHT OF WAY AND SERVITUDE AGREEMENT"

The "Right of Way and Servitude Agreement" between TPSB and Columbia Gulf

provides in pertinent part:

> Grantors do hereby grant, bargain, sell, convey and warrant unto COLUMBIA
> GULF TRANSMISSION COMPANY...(herein styled Grantee), its successors
> and assigns, a servitude, right of way and easement to construct, lay, **maintain**,
> operate, alter, repair, remove, change the size of, and replace a pipe line and
> **appurtenances thereto**....
>
> ***
>
> The right of way granted herein shall be 100 feet wide.... It is understood and
> agreed that Grantee shall not be required to backfill the open flotation ditch
> excavated during construction.

See Exhibit "1" To Columbia Gulf's Motion for Summary Judgment. (emphasis added).

While interpretation of a contract is the determination of the common intent of the

parties, if the words of the contract are clear and explicit and lead to no absurd consequences, no

further interpretation may be made in search of the parties' intent." La. Civ. Code arts. 2045 &

2046; *Vizinat v. Transcontinental Gas Pipeline Corp.,* 552 So.2d 1237, 1239 (La. App. 3d Cir.

1989). Additionally, the words of a contract must be given their generally prevailing meaning.

La. Civ. Code art 2047; *Vizinat* 552 So.2d at 1239. Words of art and technical terms must be

given their technical meaning when the contract involves a technical matter. *Vizinat* 552 So.2d

at 1239.

Although the term "appurtenances"[1] is not defined by the "Right of Way and Servitude Agreement", interpretation of said term in light of its common meaning would include "accessories" such as the pipeline canal/flotation ditch which was clearly anticipated by Columbia Gulf within the "Right of Way and Servitude Agreement" as a necessary accessory/appurtenance to the construction, operation and maintenance of said pipeline. Rights that are accessory to the servitude are acquired at the time the servitude is established and shall be exercised in a way least inconvenient for the servient estate. La. Civ. Code art. 743. Although the holder of the servitude has the right to enter upon the servient estate for the purpose of constructing or maintaining works required for the use and preservation of the servitude, he is obligated to conduct said activities in the manner causing the least possible damage. La. Civ. Code art. 745.

In *St. Martin v. Mobil,* 1998 WL 474211 at p. 4 (USDC E.D. La. 1998), *affirmed by,* 224 F.3d 402 (5th Cir. 2000), the court was faced with interpreting a servitude agreement that provided in pertinent part:

> Grantor does hereby convey to Grantee, its successors and assigns, the right and servitude to dredge, construct and maintain and use a canal...

*St. Martin,* 1998 WL 474211 at p. 4. In *St. Martin,* both the district court and court of appeals held that the inclusion of the term "maintain" within the right of way agreement created a continuing duty to maintain both the canal and the spoil banks/levees necessary to contain them. *St. Martin,* 1998 WL 474211 at p. 4, *affirmed by,* 224 F.3d at 409-410.

In the present case, Columbia Gulf has acquired a right of way within which to "construct, lay, **maintain**, operate, alter, repair, remove, change the size of, and replace a pipe

---

[1]    "Accessory" is a common synonym for the word "appurtenance."

line and **appurtenances thereto…**" including a "flotation ditch excavated during construction."
As the flotation ditch is clearly anticipated by Columbia Gulf within the "Right of Way and
Servitude Agreement" as a necessary accessory/appurtenance to said pipeline and/or construction
necessary to the exercise of a right accessory to the exercise of Columbia Gulf's right of way,
said flotation ditch and its accompanying spoil banks is correctly treated as an appurtenance to
said pipeline as contemplated by the "Right of Way and Servitude Agreement." Accordingly,
Columbia Gulf has a continuing duty to maintain its pipeline canal/flotation ditch and the spoil
banks/levees necessary to contain said canal. *St. Martin,* 1998 WL 474211 at p. 4, *affirmed by,*
224 F.3d at 409-410.

Moreover, Columbia Gulf's motion only addresses the issue of their liability pursuant to
the "Right of Way and Servitude Agreement." (i.e. contractual liability). Columbia Gulf ignores
the fact that TPSB also relies upon a negligence theory based upon articles 667 and 2315 of the
Louisiana Civil Code. Pursuant thereto, a servitude Grantee may be liable in tort for damages
caused to the servient estate by constructions and/or activities within the right of way. Where, as
in the present case, "the damage alleged is not the mere presence of the canals or a static
condition related to their existence (e.g. diversion of water as part of their normal course of
operation), but an ongoing and cumulatively increasing deterioration of plaintiffs' property
adjoining the canals due to defendants' continuing conduct in their failure to maintain the canal
banks" the tort is continuous and prescription does not run. *St. Martin,* 224 F.3d at 409 n.8.
Accordingly, Columbia Gulf's motion does not resolve all issues of liability asserted against
them.

Because both the conduct -- the failure to maintain the pipeline canals and restore the property -- and the damages continue to this date, the tort is a continuous one and thus prescription has not begun. *See Badalamenti v. Chevron Chemical Co.*, 1995 WL 386868, (E.D. La. 1995). The defendants' actions are continuing when we consider the operations of defendants. But for the pipelines being operated by the defendants, there would be no pipeline canals on TPSB's property. Every year from beginning operations until present, defendants have inspected their pipelines at least once for maintenance purposes. Hence, every year they have been put on notice of the condition of the pipeline canals containing the pipelines in question. These pipeline canals are allowed under the right of ways authorizing defendants to operate the natural gas pipelines on TPSB's property. The defendants are obligated to cause the least possible damage to plaintiff's property while carrying out rights provided them under their respective right of ways. Since the right of ways allow continuing operations, and defendants continue to carry out operations under their right of ways, they are under a continuing obligation to cause the least possible damage to TPSB's property and maintain their pipeline canals. *Duet v. Louisiana Power and Light Company*, 169 F.Supp. 184 (E.D.La.1958); *Accord, Board of Comm'rs of Port of New Orleans v. Illinois Cent. Gulf R. Co.*, 379 So.2d 838 (La.App. 4 Cir. 1980) *writ denied* 380 So.2d 1210 (La. 1980). Stated another, just as the defendants have a duty to inspect their pipelines and make sure the pipelines are in good repair and not causing damage to TPSB's property, so are the defendants under the same duty to repair and maintain the canals used in operations of their pipelines. Accordingly, Columbia Gulf's motion does not resolve all issues of liability asserted against them.

## INAPPLICABILITY OF THE "DAMAGE RELEASE"

The "Damage Release" executed by TPSB and Columbia Gulf prior to the actual construction of the pipeline and canal provides in pertinent Part:

> Received of COLUMBIA GULF TRANSMISSION COMPANY…in full payment and settlement for all damages of every kind and character (contractual, negligence or otherwise) caused to our interest(s) as owners by the **construction, operation, maintenance** of a **pipe line and appurtenances**…in the place and manner such pipe line and appurtenances have been constructed and laid, and we release and discharge the COLUMBIA GULF TRANSMISSION COMPANY and their agents and Contractors, from all liability therefore.

See Exhibit "2" to Columbia Gulf's Motion for Summary Judgment. (emphasis added).

A settlement agreement is a contract and, as such, is subject to the rules governing interpretation of contracts. La. Civ. Code art 3071; *Vizinat,* 552 So.2d at 1239; *Stern v. Williams,* 365 So.2d 1128 (La. App. 4th Cir.) *writ denied,* 368 So.2d 143 (La. 1979). While interpretation of a contract is the determination of the common intent of the parties, if the words of the contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code arts. 2045 & 2046; *Vizinat* 552 So.2d at 1239. Additionally, the words of a contract must be given their generally prevailing meaning. La. Civ. Code art 2047; *Vizinat* 552 So.2d at 1239. Words of art and technical terms must be given their technical meaning when the contract involves a technical matter. *Vizinat* 552 So.2d at 1239. However, in case of ambiguity, the court may look to "equity, usages, [and] the conduct of the parties before and after the formation of the contract…", La. Civ. Code art. 2053, with any ambiguities in a standard form contract interpreted against the party who provided it and in favor of the other party. La. Civ. Code art. 2056.

In *Vizinat* 552 So.2d 1237, the court was faced with a similar "Damage Release" whereby the defendant therein, as is Columbia Gulf herein, attempted to argue that the release covered ***all present or future known or unknown claims*[2]** that may arise at any time during or following the activities initially permitted.  Like the Columbia Gulf "Damage Release" the release in *Vizinat*, purported to be in full settlement and discharge of any and all claims:

> for all the items of injury and damage hereinafter designated to property of any kind owned or rented by the undersigned or in which the undersigned have (has) or claim(s) to have an interest, located in [Evangeline] Parish, State of [Louisiana], which have been incurred by reason of or incidental to the construction, operation or maintenance of Transcontinental Gas Pipe Line Corporation's pipe line and appurtenances for which Transcontinental Gas Pipe Line Corporation, its agents, employees, contractors and subcontractors are or might be liable.

*Vizinat* 552 So.2d at 1238.  However, the *Vizinat* court held that the purported release only applied to those claims existing at the time the release was executed and not to any claims arising thereafter, despite the broad general language of the release.  In so holding the court stated:

> The agreement signed by the parties to this matter was a standard form contract provided by [Columbia Gulf]. The contract is ambiguous, in light of the circumstances, as to what it intends to compensate [TPSB] for, since no damages had as yet occurred. However, any ambiguities in a standard form contract must be interpreted against the party who provided it and in favor of the other party. La. Civ. Code art. 2056.  Therefore, [TPSB] retained its action for damages arising thereafter as a result of the defendant's actions.

*Vizinat* 552 So.2d at 1239 (party names substituted to reflect the current litigation).

---

[2]      Although Columbia Gulf claims that the referenced release covers ***all present or future known or unknown claims***, the release contains no such language and is therefore ambiguous in scope and properly limited to those claims existing at the time of the release as is shown below.

The Columbia Gulf damage release was executed due to the unauthorized construction of the pipeline and pipeline canal.[3]  Amazingly, Columbia Gulf failed to produce copies of those items contained within their files evidencing the true intent of the parties with regard to the alleged "Damage Release.[4]  These letters, which were produced contemporaneously with the negotiation and execution of the "Damage Release" clearly evidence the parties intent to resolve those issues that existed with regard to the unauthorized construction of the Columbia Gulf pipeline and nothing more.[5]  TPSB's current claims are based in contract and tort as a result of Columbia Gulf not maintaining its pipeline canal.  This breach of contract and negligence has resulted in the pipeline canal eroding far beyond its original width and in destruction of adjacent marsh where the pipeline canal has developed breaks or breaches.  These claims were not part of the release at the time of its execution because the release was specifically designed to cover damages for the construction of the pipeline canal which was a trespass at the time.[6] Accordingly, as in *Vizinat,* the "Damage Release" relied upon by Columbia Gulf is inapplicable to TPSB's current claims.

---

[3]      See Exhibit "1", June 1, 1965 letter from Terrebonne Parish District Attorney's Office and Exhibit "2" July 29, 1965 letter from Columbia Gulf's Land Supervisor regarding the unauthorized construction of said pipeline and agreement to provide compensation as a result of said "construction."
[4]      See Exhibits 1 and 2 which were produced by Columbia Gulf in response to TPSB's discovery requests. When a written agreement is ambiguous, the court may
[5]      See Exhibits 1 and 2.
[6]      See Exhibits 1 and 2.

WHEREFORE, the Terrebonne Parish School Board respectfully prays that this court deny Columbia Gulf's Motion for Summary Judgment.

Respectfully submitted;

**MICHAEL X. ST. MARTIN #12365**
**JOSEPH G. JEVIC III        #23145**
ST. MARTIN & WILLIAMS, APLC
Post Office Box 2017
Houma, LA 70361
(504) 876-3891        Telephone
(504) 851-2219        Facsimile

**A. J. GRAY, III          #6253**
**WADE T. VISCONTE       #24734**
**THE GRAY LAW FIRM (APLC)**
Post Office Box 1467
Lake Charles, LA 70602-1467
(337) 494-0694        Telephone
(337) 494-0697        Facsimile
**Attorneys for Terrebonne Parish School Board**

## CERTIFICATE OF SERVICE

FedEx

I CERTIFY that a copy of the preceding pleading has been served on all counsel of record by ~~placing same in the United States mail delivery, postage prepaid and properly addressed~~, on this 29 day of _____ Dec _____, 2000.

JOSEPH JEVIC, III

WILMORE J. BROUSSARD, JR.
*District Attorney*
P. O. Box 844
Houma, La.

**OFFICE OF**
**DISTRICT ATTORNEY**
SEVENTEENTH JUDICIAL DISTRICT
STATE OF LOUISIANA
PARISHES OF TERREBONNE AND LAFOURCHE

June 1, 1965

WOLLEN J. FALGOUT
*First Assistant District Attorney*
P. O. Box 424
Thibodaux, La.

HERBERT O'NIELL
*Second Assistant District Attorney*
P. O. Box 424
Thibodaux, La.

LL 64-37

Columbia Gulf Transmission Company
1125 Brazos Street
Houston, Texas

Gentlemen:

The Terrebonne Parish School Board has requested that I write to
you concerning the illegal trespass and damages resulting from
an unauthorized placing of a pipeline by you upon and across
Section 16, Township 18 South, Range 13 East, Terrebonne Parish,
Louisiana. This trespass was brought to the attention of the Terre-
bonne Parish School Board at its last meeting, held on May 25,
1965, and said Board has requested I take immediate steps to pre-
vent the continued trespassing by you and have said pipeline im-
mediately removed from the School Board's property.

Therefore, this is to request that the pipeline illegally and unlaw-
fully laid across Section 16, Township 18 South, Range 13 East,
Terrebonne Parish, Louisiana, without the knowledge and consent
of the School Board, be immediately removed and said property be
placed in its original condition. Unless this request is complied
with immediately, if is the intention of the Terrebonne Parish School
Board to seek injunctive relief and to recover all damages which
have occurred as a result of your trespass on the School Board's
property.,

In the event you do not comply with this request within ten days
from the date of this letter, it will be assumed no action will be
taken and suit will be filed by me to enforce compliance with this
demand.

Sincerely,

*Wilmore J. Broussard, Jr.*

WILMORE J. BROUSSARD, JR.

es
CC: CT Corporation System
New Orleans, Louisiana

**EXHIBIT**
**1**

CGT 0007

P. O. Box 5-G, O.C.S.
Lafayette, Louisiana 70505

July 29, 1965

Mr. Wilmore J. Broussard, Jr.
District Attorney
P. O. Box 344
Houma, Louisiana

                 Ref:   Terrebonne Parish School Board
                        LL-64-37

Dear Mr. Broussard:

I am returning herewith copy of the Right-of-Way Agreement submitted with your letter of July 28, 1965. The agreement as amended does reflect the changes we discussed in your office. You will note that I have initialed the four deletions and two additions to the agreement. To avoid confusion it is suggested that you have the president of the school board initial in the same places. I also feel it in order to attach a copy of the Board authorization whereby the president was authorized to grant this right-of-way agreement.

I agree with you that it would be advisable to attach and file with the right-of-way agreement a copy of the survey made by our company showing the proposed location of the pipeline across this property. On July 23, while in your office, I left four copies of such a map on your desk. If they have been misplaced or you are unable to find them, please advise and I will furnish additional copies.

Enclosed you also will find draft numbers 8490 and 8491 in the amounts of $685.20 for right of way and $7,879.80 as payment in full for all damages sustained as a result of the construction of this pipeline.

I noticed that you had not changed the description of the property as we had discussed in your office. If you will recall, we determined that the property was Range 13 East rather than Range 16 East. Accordingly, I have taken the liberty of retyping a new agreement rather than having it marked in ink as I originally started to do. At the same time I have prepared a Damage Release reflecting the amount of payment. Would you please have both instruments signed, have the Right of Way Agreement filed for record with the necessary attachments and return two copies of the agreement (one copy certified) and two copies of the Damage Release for our files.

EXHIBIT
2

CGT 0015

- 2 -

Mr. Wilmore J. Broussard, Jr.                    July 29, 1965
Houma, La.

Subject:  Terrebonne Parish School Board
              LL-64-37

Thank you very much for your cooperation in this matter.

                                        Sincerely,

                                        COLUMBIA GULF TRANSMISSION CO.

                                        Edwin J. Upton
                                        Land Supervisor

EJU/ob

Encl.

CGT 0016

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERREBONNE PARISH SCHOOL BOARD | ) | CASE NO.: 00-0319 |
| VERSUS | ) | SECTION: "B" |
| COLUMBIA GULF TRANSMISSION | ) | MAGISTRATE: 5 |
| COMPANY, and KOCH GATEWAY | ) | |
| PIPELINE COMPANY | ) | |
| | ) | |

## STATEMENT OF MATERIAL FACTS
## AS TO WHICH THERE EXIST A GENUINE ISSUE TO BE TRIED
## IN OPPOSITION TO COLUMBIA GULF TRANSMISSION COMPANY'S
## MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Civil Rule 56.2, plaintiff, TERREBONNE PARISH SCHOOL BOARD, ("TPSB"), submits the following Statement of Material Facts As To Which There Exist A Genuine Issue To Be Tried In Opposition To Motion For Summary Judgment filed by Columbia Gulf Transmission Company ("Columbia Gulf").

1.    There is a genuine issue of material fact as to whether or not the Columbia Gulf pipeline canal and breaches in the pipeline canal have caused erosion and other damage to the Terrebonne Parish School Board's property located in Section 16, Township 18 South, Range 13 East, Terrebonne Parish, Louisiana.

2.      There is a genuine issue of material fact as to the extent the Columbia Gulf pipeline canal system, including the levees and any breaks or cuts in the levees, should be repaired and maintained to prevent further erosion/damage to the TPSB property.

3.      There is a genuine issue of material fact as to the obligation of Columbia Gulf to restore TPSB's property to its original condition prior to the dredging of the Columbia Gulf pipeline canal.

4.      There is a genuine issue of material fact as to the extent to which the Columbia Gulf pipeline canal system is necessary for operation of the Columbia Gulf pipeline.

5.      There is a genuine issue of material fact as to the extent of damage caused to the TPSB property by improper maintenance of the Columbia Gulf pipeline canal system, including marsh adjacent to both sides of the Columbia Gulf pipeline canal system, subsequent to the dredging of the Columbia Gulf pipeline canal.

6.      There is a genuine issue of material fact as to the extent of damage from other sources, if any, caused to the TPSB property prior to the dredging of the Columbia Gulf pipeline canal and pipeline canal system.

7.      There is a genuine issue of material facts as to the "value" of the TPSB property and the elements to consider in determining "value."

8.      There is a genuine issue of material facts as to the proper method of restoring the property and reasonableness of the restoration plan proposed by TPSB's experts.

9.      There is a genuine issue of material fact in determining the value of benefits Columbia Gulf received from transporting gas through the pipeline on the TPSB property as balanced against the damage caused to the TPSB property as a

consequence of the operations of the Columbia Gulf gas pipeline.

10.     There is a genuine issue of material fact whether the Columbia Gulf pipeline canal has benefited the TPSB property.

11.     There is a genuine issue of material fact whether tidal flows into and out of the marsh are strong enough to damage and/or destroy the flotant marsh.

12.     There is a genuine issue of material fact as to the width of the Columbia Gulf pipeline canal at the time the pipeline canal was dredged and whether the canal has eroded and is a greater width than when originally dredged.

13.     There is a genuine issue of material fact as to the amount of widening of the Columbia Gulf pipeline canal that has occurred.

14.     There is a genuine issue of material fact whether Columbia Gulf pipeline canal is being used to conduct operations of Columbia Gulf's natural gas pipeline.

15.     There is a genuine issue of material fact regarding the extent and scope of the "Damage Release" and whether it encompassed and settled the claims of TPSB in this case.

Respectfully submitted,

MICHAEL X. ST. MARTIN  #12365
JOSEPH G. JEVIC III        #23145
ST. MARTIN & WILLIAMS, APLC
Post Office Box 2017
Houma, LA 70361
(504) 876-3891        Telephone
(504) 851-2219        Facsimile

A. J. GRAY, III   **#6253**
WADE T. VISCONTE  **#24734**
THE GRAY LAW FIRM (APLC)
Post Office Box 1467
Lake Charles, LA 70602-1467
(337) 494-0694  Telephone
(337) 494-0697  Facsimile

**Attorneys for Terrebonne Parish School Board**

### CERTIFICATE OF SERVICE

  I CERTIFY that a copy of the preceding pleading has been served on all counsel of record via Fed Ex and by placing same in the United States mail delivery, postage prepaid and properly addressed, on this 29ᵗʰ day of December, 2000.

JOSEPH JEVIC, III

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERREBONNE PARISH SCHOOL BOARD | ) | CASE NO.: 00-0319 |
| VERSUS | ) | SECTION: "B" |
| COLUMBIA GULF TRANSMISSION | ) | MAGISTRATE: 5 |
| COMPANY, and KOCH GATEWAY | ) | |
| PIPELINE COMPANY | ) | |
| | ) | |

## RESPONSE OF TERREBONNE PARISH SCHOOL BOARD TO UNDISPUTED STATEMENT OF FACTS

Pursuant to Local Civil Rule 56.2, plaintiff, TERREBONNE PARISH SCHOOL BOARD, ("TPSB"), responds as follows to Columbia Gulf Transmission Company's Statement of Undisputed Material Facts:

**STATEMENT NO.1:**

The School Board alleges in its Petition that since the 1800's it has owned all of Section 16, Township 18 South, Range 13 East, Terrebonne Parish, Louisiana (the "School Board Property").

**RESPONSE TO STATEMENT NO. 1:**

Admitted subject to the qualification that the Petition of TPSB speaks for itself and is the best evidence of its contents.

**STATEMENT NO. 2:**

On July 26, 1965, the School Board, as grantor, executed in favor of Columbia Gulf, as grantee, a certain "Right of Way and Servitude Agreement", a copy of which is attached as Exhibit "1" to the authenticating Affidavit of Kerry Whitmeyer.

**RESPONSE TO STATEMENT NO. 2:**

Admitted.

**STATEMENT NO. 3:**

Also on July 26, 1965, the School Board executed in favor of Columbia Gulf a document entitled "Damage Release". A copy of the Damage Release is attached as Exhibit "2" to the identifying Affidavit of Kerry Whitmeyer.

**RESPONSE TO STATEMENT NO. 3:**

Admitted only to the extent that on July 26, 1965, the School Board executed a "Damage Release" and not to the extent that said "Damage Release" settled TPSB's claims in this case.

**STATEMENT NO. 4:**

Columbia Gulf paid to the School Board $685.20 for the Right of Way and Servitude Agreement, as is acknowledged in that document.

**RESPONSE TO STATEMENT NO. 4:**

Admitted subject to the qualification that the Right of Way and Servitude Agreement is the best evidence of its contents.

**STATEMENT NO. 5:**

Pursuant to the Damage Release, Columbia Gulf paid the School Board $7,879.80 as is acknowledged in that document.

**RESPONSE TO STATEMENT NO. 5:**

Admitted only to the extent that on July 26, 1965, the School Board received the $7,879.80

provided for in the "Damage Release".  Denied to the extent that said "Damage Release" and $7,879.80 received settled TPSB's claims in this case.

**STATEMENT NO. 6:**

Columbia Gulf excavated a flotation ditch within the Right of Way across the School Board Property.  In the ditch it laid a pipeline for the transportation of natural gas.

**RESPONSE TO STATEMENT NO. 6:**

Admitted only to the extent that the pipeline was "laid" in a pipeline canal and that the pipeline canal is still being used as it contains the Columbia Gulf pipeline which is currently transporting natural gas.  Denied to the extent that Columbia Gulf excavated a pipeline canal, not a ditch, on TPSB's property prior to being granted the Right of Way to conduct natural gas operations on the School Board property.  Columbia Gulf's actions were a trespass as Columbia Gulf had previously tried to negotiate a Right of Way with TPSB.  When Columbia Gulf broke off negotiations after complaining about per rod prices, Columbia Gulf knowingly and consciously committed a trespass when it dredge the pipeline canal.

**STATEMENT NO. 7:**

During excavation, Columbia Gulf deposited material removed from the ditch into embankments, commonly referred to as "spoil banks", one on each side of the flotation ditch.

**RESPONSE TO STATEMENT NO. 7:**

Admitted subject to the qualification that the spoil was placed along the banks of the pipeline canal, not a ditch.

**STATEMENT NO. 8:**

After completion of the pipeline, Columbia Gulf did not backfill the flotation ditch.

**RESPONSE TO STATEMENT NO. 8:**

Admitted subject to the qualification that Columbia Gulf dredged a pipeline canal, not a

ditch.

**STATEMENT NO. 9:**

Since 1965, Columbia Gulf has not performed any work to maintain the flotation ditch, including the spoil banks. Affidavit of Nelson Kramer.

**RESPONSE TO STATEMENT NO. 9:**

Admitted subject to the qualification that Columbia Gulf dredged a pipeline canal, not a ditch.

**STATEMENT NO. 10:**

Until it filed this lawsuit, the School Board never asked Columbia Gulf to maintain the flotation ditch, including the spoil banks. Affidavit of Nelson Kramer.

**RESPONSE TO STATEMENT NO. 10:**

Denied as written. TPSB was under no obligation to "ask" that Columbia Gulf honor its contractual obligations and comply with the obligations imposed on Columbia Gulf by Louisiana law. See La. C.C. arts. 743 and 745.

**STATEMENT NO. 11:**

The School Board, as plaintiff in this litigation, alleges that its property has been damaged: by the construction of the pipeline and the flotation ditch in which it lies (Petition, Paragraph 13); by the continued existence of the spoil banks erected during the process of dredging the flotation ditch and laying the pipeline (Petition, Paragraphs 10 and 11); by the mere existence of flotation ditch (Petition, Paragraph 14); and by Columbia Gulf's failure to maintain the flotation ditch (Petition, Paragraphs 7, 8, 12, 13, 15, and 16).

**RESPONSE TO STATEMENT NO. 11:**

Denied as written. TPSB has not alleged that Columbia Gulf constructed a "pipeline ditch" on its property. Furthermore, the Petition of TPSB speaks for itself and is the best evidence of its

contents, and the allegations contained in the Petition should be read in the entire context of the Petition.

Respectfully submitted

MICHAEL X. ST. MARTIN #12365
JOSEPH G. JEVIC III          #23145
ST. MARTIN & WILLIAMS, APLC
Post Office Box 2017
Houma, LA 70361
(504) 876-3891          Telephone
(504) 851-2219          Facsimile

**A. J. GRAY, III          #6253**
**WADE T. VISCONTE     #24734**
**THE GRAY LAW FIRM (APLC)**
Post Office Box 1467
Lake Charles, LA 70602-1467
(337) 494-0694          Telephone
(337) 494-0697          Facsimile
**Attorneys for Terrebonne Parish School Board**

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the preceding pleading has been served on all counsel of record *via Fed Ex* ~~and by placing same in the United States mail delivery, postage prepaid and properly addressed,~~ on this 29th day of December, 2000.

JOSEPH JEVIC, III