FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN -3 AM 8:58

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERREBONNE PARISH SCHOOL BOARD** | CASE #00-0319 |
| | SECTION "B" |
| VERSUS | |
| | MAGISTRATE 5 |
| **COLUMBIA GULF TRANSMISSION COMPANY and KOCH GATEWAY PIPELINE COMPANY** | |

* * * * * * * * * * * * * * * * *

### DEFENDANT KOCH GATEWAY PIPELINE COMPANY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER SECTION 16 EROSION PROBLEMS

**MAY IT PLEASE THE COURT**:

For purposes of brevity, Koch adopts herein the factual and procedural background set forth in Koch's previously filed Motions In Limine and Motion for Summary Judgment, In Whole or Part. In opposing any evidence of properties other than the Section 16 at issue (T18-R13), TPSB interestingly does not deny detailed knowledge on the part of various TPSB members as early as 1981 on the issue of erosion to Section 16 lands through man-made pipeline canals.

Rather, TPSB focuses on arguing that the evidence is not relevant because of differences between the various Section 16 properties, and therefore each Section 16 must be investigated accordingly. This, of course, completely overlooks the deposition testimony of School Board member Francis Voisin, establishing that he was aware of erosion on this ***particular*** piece of Section 16 property, i.e., T18-R13, as early as the "mid-

8621

80's" when he overflew the property with Mr. Kent Willoughby, a School Board employee, who was responsible for oversight of the Section 16 properties at that time.[1]

Moreover, even if TPSB did not have specific knowledge of erosion to T18-R13, Section 16, then Koch submits that the nature and extent of TPSB's knowledge of erosion of other Section 16 properties is highly relevant. Contrary to plaintiff's assertions, and while these properties are not admittedly directly adjacent to each other, they are all contained within Terrebonne Parish, a relatively small geographical area. TPSB's comparison to a well blowout on one piece of land not meaning that there is a blowout on the other piece of land is absurd. In fact, a cursory review of Dr. Chabreck's opinion in this case, as well as that in other cases is virtually the same. That is, some sort of "hydrological action" through the various oil well canals has caused damage to the School Board's property. The properties are all certainly similar enough that TPSB should have been on notice that there was potential damage to all of its Section 16 properties which had pipeline canals on them when TPSB members were discussing erosion of Section 16 lands in general throughout the 1980's and 1990's.

TPSB also asserts that even though historical photographs may show that a piece of property is eroding as a result of oil or gas activities, theories of damage must be tested or confirmed through fieldwork. However, this is generally contrary to Louisiana law, which holds that prescription begins running when a reasonable person should know of the

---

[1] Again, Mr. Voisin's deposition testimony was not available at the time of this filing. It will be supplemented. Further, for additional arguments on this issue, please refer to Koch's Motion for Summary Judgment, In Whole or Part.

8621                                                    2

potential for damages. See, e.g., Boyd v. B.B.C. Brown Boveri, Inc., 656 So.2d 683 (La. App. 2d Cir., 1995) and Wilson v. Hartzman, 373 So.2d 204 (La. App. 4th Cir., 1979).[2]

In this instance, TPSB had knowledge of potential erosion on all of its Section 16 properties when attorney Michael St. Martin addressed the Section 16 Lands Committee in August, 1996. While Mr. St. Martin presented photographs showing the Section 16 property located in T18-R17, he also indicated that that erosion was indicative of a monstrous problem on all the other Section 16 properties. Notwithstanding this, the School Board did absolutely nothing for over three years, until they filed suit in this case. TPSB has not presented one shred of evidence to support the fact that they did any investigation necessary to determine the extent of erosion on this particular piece of property as alleged on Page 4 of their Memorandum In Support of their Motion In Limine. In fact, Dr. Chabreck's testimony and recently submitted affidavit establish that he did not go to the property until mid-2000, *after* suit had been filed in October, 1999.[3]

Finally, TPSB submits that the materials on Section 16 properties other than T18-R13 are inadmissible because there is no prescription issue. Ironically, while TPSB cites the case of Badalamenti v. Chevron Chemical Co., 1995 WL 386868 (E.D. La. 1995) in support of its position regarding prescription, it should be noted that the court ruled against

---

[2] In addition, for a more detailed issue on the prescription argument, please refer to Koch's Motion for Summary Judgment, In Whole or Part.

[3] Dr. Chabreck's recent affidavit dated December 28, 2000, is attached as Exhibit "K" to TPSB's Motion In Limine. By referring to same, Koch nonetheless strenuously objects to the admission of such affidavit as being beyond any and all expert deadlines applicable in this case.

8621                                              3

the plaintiff and held that there was prescription. This is the reasons why Judge Ginger Berrigan ruled against the plaintiffs on an exact same issue, i.e., failure to "maintain canals," in the matter of St. Martin v. Quintana, 1999 WL 232635 (E.D. La. 1999).[4]

TPSB's reliance upon the decision of St. Martin v. Mobil, 1998 WL 474211, affirmed, 224 F.3d 402, is also misplaced. First, Koch has addressed this particular case in its previously filed Motions In Limine and Motion for Summary Judgment, In Whole or Part, and again adopts all arguments therein as to why St. Martin is not applicable to this situation. Namely, St. Martin dealt with a completely different type of contract, with completely different language. In St. Martin, the court specifically found language which required the oil company to "maintain the canal" and pay damages associated therewith.

Finally, TPSB argues that Mr. Malcolm Poiencot's field notes of his actual inspection of T18-R13 in March, 1998, should not be admitted because he refers to obvious nutria eat out. First, Koch does not admit that Mr. Poiencot cannot qualify, at least in the limited area of nutria eat out of Louisiana marshes. As his deposition testimony makes clear, he has lived in Terrebonne Parish for his entire life, and performed duties as a landman for LL&E. In such capacity, he was responsible for monitoring their lands, including any erosion thereof.[5]

Mr. Poiencot personally observed the nutria problems on T18-R13, and his

---

[4]   A copy of that Order and Reasons is attached as Exhibit 10 to Koch's previously filed Motion for Summary Judgment, In Whole or Part, and Koch adopts same herein by reference.

[5]   At the time of this filing, the deposition of Mr. Poiencot was not available. The pertinent portions of same will be provided when available.

8621                                                    4

testimony that they are responsible for erosion, based upon his own personal experience and observations, is admissible.

Moreover, even if his "opinion" testimony regarding nutria eat out is somehow not admissible, again denied, then certainly his observations about the nutria problems on T18-R13 in March, 1998, are admissible. Clearly, Mr. Poiencot has sufficient experience, whether as a landman, or even as a lay person, to identify nutria and marshland which has been infested with nutria.

Lastly, due to time constraints, Koch has not addressed in detail all of the documents which are identified in plaintiff's Motion In Limine regarding other Section 16 properties. However, the same argument is applicable to each particular document which TPSB seeks to exclude. That is, to the extent that any documents discuss erosion of Section 16 properties in general, and for whatever reason, they are admissible. Again, the triggering mechanism for a prescription defense is the "reasonable person" standard, per *Boyd, supra,* and *Wilson, supra.* All of these documents are pertinent to whether or not a "reasonable person" should have done more to investigate erosion of Section 16 properties, including the one at issue here, T18-R13.

## CONCLUSION

In conclusion, Koch requests that this Honorable Court deny TPSB's Motion In Limine regarding exclusion of evidence of erosion of Section 16 properties other than T18-R13.

Respectfully submitted,

_____
ROBERT J. YOUNG, JR (#13763)
ROBERT J. YOUNG, III (#19230)
YOUNG, RICHAUD & MYERS
1100 Poydras Street, Suite 1515
New Orleans, LA   70163
(504) 585-7750


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been forwarded to all counsel of record via hand-delivery, facsimile and/or by placing a copy of same in the U.S. Mail, postage pre-paid, on this 2nd day of January, 2001.

_____
ROBERT J. YOUNG, III