FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN -9 PM 3: 16

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERREBONNE PARISH SCHOOL BOARD** | * * * | CASE #00-0319 |
| | * | SECTION "B" |
| **VERSUS** | * * | MAGISTRATE 5 |
| **COLUMBIA GULF TRANSMISSION COMPANY and KOCH GATEWAY PIPELINE COMPANY** | * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT KOCH GATEWAY PIPELINE COMPANY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF RENTS AND ROYALTIES

**MAY IT PLEASE THE COURT:**

The facts of this case have been set out in great detail in previous pleadings, and therefore will not be duplicated herein. Koch opposes TPSB's Motion In Limine regarding Section 16 lands income, whether from the property involved herein, T18-R13, or from other Section 16 properties, because almost without exception, every School Board member, current or former, who has been deposed in this matter, has been asked why the School Board did not take any action to implement a land management program for its Section 16 properties when it knew as long as the early 1980's that Section 16 lands were suffering erosion, allegedly due to pipeline canals, as well as other causes. Without fail, almost all of those same School Board members have responded that the School Board simply "did not have funds." They have cited to a variety of ongoing concerns, such as a

8621

Fee
Process
X Dktd
CtRmDep
Doc.No.

teacher's strike in 1989, and otherwise have generally said that the School Board simply did not have sufficient funds.

Because of this posture by TPSB representatives, Koch submits that the evidence of income from other Section 16 properties, as well as T18-R13 involved herein, is relevant. The School Board's income from its Section 16 properties have steadily declined since the early 1980's, when the School Board earned over $2 million a year in mineral production revenues alone.[1]

TPSB attempts to compare its position with that of defendants, Koch and Columbia, who objected to a subpoena and Notice of Written Deposition, requesting information from defendants regarding gross and/or net profits earned by defendants as a result of use of the pipeline located on the Section 16 property at issue. Koch and Columbia objected to that information because it is irrelevant as to whether or not either of those parties has any duty to "maintain" the pipeline flotation ditches or adjacent spoil banks, as has been alleged by TPSB. Further, defendants agreed that they would not assert inability to pay for any purported maintenance obligations as a defense to why they have not maintained the canals or spoil banks as alleged by TPSB.[2]

In stark contrast, and as noted above, every School Board member who has been

---

[1] Attached hereto as Exhibit 1 is a copy of a report obtained from the School Board files and authenticated and confirmed by Mr. Veazey, an outside School Board consultant, as to the revenues earned by the School Board during the period 1983/94 through 1996/97.

[2] Attached hereto as Exhibit 2 is a copy of this Court's Minute Entry reflecting the Court's ruling on the defendants' Motions for Protective Order.

8621                                              2

deposed in this case has defended previous failures to investigate Section 16 lands erosion and/or implement a land maintenance program by citing a lack of funding.[3] Accordingly, it is anticipated that TPSB will argue that, even if the Board had notice of the erosion to Section 16 properties, including the specific Section 16 property at issue herein, then some twisted doctrine of *contra non valentum* should apply because the School Board did not have funds to investigate the erosion or take other steps necessary to prosecute their claims when they became aware of these problems.[4] Accordingly, TPSB's own representatives have placed the financial condition of the School Board at issue and this court is entitled to know what amounts of money were in fact being generated, and whether the School Board could have implemented some sort of land management program and/or perform some sort of erosion study as to the alleged causes of Section 16 erosion when it knew of same as far back as the early 1980's. This is particularly so when it is considered that the land management proposals which were presented to the School Board over the years have been relatively inexpensive, and in the case of the Federal

---

[3]     At the time of filing this memorandum, not all depositions of the School Board members were available. It is not anticipated that TPSB will contest this position as set forth by those School Board members who have been deposed. If so, however, Koch will supplement this opposition memorandum by quoting various portions of the School Board depositions.

[4]     It should be noted that Koch does not mean to imply or agree with any proposition that lack of funds or monetary considerations are a valid defense to an argument of prescription. In fact ,this is not the case; there is no case law which would suggest that lack of funding serves as a defense to otherwise valid prescription argumenst under Louisiana law. However, out of an abundance of caution, Koch will offer into evidence the financial records to refute the excuses which have been claimed by TPSB members when questioned why the Board did not implement a land management program and/or perform any type of investigation of Section 16 erosion.

8621                                         3

Government, free of charge.

## CONCLUSION

In conclusion, Koch submits that evidence of other Section 16 land income is relevant to the issues herein. As the School Board has argued lack of funding as a defense to investigating or preventing erosion of 16 lands, even if a defense not allowed by law, Koch should be allowed to present evidence contrary to same.

Respectfully submitted,

_____
ROBERT J. YOUNG, JR (#13763)
ROBERT J. YOUNG, III (#19230)
YOUNG, RICHAUD & MYERS
1100 Poydras Street, Suite 1515
New Orleans, LA  70163
(504) 585-7750

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded to all counsel of record via hand-delivery, facsimile and/or by placing a copy of same in the U.S. Mail, postage pre-paid, on this 8th day of January, 2001.

_____
ROBERT J. YOUNG, III

C:\A:\BUDGT116\S16LAND.XLS 9/5/96 11:13 AM

### GENERAL OPERATING FUND - SCHOOL LAND INCOME

| SECTION 16 LANDS | 1983/84 83/84 Actual | 1984/85 84/85 Actual | 1985/86 85/86 Actual | 1986/87 86/87 Actual | 1987/88 87/88 Actual | 1988/89 88/89 Actual | 1989/90 89/90 Actual | 1990/91 90/91 Actual | 1991/92 91/92 Actual | 1992/93 92/93 Actual | 1993/94 93/94 Actual | 1994/95 94/95 Actual | 1995/96 95/96 Actual | 1996/97 96/97 Estimated |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bonus Payments | 106,080 | 545,833 | 125,130 | 0 | 264,838 | 99,986 | 301 | 0 | 68,661 | 119,125 | 317,325 | 70,840 | 117,595 | 137,178 |
| Delay Rentals | 122,061 | 70,360 | 102,858 | 32,466 | 32,466 | 100,457 | 111,985 | 47,409 | 0 | 53,050 | 53,050 | 67,431 | 113,753 | 67,595 |
| Right of Way | 0 | 0 | 0 | 0 | 3,904 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Deferred Development | 0 | 0 | 1,200 | 200 | 0 | 0 | 0 | 0 | 0 | 10,947 | 0 | 0 | 0 | 0 |
| Seismic Permits | 37,700 | 17,200 | 46,600 | 2,800 | 49,020 | 41,620 | 17,700 | 13,800 | 13,700 | 45,200 | 29,930 | 80,196 | 82,011 | 39,000 |
| Inspection Fees | 0 | 2,700 | 3,000 | 300 | 3,600 | 2,400 | 1,200 | 900 | 1,200 | 900 | 1,800 | 3,000 | 3,000 | 1,500 |
| Nomination Fees | 300 | 900 | 807 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Hunting/Trapping | 52,718 | 72,288 | 44,684 | 55,637 | 55,820 | 42,953 | 41,201 | 28,009 | 45,416 | 28,292 | 47,550 | 32,750 | 29,818 | 35,000 |
| MINERAL ROYALTIES: Production Royalties: | | | | | | | | | | | | | | |
| Regular | 2,524,245 | 1,363,951 | 990,304 | 702,760 | 741,265 | 866,803 | 1,011,969 | 901,003 | 891,920 | 638,036 | 874,316 | 873,933 | 540,529 | 391,582 |
| Audit Collections | 309,897 | 134,193 | 0 | 66,520 | 29,700 | 158,991 | 28,543 | 1,071 | 294,428 | 242,514 | 24,099 | 30,400 | 44,015 | 0 |
| Other Rentals | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1,200 | 4,260 | 6,317 | 15,855 | 33,594 | 25,660 | 27,950 |
| Assignment Fees | | | | | | | | | | 300 | 1,200 | 3,000 | 900 | 2,100 |
| SCHOOL SITES | | | | | | | | | | | | | | |
| Bonus Payments | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 4,906 | 0 | 0 | 0 |
| Delay Rentals | 0 | 0 | 0 | 0 | 0 | 500 | 500 | 0 | 0 | 0 | 0 | 1,402 | 1,403 | 0 |
| MINERAL ROYALTIES: Production Royalties: | | | | | | | | | | | | | | |
| Regular | 113,415 | 73,152 | 37,774 | 22,130 | 21,822 | 11,523 | 16,116 | 12,262 | 9,378 | 10,187 | 6,324 | 7,718 | 6,146 | 9,194 |
| Seismic Permits | 0 | 1,600 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Inspection Fees/Other | 0 | 300 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 20 | 0 |
| Right of Way | | | | | | | | | | | | | 2,500 | 0 |
| Total Land Income | 3,266,416 | 2,282,477 | 1,352,337 | 882,813 | 1,202,435 | 1,325,233 | 1,229,515 | 1,005,654 | 1,328,963 | 1,152,868 | 1,376,355 | 1,204,264 | 967,350 | 711,099 |


EXHIBIT


EXHIBIT 1



```
MINUTE ENTRY
CHASEZ, M.J.
DECEMBER 20, 2000
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERREBONNE PARISH SCHOOL BOARD         CIVIL ACTION

VERSUS                                 NUMBER: 00-0319

COLUMBIA GULF TRANSMISSION             SECTION: "B"(5)
COMPANY, ET AL.


HEARING ON MOTION

APPEARANCES: Christina Belew, Wade Visconte, Robert Young, III

MOTION:

(1) Plaintiff's Motion to Compel Answers to Second Set of Interrogatories and Second Set of Request for Production of Documents;
(2) Koch's Motion for Protective Order;
(3) Columbia Gulf's Motion for Protective Order

____: Continued to

__1__: No Opposition

_2,3_: Opposition

DATE OF ENTRY
DEC 2 7 2000

EXHIBIT 2

\_\_\_\_\_ :   Local Rules 37.1E, 33.2, 36.1, 7.1E

<u>ORDERED</u>

\_\_\_\_\_ :   Dismissed as moot.

\_\_\_\_\_ :   Dismissed for failure of counsel to appear.

\_\_\_\_\_ :   Granted.

\_\_\_\_\_ :   Denied.

<u>1,2,3</u> :   Other.

1:

Requests for Production of Documents, Second Set:

No. 16: defendants are to provide plaintiff with affidavits from the individuals who searched for the documents responsive to this request indicating the locations where the search was conducted, the parameters of the search that was undertaken, that no further responsive documents could be found, and, to the best of their knowledge, that no other responsive documents exist. This is to be done within the (10) days.

2, 3: given the fact that defendants do not intend to put forth any defense based on a lack of funding or simply being a "good corporate citizen", the financial information sought by plaintiffs has no relevance. Accordingly, the depositions upon written questions are hereby quashed. If plaintiff is able to establish the contrary by re-convening the corporate depositions of defendants, it may move the Court to reconsider its ruling.

*/s/ ALC*

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE