FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN -9 PM 2:19

LORETTA G. WHYTE
CLERK

PLEASE FILE
IN RECORD

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERREBONNE PARISH SCHOOL BOARD | * | CASE NUMBER: 00-0319 |
| | * | |
| VERSUS | * | SECTION: "B" |
| | * | |
| COLUMBIA GULF TRANSMISSION COMPANY AND KOCH GATEWAY PIPELINE COMPANY | * * * | MAGISTRATE: 5 |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEALINGS BETWEEN THE PARTIES PRIOR TO THE EXECUTION OF THE RIGHT-OF-WAY AGREEMENT AND DAMAGE RELEASE**

Columbia Gulf Transmission Company ("Columbia Gulf") files this motion in limine and respectfully moves pursuant to Rule 401, et. seq. of the Federal Rules of Evidence for an order barring use by TPSB of documentary evidence consisting of correspondence between the parties, and memoranda related thereto, predating the right-of-way and damage release, or testimony about such documents, on the grounds that this evidence is inadmissible as extrinsic evidence in violation

Fee
Process
X Dktd
✓ CtRmDep
Doc.No. 101

of the Parol Evidence Rule, or is evidence lacking in relevance to any issue in the suit, for the reasons more fully set forth in the memorandum in support filed herewith.

Respectfully submitted,

Thomas R. Blum, T.A. (#3170)
James A. Burton (#3708)
Herman C. Hoffmann, Jr. (#6899)
Christina H. Belew (#1244)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
1100 Poydras Street
30th Floor - Energy Centre
New Orleans, Louisiana 70163-3000
Telephone: (504) 569-2030

Attorneys for Columbia Gulf Transmission Company

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing has been served upon all counsel of record by telecopier or by depositing same in the U.S. mail, postage prepaid and properly addressed this 8 day of January, 2001.



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERREBONNE PARISH SCHOOL BOARD | * | CASE NUMBER: 00-0319 |
| | * | |
| VERSUS | * | SECTION: "B" |
| | * | |
| COLUMBIA GULF TRANSMISSION COMPANY AND KOCH GATEWAY PIPELINE COMPANY | * * * | MAGISTRATE: 5 |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEALINGS BETWEEN THE PARTIES PRIOR TO THE EXECUTION OF THE RIGHT-OF-WAY AGREEMENT AND DAMAGE RELEASE**

Columbia Gulf Transmission Company ("Columbia Gulf") has moved herein for an order excluding letters or other documents, or testimony relative thereto, allegedly reflecting the intent of the Terrebonne Parish School Board ("TPSB") or Columbia Gulf in executing the Release Agreement

TPSB, in its opposition to Columbia Gulf's Motion for summary Judgment and in its trial exhibit list has submitted letters between purported agents of TPSB and Columbia Gulf, dating back to 1964 and 1965, immediately prior to execution of the Right-of-Way Agreement in question. TPSB contends that these letters provide extrinsic evidence that the release did not

purport to cover future damages. However, the Parol Evidence rule requires that any written documents, including the letters submitted by TPSB, or oral testimony regarding the parties intent relative to the Release Agreement, be stricken from the record.

The meaning and intent of the parties to a written instrument, including a compromise, is ordinarily determined from the four corners of the instrument, and extrinsic or parol evidence is inadmissible either to explain or to contradict the terms of the instrument. *Maltby v. Gauthier*, 526 So.2d 455, 457 (La. App. 5th Cir. 1988), *writ denied*, 531 So.2d 474 (La. 1988). The general rule applicable to contracts is that extrinsic evidence is admissible only when the terms of a written contract are susceptible to more than one interpretation, or there is an uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed. *Dixie Campers, Inc. v. Veseley Co.*, 398 So.2d 1089 (La. 1981) and *Leenerts Farms, Inc. v. Rogers*, 421 So.2d 216, 218 (La. 1982). Louisiana Civil Code Article 2046 provides that when the words of a contract are clear and explicit and do not lead to absurd consequences, no further interpretation may be made in search for the parties' intent.

TPSB has submitted documents for the purpose of construing an unambiguous instrument in a different manner in an effort to escape the plain language of the Release Agreement. A court should only go beyond the written agreement to gather the true intention of the parties when the agreement is unclear, ambiguous or leads to absurd consequences. *Marshall Life Insurance Company v. Robinson*, 662 So.2d 486 (La. App. 5th Cir. 1995).

Before extrinsic evidence can be addressed, it must be shown that the document is ambiguous, thus requiring further interpretation of the parties' intent. Columbia Gulf submits that the Right-of-Way and Servitude Agreement, together with the Release executed by TPSB, are unambiguous and preclude the use of the parol evidence to interpret the parties' intent.

If, in the alternative, TPSB seeks to use this correspondence and associated memos as evidence of Columbia Gulf's alleged "environmental indifference", as it has argued in the Pretrial Order, then these documents should be excluded pursuant to FRE 402, as they lack relevance to any issue in the case and are therefore inadmissible.

**CONCLUSION**

For the foregoing reasons, Columbia Gulf requests that this Honorable Court strike any evidence of the dealings between the parties prior to execution of the Right-of-Way Agreement and Damage Release, whether oral or written, inclusive of the letters submitted in conjunction with TPSB's opposition to summary judgment.

Respectfully submitted,

[signature]

Thomas R. Blum, T.A. (#3170)
James A. Burton (#3708)
Herman C. Hoffmann, Jr. (#6899)
Christina H. Belew (#1244)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
1100 Poydras Street
30th Floor - Energy Centre
New Orleans, Louisiana 70163-3000
Telephone: (504) 569-2030

Attorneys for Columbia Gulf Transmission Company

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing has been served upon all counsel of record by telecopier or by depositing same in the U.S. mail, postage prepaid and properly addressed this 8 day of January, 2001.

[signature]