FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 10 PM 12: 51

LORETTA G. WHYTE
CLERK

PLEASE FILE
IN RECORD

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERREBONNE PARISH SCHOOL BOARD | * | CASE NUMBER: 00-0319 |
| VERSUS | * | SECTION: "B" |
| COLUMBIA GULF TRANSMISSION COMPANY AND KOCH GATEWAY PIPELINE COMPANY | * | MAGISTRATE: 5 |

* * * * * * * * * * * * * * * * * * * * * * **

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TRIAL AND DEPOSITION TESTIMONY OF MALCOLM POIENCOT

MAY IT PLEASE THE COURT:

Terrebonne Parish School Board ("TPSB"), has filed a second motion seeking to exclude the testimony and/or deposition of Mr. Malcolm Poiencot and a report written by Mr. Poiencot. In its memorandum in opposition to the previous motion, Columbia Gulf Transmission Company ("Columbia Gulf"), suggested that it was totally inappropriate to determine the admissibility of Mr. Poiencot's deposition and the admissibility of a report generated by him without considering the deposition and the report in the context of other evidence presented during trial. Mr. Poiencot



has testified in his deposition and has stated in his report, i.e. the March 4, 1998 field notes, that he had found that the marshland that is the subject of this suit had been eaten by nutria. The TPSB questions whether Mr. Poiencot has the expertise to arrive at such a conclusion. Columbia Gulf respectfully suggests that this Court is fully capable of giving such evidence its proper value when considered in the context of other related evidence on the matter. Since this is a bench trial, it serves no useful purpose to seek an admissibility determination in the vacuum of a motion in limine, when this Court can make that determination during trial with the full benefit of having heard the testimony of Mr. Poiencot and others as to what he knows about the subject.

It is important to note that when asked whether the School Board retained anyone to perform periodic inspections of its Section 16 lands, a number of the School Board members in their depositions pointed to Mr. Poiencot. In the words of School Board member Francis A. Voisin:

> "And we also, actually hired a guy, Mr. Mack Poiencot to oversee some of our lands because he worked with LL&E and he did similar work with LL&E to make sure the lands and that's not only for rental but for seismic work and for other activities, trappers.

(Voisin deposition, page 22, lines 21 - 25, and page 23, lines 1 - 3) (emphasis added).

School Board member Donald J. Duplantis testified:

Q: "As a member of the School Board, has the School Board requested someone to go out and inspect the lands and give a report of the conditions?"

A: "To my knowledge, I believe the answer is yes."

-2-

> Q: "Could you tell me who that was?"
>
> A: "I think Mr. Mack Poiencot, I believe. Basically on seismic work."

(Duplantis deposition, page 7, lines 14 - 23)

Board member Clark J. Bonvillain testified:

> Q: "Does the Board require periodic inspections of its Section 16 lands as a policy matter?"
>
> A: "Mr. Walter, I think on the -
>
> Q: "My name is Herman Hoffmann.
>
> A: "I'm sorry"
>
> Q: "That's OK."
>
> A: "Mr. Hoffman, I think that we have on the right-of-ways tied someone into an inspection post, I think either a pre and a post inspection of the land in question or for the right-of-way, nominated for the right-of-way and then that person makes a report to the Board."
>
> Q: "Do you know who that person would be?"
>
> A: "That would be a Mr. Poiencot. Mr. Malcolm Poiencot

(Bonvillain deposition, page 20, lines 23 - 25, and page 21, lines 1 - 15)

Finally, Board member Alfred E. Cooley testified:

> Q: "Did anyone suggest that some investigation should take place as to exactly what erosion the Section 16 lands might be experiencing and why?"

> A: "Of course, the agreement we had with the Soil Conservation Service, that was primarily what they would do, but also suggested to them that we <u>hire somebody to go look at the land and tell us what was on it and what's going on.</u> And I had suggested the name of <u>Malcolm Poiencot</u>, which had previously worked for Louisiana Land, and I knew he had retired, but his job was as a surveyor, he surveyed well sites and stuff like that on these different property. And the School Board did hire him."

(Cooley deposition, page 14, lines 10 - 25 and page 15, line 1) (emphasis added).

Further, Mr. Cooley testified:

> "But one of the things that I knew, and <u>Malcolm is a native of this area and he knows marshlands</u>, ...

(Cooley deposition, page 15, lines 22 - 25) (emphasis added).

The School Board hired Mr. Poiencot for his expertise with marshlands. There is no evidence that they ever questioned that expertise, nor did they ever question the findings made in his March 4, 1998 report. The School Board now seeks to question that expertise because Mr. Poiencot's testimony is contrary to the position the School Board wants to take in this case.

Even if Mr. Poiencot is not qualified as an expert, Rule 701 of the Federal Rules of Evidence allows lay-witnesses to testify on expert matters. As recently amended, Rule 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c)

-4-

not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Clearly, Mr. Poiencot's observation that the marsh in question had been eaten by nutria is (a) rationally based on his perception, (b) helpful to a clear understanding of his testimony or the determination of a fact in issue and (c) not based on scientific or specialized knowledge.

See for example, *Soden v. Freightliner Corp.*, 714 F.2d 498 (5th Cir. 1983) where a lay-witness who had had eighteen years of experience in repair and maintenance of trucks, had observed damage to the truck in question and who had made modifications to other trucks to prevent the same type of accident that was at issue in a products liability action was allowed to testify as to his opinion.

Certainly, Mr. Poiencot who has lived in the Terrebonne Parish area all of his life and has worked for many years in the marshlands of Terrebonne Parish, and whose opinion was obviously valued by the School Board, meets the criteria of Rule 701.

Respectfully submitted,

*/s/ Christina Belew*

Thomas R. Blum, T.A. (#3170)
James A. Burton (#3708)
Herman C. Hoffmann, Jr. (#6899)
Christina H. Belew (#1244)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
1100 Poydras Street
30th Floor - Energy Centre
New Orleans, Louisiana 70163-3000
Telephone: (504) 569-2030
Attorneys for Columbia Gulf Transmission Company

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing has been served upon all counsel of record by telecopier or by depositing same in the U.S. mail, postage prepaid and properly addressed this 9th day of January, 2001.

_____
CHRISTINA H. BELEW