FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 11  PM 1:19

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERREBONNE PARISH SCHOOL BOARD | CIVIL ACTION |
| VERSUS | NO. 00-319 |
| COLUMBIA GULF TRANSMISSION COMPANY AND KOCH GATEWAY PIPELINE COMPANY | SECTION "B"(5) |

## ORDER AND REASONS

Before the Court is the Defendants' Columbia Gulf Transmission Company and Koch Gateway Pipeline Company's Motion for Summary Judgment (Rec. Doc. No. 65, 74) and Columbia's Motion for Judgment on the Pleadings and Alternatively Partial Motion for Summary Judgment (Rec. Doc. No. 75). In addition, Plaintiff Terrebonne Parish School Board's ("School Board") Motion in Limine to Exclude Evidence of Rents and Royalties (Rec. Doc. No. 71), Motion in Limine to Exclude Testimony of Columbia Gulf's Experts Wade R. Ragas and Joseph N. Suhadaya (Rec. Doc. No. 69), Motion in Limine to Exclude Testimony of Koch Gateway Pipeline Company's Experts

DATE OF ENTRY
JAN 1 1 2001

Fee_____
Process___
X Dktd____
CtRmDep___
Doc.No.___ 110

(Rec. Doc. No. 92), Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16, Township 18 South, Range 13 East (Rec. Doc. No. 67), Columbia's Motion in Limine to Exclude Valuation Testimony of Plaintiff's Expert Dr. Shea Penland (Rec. Doc. No. 76) and Koch's Motion in Limine to Strike or Limit the Testimony of Plaintiff's Purported Experts Robert Chabreck, Alex Mc Corquodale, Charles Camp and Shea Penland (Rec. Doc. No. 88). In addition, the School Board has also filed a Motion in Limine to Exclude the Testimony of Malcolm Poiencot and Columbia has filed a Motion in Limine to Exclude Evidence of Dealings Between the Parties Prior to the Execution of the Right of Way Agreement.

The dispositive issues before the Court concern the defendants' duty under contract and/or tort law to maintain the canal at issue and if so, whether the plaintiff's claims have prescribed. The Court finds that genuine issues of material fact preclude dismissal of the case on the basis of the defendants' duty. The Court also finds, however, that defendants' contractual and delictual obligations, if any, to maintain the canal have prescribed.

Under Louisiana law, delictual actions are subject to the liberative prescription of one year, which commences from the day

2

the injury occurred. Louisiana Civil Code Article 3492. In addition, actions in contract are barred by a liberative prescription of ten years. Louisiana Civil Code article 3499. Under Louisiana law, this prescriptive period commences from the date fo the breach of the obligation. *Loewer v. Texas Gas Transmission Co.*, 615 F.Supp 1 (D.C. La. 1984).

The plaintiffs allege that the defendants breached their duty to maintain the canal and that failure caused erosion of the plaintiff's property. The plaintiff alleges causes of action in both tort and contract law.

The evidence shows that the plaintiff was aware of the erosion of Section 16 in or before 1985. In 1981, school-board member Francis Voisin is quoted in the *Houma Daily Courier* concerning the dredging of canals saying, "it would make an already bad erosion problem worse." <u>Defendant's Motion for Summary Judgment, Exhibit 5, Houma Daily Courier, May 8, 1981.</u> In addition, various school board minutes dated in the 1980's evidence the school board's knowledge of Section 16 land erosion. The plaintiff argues that they cannot be held to have constructive or actual knowledge of any erosion problems caused by the act/omissions of the defendants on §16/T18/R13 because of the difficulties in making a causative link

3

without conducting extensive expert evaluation into the specific causes. As previously stated, the plaintiffs were put on notice of the defendants' alleged breach of contractual or delictual duty (the failure to maintain the canal) since the inception of the contract due to the fact that the parties agree that the defendants never maintained the canal. In addition, the plaintiff's knowledge of the erosion or the damage caused by this alleged breach of duty dates back to the 1980's. The plaintiff's failure to hire an expert or investigate the erosion at the time it became aware of the damage does not prevent prescription from commencing.

The plaintiff's argument that the defendants have a continuing obligation to maintain the canals also fails. If tortious conduct and the resulting damages are of a continuing nature, "prescription does not begin until the conduct causing the damage is abated." *South Central Bell Telephone Co., v. Texaco, Inc.*, 418 SO.2d 531, 533 (La. 1982). According to the School Board, the "damage alleged is . . . due to defendants' continuing conduct in their failure to maintain the canal banks'." <u>Plaintiff's Memorandum in Opposition to Koch's Motion for Summary Judgment</u>.

Louisiana decisions draw a distinction between damages caused by continuous, and those caused by discontinuous, operating causes. When the operating cause of the injury is continuous, giving rise

to successive damages, prescription begins to run from the day the damage was completed and the owner acquired, or should have acquired, knowledge of the damage. *See South Central Bell Telephone Co. v. Texaco*, 418 So.2d 531 (La.1982); *Mouton v. State of Louisiana*, 525 So.2d 1136, 1141(La. App. 1st Cir. 1988).

When the operating cause of the injury is discontinuous, there is a multiplicity of causes of action and of corresponding prescriptive periods. Prescription is completed as to each injury, and the corresponding action is barred, upon the passage of one year from the day the owner acquired, or should have acquired, knowledge of the damage. See A.N. Yiannopoulos, Predial Servitudes, § 63 (1982). Failure to maintain a canal and its levees is not "conduct" of the type necessary to support a claim under the continuing tort theory. *St. Martin v. Quintana Petroleum Corp.*, Order and Reasons, Civ. Action No. 98-2095, April 19, 1999(Berrigan,J.). As stated earlier, the plaintiff acquired or should have acquired knowledge of the damage in or before 1985.

Suit was not filed in the present action until 1999 which is at least 14 years after the erosion became noticeable by the plaintiff.

5

Plaintiff cites the case of *St. Martin v. Mobil*, 1998 WL 474211 at *4, *affirmed by*, 224 F.3d 402 (5th Cir. 2000), for the proposition that the inclusion of the term "maintain" within the right of way agreement created a continuing duty to maintain both the canal and the spoil banks/levees necessary to contain them. In *St. Martin*, the court was faced with interpreting a servitude agreement that provided in pertinent part:

> Grantor does hereby convey to Grantee, its successors and assigns, the right and servitude to dredge, construct and maintain and use a canal . . .
>
> ***
>
> *The rights hereby granted shall exist until the expiration of whichever of the above identified leases lasts expires* . . . (Emphasis added.)

On the basis of this language, the Court found that the agreement unquestionably provides that the Grantee and its successors have a continuing obligation to maintain the canals. *St. Martin* is inapplicable here. The *St. Martin* court specifically stated that the terms of the contract itself provided for a continuing right of enforcement of the continuing duty to maintain or repair the canal. *St. Martin*, 224 F.3d at 409 n.9. The court's holding, therefore, was based on continuing obligations under the contract.

6

The instant case is distinguishable from *St. Martin*. The fact that there were continuing obligations specifically listed in the *St. Martin* contract was a material part of that court's decision. There is no language regarding the continuing obligations of the defendants in either of the contracts at issue in the present case. Therefore, *St. Martin* is inapplicable. Thus, the plaintiff's claims in both contract and tort have prescribed. Accordingly,

**IT IS ORDERED** that the Columbia and Koch's Motions for Summary Judgment are **GRANTED**, but only as to prescription of the claims.

**IT IS FURTHER ORDERED** that the pending Motions in Limine and the Motion for Judgment on the Pleadings are **DENIED** as **MOOT**.

New Orleans, Louisiana, this ___9th___ day of January 2001.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE