PLEASE FILE IN RECORD

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 11  PM 4: 19

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERREBONNE PARISH SCHOOL BOARD | * | CASE NUMBER:  00-0319 |
| | * | |
| VERSUS | * | SECTION: "B" |
| | * | |
| COLUMBIA GULF TRANSMISSION | * | MAGISTRATE:  5 |
| COMPANY AND KOCH GATEWAY | * | |
| PIPELINE COMPANY | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

## LIST OF EXHIBITS WITH OBJECTIONS NOTED

---

**A.**    **The following are the exhibits as to which there are no objections:**

### Plaintiff's Exhibits

NOTE: Those CV's, figures, appendices, photographs and samples of plaintiff's experts which are not objected to by defendants are nonetheless subject to objection to the extent they are covered by defendants' pending Motions in Limine relative to each of plaintiff's experts (Camp, Chabreck, McCorquodale and Penland).

P-1.    Original Responses of Columbia Gulf Transmission Company to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents.  Interrogatories Nos. 10, 12, and 18  and Responses thereto.

P-2 in globo.  Original and Supplemental Responses of Koch Gateway Pipeline Company to Plaintiff's First Set of Interrogatories and Requests for Production of Documents.

Interrogatories Nos. 12 and 14 and Responses thereto. 1st and 2nd supp. Answers to Interrogatory No. 18.

P-3.  Responses of Columbia Gulf Transmission Company to Plaintiff's Second Set of Interrogatories and Second Set of Requests for Production of Documents. Interrogatories Nos. 2 and 4 and Responses thereto.

P-4.  Original Responses of Koch Gateway Pipeline Company to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents. Interrogatories Nos. 2 and 4 and Responses thereto. Request for Production No. 11 and responses thereto.

P-5.  Curriculum Vitae of Robert Chabreck, Ph.D, with bibliography and cases listing expert testimony.

P-6.  Curriculum Vitae of Shea Penland, Ph.D., with bibliography and cases listing expert testimony

P-7.  Curriculum Vitae of Charles Camp, Land Surveyor., with cases listing expert testimony

P-8.  Curriculum Vitae of Alex McCorquodale, Ph.D., P.E., with bibliography

P-18. Right-of-Way from Terrebonne Parish School Board to United Gas Pipeline Company recorded in the Terrebonne Parish Courthouse under COB 253, Folio 646, Entry No. 173617, dated December 18, 1957.

P-19. Right-of-Way from Terrebonne Parish School Board to Columbia Gulf Transmission Company recorded in the Terrebonne Parish Courthouse under COB 403, Folio 313, Entry No. 284018, dated August 4, 1965.

P-27. Figure attached and included in the McCorquodale and Simmons expert report, said Figure is entitled "Assessment of Flow Between the Boundary Canals and the Marshes of Section 16, No.18-13" which is identified as "T18S,R13E, S16 Flow Meter Site Location Map".

P-28. Figure attached and included in the McCorquodale and Simmons expert report, said Figure is entitled "Assessment of Flow Between the Boundary Canals and the Marshes of Section 16, No.18-13" which is identified as "Measured Cross-Section at Cut 18-13 #1 on the Northeast Side of the Property (view looking into the marsh), August 24, 2000 at 10:01 AM".

P-29.   Figure attached and included in the McCorquodale and Simmons expert report, said Figure is entitled "Measured Cross-Section at Transect 18-13#2 at Little Horn Bayou (view looking upstream-northwest), August 24, 2000 at 1:34 PM".

P-30.   Figure attached and included in the McCorquodale and Simmons expert report, said Figure is entitled "Cross-section of Cut 18-13#3 on the Southeast Side of the Property (view looking into the Columbia Gulf Canal, October 31, 2000 at 10:30 AM)".

P-31.   Figure attached and included in the McCorquodale and Simmons expert report, said Figure is entitled "Recorded Velocity and Stage at Cut 18-13#1 (Northeast side of the Property)".

P-32.   Figure attached and included in the McCorquodale and Simmons expert report, said Figure is entitled "Initial Uncorrected Flow and Flow Corrected for Vertical and Lateral Boundary Effects at Cut 18-13#1 (Q in cfs) (Positive Values Refer to Flow into the Marsh)".

P-33.   Figure attached and included in the McCorquodale and Simmons expert report, said Figure is entitled "Hydrograph Corrected for Clogging and Unclogging of Probe at Cut 18-13#1".

P-34.   Figure attached and included in the McCorquodale and Simmons expert report, said Figure is entitled "Recorded Velocity and Stage at Transect 18-13#2 (August 24, 2000)".

P-35.   Figure attached and included in the McCorquodale and Simmons expert report, said Figure is entitled "Initial Uncorrected Flow and Corrected for Vertical and Lateral Boundary Effects at Transect 18-13#2 (Q in cfs) (Positive Values Indicate Downstream Flow)".

P-36    Figure attached and included in the McCorquodale and Simmons expert report, said Figure is entitled "Hydrograph Corrected for Clogging and Unclogging of Probe at Transect 18-13#2".

P-37.   Figure attached and included in the McCorquodale and Simmons expert report, said figure is entitled "Recorded Velocity and Stage at Cut 18-13#3 (Southeast Part of the Property)".

P-38.   Figure attached and included in the McCorquodale and Simmons expert report, said figure is entitled "Initial Uncorrected Flow and Corrected for Vertical and Lateral Boundary Effects at Cut 18-13#3 (Q in cfs) (Positive Values Indicate Flow into the Columbia Gulf Canal)".

P-39 in globo. Appendix attached and included in the McCorquodale and Simmons expert report, said Appendix is entitled "Calibration Certificates for Flow Meters".

P-40.   Appendix attached and included in the McCorquodale and Simmons expert report, said Appendix is entitled "Sample of Field Data for Section 18-13#1".

P-41.   Appendix attached and included in the McCorquodale and Simmons expert report, said Appendix is entitled "Sample of Field Data Reduction for Section 18-13#1".

P-42   Appendix attached and included in the McCorquodale and Simmons expert report, said Appendix is entitled "Settling Velocity Analysis at Section 18-13#1".

P-43 in globo.   Appendix attached and included in the McCorquodale and Simmons expert report, said Appendix is entitled "Suspended Solids Analysis by Youchao Wang and Sample Custody Documents" and/or water/sediment sample(s) collected used in study.

P-44.   Appendix attached and included in the McCorquodale and Simmons expert report, said Appendix is entitled "Sample of Field Data for Section 18-13#2".

P-45.   Appendix attached and included in the McCorquodale and Simmons expert report, said Appendix is entitled "Sample of Field Data Reduction for Section 18-13#2".

P-46.   Appendix attached and included in the McCorquodale and Simmons expert report, said Appendix is entitled "Sample of Field Data for Section 18-13#3".

P-47.   Appendix attached and included in the McCorquodale and Simmons expert report, said Appendix is entitled "Sample of Field Data Reduction for Section 18-13#3".

P-48.   February 23, 1998 photograph altered to show the five (5) stops by Dr. Chabreck in association with his field survey of wetland damage and attached to his report entitled "Field Survey of Wetland Damages Associated with Pipelines in Section 16, Township 18 South, Rage 13 East, Terrebonne Parish, Louisiana."

P-49.   Table prepared by Robert H. Chabreck, Ph.D., entitled "Thickness of Marsh Root Mat in Section 16, Township 18 South, Range 13 East, Terrebonne Parish, Louisiana."

P-50.   Photograph dated February 23, 1998 altered to show the eight (8) "Soil Sample Stations" attached with the report prepared by Robert H. Chabreck, Ph.D., entitled "Thickness of Marsh Root Mat in Section 16, Township 18 South, Range 13 East, Terrebonne Parish, Louisiana."

4

P-51.   Eight (8) color photographs of root mat samples attached with the report prepared by Robert H. Chabreck, Ph.D., entitled "Thickness of Marsh Root Mat in Section 16, Township 18 South, Range 13 East, Terrebonne Parish, Louisiana."

P-52.   Actual samples of root mat collected by Dr. Chabreck in preparing his report entitled "Thickness of Marsh Root Mat in Section 16, Township 18 South, Range 13 East, Terrebonne Parish, Louisiana."

P-56.   Table attached to "Assessment of Potential Hurricane Damage to Terrebonne Parish School Board Section 16, Township 18 South, Range 13 East Property" prepared by Shea Penland, Ph.D., which is entitled "The Saffir-Simpson Scale of Hurricane Intensity."

P-57.   Figure attached to "Assessment of Potential Hurricane Damage to Terrebonne Parish School Board Section 16, Township 18 South, Range 13 East Property" prepared by Shea Penland, Ph.D., which is entitled "General Effect of Track and Circulation on Wind Intensity."

P-58.   Table attached to "Assessment of Potential Hurricane Damage to Terrebonne Parish School Board Section 16, Township 18 South, Range 13 East Property" prepared by Shea Penland, Ph.D., which is entitled "Hurricanes Passing within 60 Miles of Project Site [1900-1999]."

P-59.   Figure attached to "Assessment of Potential Hurricane Damage to Terrebonne Parish School Board Section 16, Township 18 South, Range 13 East Property" prepared by Shea Penland, Ph.D., which is entitled "Hurricanes Passing within 60 Miles of the Project Site [1920-1939]."

P-60.   Figure attached to "Assessment of Potential Hurricane Damage to Terrebonne Parish School Board Section 16, Township 18 South, Range 13 East Property" prepared by Shea Penland, Ph.D., which is entitled "Hurricanes Passing within 60 Miles of the Project Site [1940-1959]."

P-61.   Figure attached to "Assessment of Potential Hurricane Damage to Terrebonne Parish School Board Section 16, Township 18 South, Range 13 East Property" prepared by Shea Penland, Ph.D., which is entitled "Hurricanes Passing within 60 Miles of the Project Site [1960-1979]."

5

P-62. Figure attached to "Assessment of Potential Hurricane Damage to Terrebonne Parish School Board Section 16, Township 18 South, Range 13 East Property" prepared by Shea Penland, Ph.D., which is entitled "Hurricanes Passing within 60 Miles of the Project Site [1980-1999]."

P-63 Figure attached to "Assessment of Potential Hurricane Damage to Terrebonne Parish School Board Section 16, Township 18 South, Range 13 East Property" prepared by Shea Penland, Ph.D., which is entitled "Extent of Hurricane Force Winds During Hurricane Andrew."

P-64 (a-w) Figures 1 - 23 attached with Shea Penland, Ph.D report entitled "Assessment of Direct and Indirect Impacts of Pipelines in Section Township 18 South, Range 13 East, Section 16 in Terrebonne Parish, Louisiana, *Revised*".

P-65 (a-i). Nine (9) photo interpretative maps from photographs dated 1931, 1951, 1957, 1965, 1980, 1983, 1990, 1995, and 1998 attached to the Penland report entitled "Assessment of Direct and Indirect Impacts of Pipelines in Township 18 South, Range 13 East, Section 16 in Terrebonne Parish, Louisiana, *Revised*".

P-66. Interpreted map comparison between 1931 and 1951 attached to Penland report entitled "Assessment of Direct and Indirect Impacts of Pipelines in Township 18 South, Range 13 East, Section 16 in Terrebonne Parish, Louisiana, *Revised*".

P-67. Interpreted map comparison between 1951 and 1957 attached to Penland report entitled "Assessment of Direct and Indirect Impacts of Pipelines in Township 18 South, Range 13 East, Section 16 in Terrebonne Parish, Louisiana, *Revised*".

P-68. Interpreted map comparison between 1957 and 1965 attached to Penland report entitled "Assessment of Direct and Indirect Impacts of Pipelines in Township 18 South, Range 13 East, Section 16 in Terrebonne Parish, Louisiana, *Revised*".

P-69. Interpreted map comparison between 1965 and 1980 attached to Penland report entitled "Assessment of Direct and Indirect Impacts of Pipelines in Township 18 South, Range 13 East, Section 16 in Terrebonne Parish, Louisiana, *Revised*".

P-70. Interpreted map comparison between 1980 and 1983 attached to Penland report entitled "Assessment of Direct and Indirect Impacts of Pipelines in Township 18 South, Range 13 East, Section 16 in Terrebonne Parish, Louisiana, *Revised*".

P-71.  Interpreted map comparison between 1983 and 1990 attached to Penland report entitled "Assessment of Direct and Indirect Impacts of Pipelines in Township 18 South, Range 13 East, Section 16 in Terrebonne Parish, Louisiana, *Revised*".

P-72.  Interpreted map comparison between 1990 and 1995 attached to Penland report entitled "Assessment of Direct and Indirect Impacts of Pipelines in Township 18 South, Range 13 East, Section 16 in Terrebonne Parish, Louisiana, *Revised*".

P-73.  Interpreted map comparison between 1995 and 1998 attached to Penland report entitled "Assessment of Direct and Indirect Impacts of Pipelines in Township 18 South, Range 13 East, Section 16 in Terrebonne Parish, Louisiana, *Revised*".

P-75.  Marsh Maps created by Chabreck for last 30 - 40 years indicating marsh types.

P-76.  Report prepared by Louisiana Department of Fish & Wildlife and/or other agencies indicating areas of marsh damaged and/or destroyed by nutria in Terrebonne Parish, Louisiana, produced at deposition of Luther Holloway.

P-77 (a-s)  Photographs 1 - 19 taken during field work conducted by Alex McCorquodale and Robert Simmons, and attached to the expert report of McCorquodale and Simmons.

P-78 (a-f)  Six (6) color photographs attached to the expert report prepared by Robert H. Chabreck, Ph.D. entitled "Field Survey of Wetland Damages Associated with Pipelines in Section 16, Township 18 South, Range 13 East, Terrebonne Parish, Louisiana."

P-79.  Tides chart for August 2000 entitled "Tides-Atchafalaya Bay, Shell Island" attached to the expert report of McCorquodale and Simmons.

P-85.  July 26, 1965, Resolution authorizing right of way by Terrebonne Parish School Board in favor of Columbia Gulf Transmission Company.

P-86.  December 17, 1957, Resolution authorizing right of way by Terrebonne Parish School Board in favor of United Gas Pipe Line Company.

P-94.  Map captioned "Land Loss in Coastal Louisiana".

7

P-95. Louisiana Land Loss Classification Map, Process Classification of Coastal Land Loss between 1932-1990 in the Mississippi River Delta Plain, South East Louisiana, U.S. Geologic Survey.

P-99. Regional land loss map

## Defendants' Exhibits

**NOTE: Those CV's, figures, appendices, photographs and samples of defendants' experts which are not objected to by plaintiff are nonetheless subject to objection to the extent they are covered by plaintiff's pending Motions in Limine relative to each of defendants' experts (Suhayda, Ragas, Holloway, Devries, Eppling, and Boudreaux).**

D-1.   Right-of-way and servitude agreement between Columbia Gulf and Terrebonne Parish School Board dated July 26, 1965.

D-3.   CV of James M. Coleman

D-4.   Map illustrating Louisiana coastal land loss occurring since early 1900's (Coleman report - Exhibit A4)

D-5.   Land Loss in Coastal Louisiana, Morgan City, Louisiana, Technical Report GL-90-2, Map 3 of 7,February 1996, by L.  D.  Britsch and J.B. Dunbar (excerpt - area east of Atchafalaya River)

D-6.   Definition of land loss (Coleman report - Exhibit A5)

D-7.   Regional map showing Section 16 (Coleman report - Exhibit A6)

D-8.   Listing of major factors causing coastal landloss (Coleman report - Exhibit A9)

D-9.   Map of Deltaic Lobes of Mississippi River Deltas showing delta switching and delta cycle (Coleman report - Exhibit A11)

D-11.  Elements of relative sea level change (Coleman report - Exhibit A15)

D-12.  Relative sea level rise in coastal Louisiana by area (Coleman report - Exhibit A18)

D-15.  Map - Terrebonne/Barrataria Basin, Roberts et al 1992 (Coleman report - Exhibit A23)

D-16.  Chart, Relative Sea Level Rise, Penland et al 1988 (Coleman report - Exhibit A26)

D-17.  Map, Subsidence Rates, Penland et al (Coleman report - Exhibit A27)

D-19.  Satellite Photograph of Hurricane Andrew (Coleman report - Exhibit A36)

D-20.  List of Effects of Hurricanes (Coleman report - Exhibit A37)

D-24.  List of hurricanes in region since 1888 (Coleman report - Exhibit A43)

D-25.  Storm Track, Hurricane Hilda (Coleman report - Exhibit A52)

D-26.  Storm Track, Hurricane Betsy (Coleman report - Exhibit A53)

D-27.  Storm Track, Hurricane Carmen (Coleman report - Exhibit A54)

D-28.  Storm Track, Hurricane Babe (Coleman report - Exhibit A55)

D-29.  Storm Track, Hurricane Bob (Coleman report - Exhibit A56)

D-30.  Storm Track, Hurricane Juan (Coleman report - Exhibit A57)

D-31.  Storm Track, Hurricane Andrew (Coleman report - Exhibit A58)

D-32.  Chart, Comparative Take of Muskrat/Nutria, 1940-1997 (Coleman report - Exhibit A60)

D-33.  Blowup of 1931 aerial photo of part of Section 16 showing numerous muskrat huts (Coleman report - Exhibit A64)

D-34.  Blow up of 1964 aerial photo of part of Section 16 showing numerous muskrat huts (Coleman report - Exhibit A66)

D-38.  Chart showing suspended sediment in Mississippi River (Coleman report - Exhibit A69)

D-39.  Aerial Photo, March 4, 1931, Section 16, T18S, R13E (Coleman report - Exhibit B5)

D-40.  Aerial Photo, December 9, 1955, Section 16, T18S, R13E (Coleman report - Exhibit B6)

9

D-41.  Aerial Photo, March 7, 1957, Section 16, T18S, R13E (Coleman report - Exhibit B7)

D-42.  Aerial Photo, February 9, 1964, Section 16, T18S, R13E (Coleman report - Exhibit B8)

D-43.  Aerial Photo, January 24, 1965, Section 16, T18S, R13E (Coleman report - Exhibit B9)

D-44.  Aerial Photo, February 13, 1971, Section 16, T18S, R13E (Coleman report - Exhibit B10)

D-45.  Aerial Photo, October 31, 1980, Section 16, T18S, R13E (Coleman report - Exhibit B11)

D-46.  Aerial Photo, November 23, 1994, Section 16, T18S, R13E (Coleman report - Exhibit B12)

D-47.  Aerial Photo, January 31, 1998, Section 16, T18S, R13E (Coleman report - Exhibit B13)

D-48.  Interpretive Photo - comparative analysis of new open water and the rate of marsh loss, 1931-1955 (Coleman report - Exhibit B14)

D-49.  Interpretive Photo - comparative analysis of new open water and the rate of marsh loss, 1955-1957 (Coleman report - Exhibit B15)

D-50.  Interpretive Photo - comparative analysis of new open water and the rate of marsh loss, 1957-1964 (Coleman report - Exhibit B16)

D-51.  Interpretive Photo - comparative analysis of new open water and the rate of marsh loss, 1964-1965 (Coleman report - Exhibit B17)

D-52.  Interpretive Photo - comparative analysis of new open water and the rate of marsh loss, 1965-1971 (Coleman report - Exhibit B18)

D-53.  Interpretive Photo - comparative analysis of new open water and the rate of marsh loss, 1971-1980 (Coleman report - Exhibit B19)

D-54.  Interpretive Photo - comparative analysis of new open water and the rate of marsh loss, 1980-1994 (Coleman report - Exhibit B20)

D-55.  Interpretive Photo - comparative analysis of new open water and the rate of marsh loss, 1994-1998 (Coleman report - Exhibit B21)

D-56. Graph showing acres of interior marsh open water over time (Coleman report - Exhibit B22)

D-57. Photo of Section 16 from air showing typical marsh (Coleman - 12/4/00)

D-58. Photo of Section 16 showing tranasse west of Koch canal (Coleman - 12/4/00)

D-59. Photo of broken marsh on Section 16 (Coleman - 12/4/00)

D-60. Photo of broken marsh on Section 16 (Coleman - 12/4/00)

D-61. Ground view of broken marsh on Section 16 south of Columbia Gulf Canal (Coleman - 12/4/00)

D-62. Muskrat mounds on Section 16 (Coleman - 12/4/00)

D-63. Nutria eat out area, two nutria on Section 16 (Coleman - 12/4/00)

D-64. Enlargement of portion of photo of 1/24/65 showing Columbia Gulf Canal and Southeast corner of Section 16

D-65. Enlargement of portion of aerial photo of 2/13/71 showing Columbia Gulf Canal and Southeast corner of Section 16

D-66. Enlargement of portion of aerial photo of 10/31/80 showing Columbia Gulf Canal and Southeast corner of Section 16

D-67. Enlargement of portion of aerial photo of 11/23/94 showing Columbia Gulf Canal and Southeast corner of Section 16

D-68. Enlargement of portion of aerial photo of 1/31/98 showing Columbia Gulf Canal and Southeast corner of Section 16

D-69. CV of Joseph N. Suhayda

D-70. Map, Maximum Flood Elevation (Hurricane Hilda)

D-71. Map, Hurricane Andrew, Maximum Water Elevation

11

D-72. Map, Maximum Flood Elevation (Hurricane Juan)

D-73. Schematic Drawing of geometry of cut/bayou/marsh flow used in calculation, attached to Joseph N. Suhayda's December 21, 2000 report

D-74. Three dimensional schematic drawing of geometry of cut/bayou/marsh flow used in calculation

D-76. Exhibit (3 pages in globo) showing methodology used by Dr. Joseph Suhayda for hurricane modeling

D-79. Graph - Water Elevation vs. Time at Section 16 - Hurricane Juan

D-80. Graph - Water Elevation vs. Time at Section 16 - Hurricane Andrew

D-81. CV of David M. Richard

D-82. CV of Allan Ensminger

D-83. CV of Wade R. Ragas

D-84. Map of comparables in Terrebonne Parish relied upon by Dr. Wade Ragas

D-85. Table of comparables used in analysis of Dr. Wade Ragas: date, price, acres, price per acre.

D-90. CV of Leonard Shabman

D-102 Resolution of Terrebonne Parish School Board dated August 17, 1982 (TPSB 1355)

D-103 Minutes of Terrebonne Parish School Board Meeting, December 3, 1985

D-104 Letter from Kent M. Willoughby of Terrebonne Parish School Board to Dr. Sherwood Gagliano of Coastal Environments, Inc. dated December 4, 1985 (TPSB 0644)

D-132 Letter from Carl Edwards of Columbia Gulf to Terrebonne Parish School Board dated February 18, 1964 (CGT 0001)

D-133 Letter from Edwin J. Upton of Columbia Gulf to Mr. Ralph T. Clark date June 10, 1965 (CGT 0006)

D-134 Letter from Wilmore J. Brossard, Jr., District Attorney to Edwin J. Upton of Columbia Gulf dated June 20, 1965 (CGT 0021)

D-135 Letter from Wilmore J. Brossard, Jr., District Attorney to Edwin J. Upton of Columbia Gulf dated July 28, 1965 (CGT 0019)

D-136 Copies of Columbia Gulf check number 8491 dated July 29, 1965 in the amount of $7,879.80 and check number 8490 dated July 29, 1965 in the amount of $685.20 (CGT 0014)

D-137 Certified Resolution of the Terrebonne Parish School Board, dated August 4, 1965 (CGT 0033)

D-138 Right-of-way agreement dated 12/18/57 between TPSB and United Gas Pipe Line Company, 3 pages;

D-140 Aerial photograph taken 02/20/31 by the Corps of Engineers.

D-141 Aerial photograph taken 03/04/31 by the Corps of Engineers.

D-142 Aerial photograph taken 11/25/35 by Tobin.

D-143 Aerial photograph taken in 1953 by the USDA-SCA.

D-144 Aerial photograph taken 12/09/55 by Tobin.

D-145 Aerial photograph taken 12/14/55 by the Corps of Engineers.

D-146 Aerial photograph taken 10/22/60 by the Corps of Engineers.

D-147 Aerial photograph taken 01/65 by Tobin.

D-148 Aerial photograph taken 04/28/73 by the Corps of Engineers.

D-149 Aerial photograph taken 10/74 by NASA.

D-150  Aerial photograph taken in 1978 by Earth Science Info. Center.

D-151  Aerial photograph taken 10/31/80 by USDA-SCS.

D-152  Aerial photograph taken 03/09/81 by Gulf Coast Aerial Mapping.

D-153  Aerial photograph taken in 1983 by USDA-SCS.

D-154  Aerial photograph taken 10/28/83 by Earth Science Info. Center.

D-155  Aerial photograph taken 10/15/87 by Tobin.

D-156  Aerial photograph taken 10/11/90 by USDA-SCS.

D-157  Aerial photograph taken 11/23/94 by the Corps of Engineers.

D-158  Aerial photograph taken 01/07/95 by Earth Science Info. Center.

D-159  Aerial photograph taken 12/29/95 by the Corps of Engineers.

D-160  Aerial photograph taken 05/01/96 by Tobin.

D-161  Aerial photograph taken 02/23/98 by LOSCO (Western Data Systems).

D-162  Aerial photograph taken 10/10/00 by Gulf Coast Aerial Mapping.

D-163  Photographs taken by Luther Holloway during inspections of the property, 78 in number, labeled Figure A-1 through Figure A-78, 39 pages.

D-165  Oblique aerial photographs taken by Luther Holloway during site inspection, 8 photographs, labeled Figure C1 through C5, 4 pages.

D-167  Table 2 to Luther Holloway report, depicting Atchafalaya River stages relevant to dates of aerial photographs.

D-168  Drawings dated 12/11/57 submitted by Koch to Army Corps of Engineers in connection with pipeline project at issue, Drawing UA 9141, Sheets 1 to 10 through 10 of 10, 10 pages total.

14

D-169  Elevation Survey of TPSB Section 16 property performed by T. Baker Smith & Son, Inc., dated 10/10/00, Figure 1A and Figure 1-B, 2 sheets.

D-175  Figure depicting location of flow velocity measurements taken by Dr. Richard DeVries at the Koch opening and interior marsh, 1 page.

D-176  Graph depicting velocity measurements taken by Dr. Richard DeVries at the Koch opening and interior marsh, demonstrating velocity compared to distance, 1 page.

D-177  Table depicting water surface elevations and velocity spot measurements taken by Dr. Richard DeVries on the School Board property, 1 page.

D-178  Table depicting flow velocity measurements taken by Dr. Richard DeVries at Koch cut and up to 600 feet inside the marsh, prepared by Dr. Richard DeVries, 1 page.

D-179  Figure depicting cross-section of cut between Koch canal and adjacent marsh property, 1 page.

D-180  Table depicting cross-section, velocity and flow rate data for cut in Koch canal, prepared by Dr. Richard DeVries, 1 page.

D-181  Sales Comparison Analysis Table of Koch appraiser, Irv Eppling, 1 page.

D-182  Listing and Description of Comparable Sale Properties prepared by Koch expert appraiser Irv Eppling, 9 pages total.

D-184  Curriculum Vitae of Luther F. Holloway, Ph.D., 6 pages.

D-185  Curriculum Vitae of Richard N. DeVries, Ph.D., 6 pages.

D-186  Curriculum Vitae of Kenneth J. Boudreaux, Ph.D., 7 pages.

D-187  Curriculum Vitae of Irvington J. Eppling, Ph.D., 4 pages.

D-188  Curriculum Vitae of John C. Mattingly, P.L.S., 2 pages.

D-189  Curriculum Vitae of Marc Rogers, Sr., P.E., 4 pages.

16

**B.**    **The following are the plaintiff's exhibits as to which defendants have objections:**

P-9.    Revised Report entitled "Assessment of the Direct and Indirect Impacts of Pipelines in Section 16, Township 18 South, Range 13 East, Terrebonne Parish, Louisiana, *Revised*" prepared by Shea Penland, Ph.D. and Andrew Milanes, together with all maps, photographs, demonstrative aids, and other exhibits attached to and included in the Report.

**OBJECTION:** Hearsay - FRE Rules 801, 802. Defendants do not object to a number of the exhibits attached to this report and listed separately by plaintiff.

P-10.    Report entitled "Assessment of Coastal Wetland Values" by Shea Penland, Ph.D. together with all maps, photographs, demonstrative aids and other exhibits attached to and included in the Report.

**OBJECTION:** Hearsay - FRE Rules 801, 802; relevance, because this report deals with "societal value" of wetlands generally, not the value of the property involved in this case. See defendants' motions in limine to exclude Dr. Penland's testimony as to these values.

P-11.    Report entitled "Assessment of Potential Hurricane Damage To Terrebonne Parish School Board Section 16, Township 18 South, Range 13 East Property" prepared by Shea Penland, Ph.D., together with all maps, photographs, demonstrative aids and other exhibits attached to and included in the Report.

**OBJECTION:** Hearsay - FRE Rules 801, 802. Defendants do not object to a number of the exhibits attached to this report and listed separately by plaintiff.

P-12 in globo.    All maps, photographs, demonstrative aids, publications, and other documentation used, referred to, or relied upon by Shea Penland in preparing his expert report and forming his expert opinion.

**OBJECTION:** Hearsay - FRE Rules 801, 802. Defendants do not object to a number of the exhibits attached to this report and listed separately by plaintiff.

P-13. Report entitled "Evaluation of Damages to Property of the Terrebonne Parish School Board in Township 18 South, Range 13 East." by Robert H. Chabreck, Ph.D., together with all maps, photographs, demonstrative aids, and other exhibits attached to and included in the report.

OBJECTION: Hearsay - FRE Rules 801, 802; Qualifications - see defendants' motions in limine.

P-14. Report entitled "Field Survey of Wetland Damage Associated with Pipelines in Section 16, Township 18 South, Range 13 East, Terrebonne Parish, Louisiana," by Robert H. Chabreck, Ph.D., together with all maps, photographs, demonstrative aids, and other exhibits attached to and included in the report.

OBJECTION: Hearsay - FRE Rules 801, 802; Qualifications - see defendants' motions in limine. Defendants do not object to a number of the exhibits attached to this report and listed separately by plaintiff.

P-15. Report entitled "Thickness of the Root Mat in Section 16, Township 18 South, Range 13 East, Terrebonne Parish, Louisiana," by Robert H. Chabreck, Ph.D., together with all maps, photographs, demonstrative aids, and other exhibits attached to and included in the report.

OBJECTION: Hearsay - FRE Rules 801, 802; Qualifications - see Koch's motions in limine. Defendants do not object to a number of the exhibits attached to this report and listed separately by plaintiff.

P-16. All maps, photographs, demonstrative aids, publications, and other documentation used, referred to, or relied upon by Robert Chabreck in preparing his expert reports and forming his expert opinion.

OBJECTION: Hearsay - FRE Rules 801, 802. Defendants do not object to a number of the exhibits attached to this report and listed separately by plaintiff.

18

P-17.   Expert report prepared by Charles M. Camp dated October 31, 2000, outlining the proposed restoration of Section 16, Township 18 South, Range 13 East, together with all maps, photographs, demonstrative aids, and other exhibits attached to and included in Camp's report.

**OBJECTION:** Hearsay - FRE Rules 801, 802; relevance - plaintiff is not entitled to restoration damages as the cost of the proposed restoration plan is grossly disproportionate to the value of the property allegedly damaged; qualifications - see Koch's motion in limine as to Mr. Camp.

P-20.   September 12, 2000, map entitled "Section 16 Township 18 South, Range 13 East Restoration Project No. 2 Plan Overview" outlining the restoration of the pipeline canals dredged by Koch and Columbia Gulf.

**OBJECTION:** Hearsay - FRE Rules 801, 802; relevance - plaintiff is not entitled to restoration damages as the cost of the proposed restoration plan is grossly disproportionate to the value of the property allegedly damaged; qualifications - see Koch's motion in limine as to Mr. Camp.

P-21.   September 12, 2000, map entitled "Section 16 Township 18 South, Range 13 East Restoration Project No. 1 Plan Overview" outlining the restoration of the pipeline canals dredged by Koch and Columbia Gulf.

**OBJECTION:** Hearsay - FRE Rules 801, 802; relevance - plaintiff is not entitled to restoration damages as the cost of the proposed restoration plan is grossly disproportionate to the value of the property allegedly damaged; qualifications - see Koch's motion in limine as to Mr. Camp.

P-22.   Map for restoration plan #3, "Section 16 Township 18 South, Range 13 East Restoration Project No. 3 Plan Overview" outlining the restoration of the marsh damaged and destroyed as a result of the eroding pipeline canals dredged by Koch and Columbia Gulf.

**OBJECTION:** Hearsay - FRE Rules 801, 802; relevance - plaintiff is not entitled to restoration damages as the cost of the proposed restoration plan is grossly disproportionate to the value of the property allegedly damaged; qualifications - see Koch's motion in limine as to Mr. Camp.

P-23.   Report entitled "Assessment of Flow Between the Boundary Canals and the Marshes of Section 16, No. 18-13" prepared by Alex McCorquodale, Ph.D., P.E. and Robert Simmons, P.E., together with all maps, photographs, demonstrative aids, and other exhibits attached to and included in the report.

      **OBJECTION:** Hearsay - FRE Rules 801, 802.  Defendants do not object to a number of the exhibits attached to this report and listed separately by plaintiff.

P-24 in globo.  photographs used, referred to, or relied upon by Alex McCorquodale in preparing his expert report and forming his expert opinion.

      **OBJECTION:** Hearsay - FRE Rules 801, 802.  Defendants do not object to a number of the exhibits attached to this report and listed separately by plaintiff.

P-25.   Selected documents from Columbia Gulf's records Bates number CGT 0001 through CGT 0247 produced in response to the Terrebonne Parish School Board's first request for production of documents.

      **OBJECTION:** Relevance - none of these documents is relevant to the issues presented in this case.

P-26.   Selected documents from Columbia Gulf's records Bates number K-0001 through K-0416 produced in response to the Terrebonne Parish School Board's first request for production of documents.

      **OBJECTION:** Relevance - none of these documents is relevant to the issues presented in this case.

P-53.   Table attached with "Assessment of Louisiana Coastal Wetland Values" prepared by Shea Penland, Ph.D., which is entitled "Estimates of the Environmental Value of Coastal Wetlands."

      **OBJECTION:** Hearsay - FRE Rules 801, 802; relevance, because this table deals with "societal value" of wetlands generally, not the value of the property involved in this case. See defendants' motions in limine to exclude Dr. Penland's testimony as to these values.

P-54.  Table attached with "Assessment of Louisiana Coastal Wetland Values" prepared by Shea Penland, Ph.D., which is entitled "Wetland Ecosystem Services and Function."

**OBJECTION:** Hearsay - FRE Rules 801, 802; relevance, because this table deals with "societal value" of wetlands generally, not the value of the property involved in this case. See defendants' motions in limine to exclude Dr. Penland's testimony as to these values.

P-55.  Table attached with "Assessment of Louisiana Coastal Wetland Values" prepared by Shea Penland, Ph.D., which is entitled "Annual Wetland Ecosystem Service Values (1994 U.S $ AC$^{-1}$ YR$^{-1}$)."

**OBJECTION:** Hearsay - FRE Rules 801, 802; relevance, because this table deals with "societal value" of wetlands generally, not the value of the property involved in this case. See defendants' motions in limine to exclude Dr. Penland's testimony as to these values.

P-74.  Tables, Graphs, Charts or Demonstrative Aides by Robert Chabreck, Ph.D , indicating marsh vegetation, soil charts.

**OBJECTION:** Hearsay - FRE rules 801, 802; moreover, these materials have not been disclosed to defendants.

P-80.  Correspondence between Terrebonne Parish School Board and Koch Gateway Pipe Line Company or United Gas Pipe Line Company .

**OBJECTION:** Relevance - none of these documents is relevant to the issues presented in this case.

P-81.  Correspondence between Columbia Gulf Transmission Company and Terrebonne Parish School Board.

**OBJECTION:** Relevance - none of these documents is relevant to the issues presented in this case.

P-82.  Video taken during the field work of Alex McCorquodale and Robert Simmons in preparing their expert report for Section 16, Township 18 South, Range 13 East property.

 

**OBJECTION** as to the sound portion of this video because it contains hearsay testimony and the expression of opinions which are beyond the qualifications and expertise of the declarants.

P-83.  May 31, 1965 letter from TPSB to District Attorney re: retaining DA to prosecute trespass by Columbia Gulf.

**OBJECTION** - Relevance.

P-84.  June 10, 1957, correspondence from United Gas to Terrebonne Parish School Board regarding laying of Koch pipeline.

**OBJECTION** - Relevance; also, Koch has not seen this document.

P-87.  Report of the Louisiana Coastal Wetlands Conservation Restoration Task Force and the Wetlands Conservation and Restoration Authority entitled "Coast 2050: Report of Sustainable Coastal Louisiana."

**OBJECTION:** Hearsay - FRE Rules 801, 802.

P-88.  Executive Summary of Report entitled "Coast 2050. Toward a Sustainable Coastal Louisiana."

**OBJECTION:** Hearsay - FRE Rules 801, 802.

P-89.  Finding of No Significant Impact by the Department of the Army with attached Environmental Assessment, LaBranche Wetlands..

**OBJECTION:** Relevance - deals with a project on property significantly different from the wetlands (floating vegetative marsh) involved in this case; further, restoration costs are not recoverable in this case.  Also, hearsay under FRE Rules 801, 802.

P-90.  "Restoration of a Marsh in the LaBranche Ponds - A Case Study" by Suzanne Hawes.

**OBJECTION:** Relevance - deals with a project on property significantly different from the wetlands (floating vegetative marsh) involved in this case; further, restoration costs are not recoverable in this case   Also, hearsay under FRE Rules 801, 802.

P-91.   "Construction of a Marsh in the LaBranche Ponds of Louisiana" by Suzanne Hawes.

**OBJECTION:** Relevance - deals with a project on property significantly different from the wetlands (floating vegetative marsh) involved in this case; further, restoration costs are not recoverable in this case. Also, hearsay under FRE Rules 801, 802.

P-92.   Abstract of Bids - LaBranche Wetlands Restoration Project.

**OBJECTION:** Relevance - deals with a project on property significantly different from the wetlands (floating vegetative marsh) involved in this case; further, restoration costs are not recoverable in this case. Also, hearsay under FRE Rules 801, 802.

P-93.   Plans & Specs for the LaBranche Wetlands Restoration Project for U.S. Army Corps of Engineers.

**OBJECTION:** Relevance - deals with a project on property significantly different from the wetlands (floating vegetative marsh) involved in this case; further, restoration costs are not recoverable in this case. Also, hearsay under FRE Rules 801, 802.

P-96.   Louisiana Land Loss Classification Map, Geomorphic Classification of Coastal Land Loss between 1932-1990 in the Mississippi River Delta Plain, South East Louisiana, U.S. Geologic Survey.

**OBJECTION:** Hearsay - see FRE Rules 801, 802. Further, this map lacks relevance and is misleading because it purports to attribute causation for the alleged loss of wetlands in the area of the property involved in this case when there is better, specific data dealing with those identical issues on the specific property.

P-97.   Publication "Coastal Marshes, Ecology and Wildlife Management," by Robert A. Chabreck.

**OBJECTION:** Hearsay - see FRE Rules 801, 802

P-100.  Summary of field notes taken on 8/24/00 and 8/25/00

**OBJECTION:** Hearsay - see FRE Rules 801, 802.

P-101.  Historical aerial photo dated 9/29/00

**OBJECTION:** This was only produced on January 4, 2001 and defendants have not had time to authenticate and analyze it

P-102   Regional aerial photo

**OBJECTION:** This was only produced on January 4, 2001 and defendants have not had time to authenticate and analyze it.

P-103.   Chart indicating calculated pixel resolutions in feet

**OBJECTION:** Hearsay - see FRE Rules 801, 802.

**C.**    **The following are the defendants' exhibits as to which plaintiff has objections:**

D-2.    Release between Columbia Gulf Transmission and Terrebonne Parish School Board dated July 26, 1965.

> **OBJECTION:** FRE Rules 401-402 Relevance.  This release deals with settlement for damages arising strictly from construction of the defendant's pipeline canal, not future damages caused due to a breach of defendant's obligations and duty to maintain the pipeline canal levees. See plaintiff's oppositions to defendants' motions for summary judgment for in depth reasons analysis, and supporting jurisprudence.

D-10.    Satellite Photo of Deltaic Lobes of Mississippi River Deltas showing delta switching and delta cycle (Coleman report - Exhibit A13)

> **OBJECTION:** FRE Rules 401-402 Relevance. This photo lacks relevance and is misleading because it deals with river flow effects on the health of wetlands across Louisiana and purports to attribute causation for the alleged loss of wetlands in these other areas to the property involved in this case when there is better, specific data dealing with those identical issues on the specific property.

D-13.    Map from Gagliano 1999 report - major geologic faults (Coleman report - Exhibit A20)

> **OBJECTION:** FRE Rules 401-402 Relevance. This map lacks relevance and is misleading because it deals with geologic faults and their effect on  health of wetlands across broad area and purports to attribute causation for the alleged loss of wetlands in these other areas to  the property involved in this case when there is better, specific data dealing with those identical issues on the specific property.

D-14.    Map, Subsidence Since Beginning of Holocene, Fisk and McFarlane, 1955 (Coleman report - Exhibit A22)

> **OBJECTION:** FRE Rules 401-402 Relevance. This map lacks relevance and is misleading because it deals with geologic faults and their effect on  health of wetlands across broad area and purports to attribute causation for the alleged loss of wetlands in these other  areas to the property involved in this case when there is better, specific data dealing with those identical issues on the specific property

25

D-18.  Chart (RSL vs. Sediment Accumulation), Deficit in Terrebonne Parish (Coleman report - Exhibit A33)

    **OBJECTION:** FRE Rules 401-402 Relevance. This chart lacks relevance and is misleading because it deals with the effect on sedimentation and sea level rise on the health of wetlands across Terrebonne Parish and purports to attribute causation for the alleged loss of wetlands in these other areas to the property involved in this case when there is better, specific data dealing with those identical issues on the specific property.

D-21.  Photos of damaged marsh, Terrebonne Parish after Hurricane Andrew (Coleman report - Exhibit A40)

    **OBJECTION:** FRE Rules 401-402 Relevance. This photo lacks relevance and is misleading because it deals with hurrican damage on a piece of land unrelated to the property at issue and purports to attribute causation for the alleged loss of wetlands in these other areas to the property involved in this case when there is better, specific data dealing with those identical issues on the specific property.

D-22.  Photo of marsh before Hurricane Andrew (Coleman report - Exhibit A41)

    **OBJECTION:** FRE Rules 401-402 Relevance. This photo lacks relevance and is misleading because it deals with hurricane damage on a piece of land unrelated to the property at issue and purports to attribute causation for the alleged loss of wetlands in these other areas to the property involved in this case when there is better, specific data dealing with those identical issues on the specific property.

D-23.  Photo of same area after Hurricane Andrew - now open water (Coleman report - Exhibit A42)

    **OBJECTION:** FRE Rules 401-402 Relevance. This photo lacks relevance and is misleading because it deals with hurricane damage on a piece of land unrelated to the property at issue and purports to attribute causation for the alleged loss of wetlands in these other areas to the property involved in this case when there is better, specific data dealing with those identical issues on the specific property.

D-35.  Map, Kinder & Linch, Nutria vegetative damage survey 1993-1996.

**OBJECTION:** FRE Rules 401-402 Relevance. This map lacks relevance and is misleading because it deals with nutria herbivory on  health of wetlands on specific tracts of land other than the property at issue and purports to attribute causation for the alleged loss of wetlands in these other areas to the property involved in this case when there is no correlation proven between the sites on the map and the property at issue.

D-36. Map, Kinder & Linch, 1998 - Nutria vegetative damage survey

**OBJECTION:** FRE Rules 401-402 Relevance. This map lacks relevance and is misleading because it deals with nutria herbivory on  health of wetlands on specific tracts of land other than the property at issue and purports to attribute causation for the alleged loss of wetlands in these other areas to the property involved in this case when there is no correlation proven between the sites on the map and the property at issue.

D-37. Map, Linscomb & Kinler, 1999 - Nutria vegetative damage survey

**OBJECTION:** FRE Rules 401-402 Relevance. This map lacks relevance and is misleading because it deals with nutria herbivory on  health of wetlands on specific tracts of land other than the property at issue and purports to attribute causation for the alleged loss of wetlands in these other areas to the property involved in this case when there is no correlation proven between the sites on the map and the property at issue.

D-75. Excerpts (measurements at cut in Columbia Gulf canal) from  Alex McCorquodale, November 3, 2000 report of Assessment of Flow between the Boundary Canals and the Marshes of Section 16, Number 18-13

**OBJECTION:** Plaintiff does not object to the entire report of McCorquodale being introduced into evidence, but Plaintiff objects to the introduction of portions of the report to the extent those portions do not accurately reflect the methodology and conclusions reached by McCorquodale.

D-77. Excerpt from Robinson and Crowe, Engineering Fluid Mechanics, Fourth Ed., showing formulae used by Dr.  Joseph Suhayda in his calculations

**OBJECTION:** Hearsay - FRE Rules 801, 802.

D-78. Graph  - Water Elevation vs.  Time at Section 16 - Hurricane Hilda

27

**OBJECTION:** Plaintiff objects to this document as being untimely. It is the work product of Dr. Suhayda. It was not submitted until January 7, 2001, after the deposition of Dr. Suhayda.

D-86. Table of selected hunting and fishing leases for Section 16 nearest subject.

**OBJECTION:** FRE Rules 401-402 Relevance. Plaintiff is claiming restoration damages due to actions of the defendants. Hunting fishing leases are not relevant to the issues of causation, liability, nor damages.

D-87. Table of four cases by West Jefferson Levee District.

**OBJECTION:** FRE Rules 401-402 Relevance. Further, Plaintiff objects that the cases cited are an interpretation of the law by Dr. Ragas who is unqualified to make such interpretations. FRE Rules 701-704. See also Plaintiff's motion in limine to exclude testimony of Columbia Gulf's experts.

D-88. Table on Compensatory Mitigation Costs for Terrebonne Parish.

**OBJECTION:** FRE Rules 401-402 Relevance. Further, Plaintiff objects that the table cited is an interpretation of the values assessed to wetlands based on their functional benefits, and Dr. Ragas who is unqualified to make such interpretations based on his lack of scientific training. FRE Rules 701-704. See also Plaintiff's motion in limine to exclude testimony of Columbia Gulf's experts.

D-89. Table on Farber studies of Louisiana wetlands value estimates stated in per acre terms by category.

**OBJECTION:** FRE Rules 401-402 Relevance. Further, Plaintiff objects that the table cited is an interpretation of the values assessed to wetlands based on their functional benefits, and Dr. Ragas who is unqualified to make such interpretations based on his lack of scientific training. FRE Rules 701-704. See also Plaintiff's motion in limine to exclude testimony of Columbia Gulf's experts.

D-91. Minutes of Terrebonne Parish School Board Meeting dated February 5, 1974 (TPSB 0901-0908)

**OBJECTION:** FRE Rules 401-402 Relevance. The minutes are not specific to damages on the property at issue but rather, deal with possible damages to and management of specific other properties owned by plaintiff or deal with said issues in general without reference specifically to the property at issue. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-92.  Minutes of Terrebonne Parish School Board Meeting dated November 9, 1976 (TPSB 1507-1510)

**OBJECTION:** FRE Rules 401-402 Relevance. The minutes are not specific to damages on the property at issue but rather, deal with possible damages to and management of specific other properties owned by plaintiff or deal with said issues in general without reference specifically to the property at issue. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-93.  Minutes of Terrebonne Parish School Board Meeting dated December 7, 1976 (TPSB 1499-1506)

**OBJECTION:** FRE Rules 401-402 Relevance. The minutes are not specific to damages on the property at issue but rather, deal with possible damages to and management of specific other properties owned by plaintiff or deal with said issues in general without reference specifically to the property at issue. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-94.  Minutes of Terrebonne Parish School Board Meeting dated April 5, 1977 (TPSB 0909-0916)

**OBJECTION:** FRE Rules 401-402 Relevance. The minutes are not specific to damages on the property at issue but rather, deal with possible damages to and management of specific other properties owned by plaintiff or deal with said issues in general without reference specifically to the property at issue. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-95. Minutes of Terrebonne Parish School Board Meeting dated May 5, 1981 (TPSB 0926-0931)

**OBJECTION:** FRE Rules 401-402 Relevance. The minutes are not specific to damages on the property at issue but rather, deal with possible damages to and management of specific other properties owned by plaintiff or deal with said issues in general without reference specifically to the property at issue. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-96. Newspaper Article, May 6, 1981, "School Board Defers Canal Action"

**OBJECTION:** FRE Rules 401-402 Relevance. FRE Rules 801-802, Hearsay. The newspaper article is not specific to damages on the property at issue but rather, deals with possible damages to and management of specific other properties owned by plaintiff. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-97. Minutes of Terrebonne Parish School Board Meeting dated August 18, 1981 (TPSB 1485-1488)

**OBJECTION:** FRE Rules 401-402 Relevance. The minutes are not specific to damages on the property at issue but rather, deal with possible damages to and management of specific other properties owned by plaintiff or deal with said issues in general without reference specifically to the property at issue. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-98. Letter from Brian A. Brunet of T. Baker Smith & Son, Inc. to Terrebonne Parish School Board dated January 13, 1982 (TPSB 1373)

**OBJECTION:** FRE Rules 401-402 Relevance. The correspondence is not specific to damages on the property at issue but rather, deals with possible damages to and management of specific other properties owned by plaintiff or deal with said issues in general without reference specifically to the property at issue. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-99.   Preliminary Erosion Study of Section 16 Lands (School Board properties) in Terrebonne Parish, Louisiana, T. Baker Smith, January 13, 1982

OBJECTION: FRE Rules 401-402 Relevance. The erosion study is not specific to damages on the property at issue but rather, deals with possible damages to and management of five other unrelated properties owned by plaintiff. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-100   Minutes of Terrebonne Parish School Board Meeting dated April 13, 1982 (TPSB 1475-1478)

OBJECTION: FRE Rules 401-402 Relevance. The minutes are not specific to damages on the property at issue but rather, deal with possible damages to and management of specific other properties owned by plaintiff or deal with said issues in general without reference specifically to the property at issue. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-101   Minutes of Terrebonne Parish School Board Meeting dated June 1, 1982 (TPSB 1479-1484)

OBJECTION: FRE Rules 401-402 Relevance. The minutes are not specific to damages on the property at issue but rather, deal with possible damages to and management of specific other properties owned by plaintiff or deal with said issues in general without reference specifically to the property at issue. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-105   Minutes of Terrebonne Parish School Board Meeting dated April 7, 1987 (TPSB 0932-0942)

OBJECTION: FRE Rules 401-402 Relevance. The minutes are not specific to damages on the property at issue but rather, deal with possible damages to and management of specific other properties owned by plaintiff or deal with said issues in general without reference specifically to the property at issue. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-106  Letter from Ed Fike of Coastal Environments, Inc. to Herb Carreker of Terrebonne Parish School Board dated March 12, 1993 (TPSB 1357-1358)

**OBJECTION:** FRE Rules 401-402 Relevance. The correspondence is not specific to damages on the property at issue but rather, deals with a proposal by an outside contractor to check for possible damages to and management of properties owned by plaintiff. The letter goes to the defense of prescription which is without merit in this case because the servitudes are still in effect and imposes continuing obligations of defendants. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-107  Letter from Ed Fike of Coastal Environments, Inc. to Herb Carreker of Terrebonne Parish School Board dated April 21, 1993 (TPSB 1359-1363)

**OBJECTION:** FRE Rules 401-402 Relevance. The correspondence is not specific to damages on the property at issue but rather, deals with a proposal by an outside contractor to check for possible damages to and management of properties owned by plaintiff. The letter goes to the defense of prescription which is without merit in this case because the servitudes are still in effect and imposes continuing obligations of defendants. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-108  Letter from Herb Carreker of Terrebonne Parish School Board to Members of Finance, Insurance and Section 16 Lands Committee dated April 26, 1993 (TPSB 0480-0481)

**OBJECTION:** FRE Rules 401-402 Relevance. The correspondence is not specific to damages on the property at issue but rather, deals with rents and revenues generated by the TPSB. TPSB is not making a royalty claim and revenues are not relevant to each defendant's breach of its servitude. See also Plaintiff's Motion in Limine to Exclude Evidence of Rents and Royalties.

D-109  Letter from the Finance, Insurance and Section 16 Lands Committee to Terrebonne Parish School Board Members dated June 1, 1993 (TPSB 1073-1077)

**OBJECTION:** FRE Rules 401-402 Relevance. The correspondence is not specific to damages on the property at issue but rather, deals with rents and revenues generated by the TPSB. TPSB is not making a royalty claim and revenues are not relevant to each

defendant's breach of its servitude.  See also Plaintiff's Motion in Limine to Exclude
Evidence of Rents and Royalties.

D-110  Letter from the Finance, Insurance and Section 16 Lands Committee to Terrebonne Parish
School Board Members dated May 4, 1993 (TPSB 1078-1082)

**OBJECTION:** FRE Rules 401-402 Relevance. The correspondence is not specific to
damages on the property at issue but rather, deals with rents and revenues generated by
the TPSB.  TPSB is not making a royalty claim and revenues are not relevant to each
defendant's breach of its servitude.  See also Plaintiff's Motion in Limine to Exclude
Evidence of Rents and Royalties.

D-111  Letter from Herb Carreker of Terrebonne Parish School Board to Surface Lease Holders -
Terrebonne Parish School Board dated July 30, 1993 (TPSB 0232)

**OBJECTION:** FRE Rules 401-402 Relevance. The correspondence is not specific to
damages on the property at issue but rather, deals with a proposal by a government entity
to provide assistance in management of properties owned by plaintiff.  The letter goes to
the defense of prescription which is without merit in this case because the servitudes are
still in effect and imposes continuing obligations of defendants.  See also Plaintiff's Motion
in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board
Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-112  Letter from Herbert Carreker to Terrebonne Parish School Board dated December 13,
1993 (003675)

**OBJECTION:** FRE Rules 401-402 Relevance. The transcript is not specific to damages
on the property at issue but rather, deals with possible damages to and management of
property owned by plaintiff in Section 16, Township 18 South, Range 17 East, which is
completely unrelated to the property at issue.  The transcript goes to the defense of
prescription which is without merit in this case because the servitudes are still in effect and
imposes continuing obligations of defendants.  See also Plaintiff's Motion in Limine to
Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands
Other than Section 16, Township 18 South, Range 13 East.

D-113  Minutes of Terrebonne Parish School Board Meeting dated April 25, 1994 (TPSB 1341-
1346)

33

**OBJECTION:** FRE Rules 401-402 Relevance. The minutes are not specific to damages on the property at issue but rather, deal with possible damages to and management of specific other properties owned by plaintiff or deal with said issues in general without reference specifically to the property at issue. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-114  Minutes of Terrebonne Parish School Board Meeting dated May 17, 1994 (TPSB 0943-0955)

**OBJECTION:** FRE Rules 401-402 Relevance. The minutes are not specific to damages on the property at issue but rather, deal with possible damages to and general management of specific other properties owned by plaintiff or deal with said issues in general without reference specifically to the property at issue. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East. Further, the minutes are not specific to the property at issue but rather, deals with rents and revenues generated by the TPSB. TPSB is not making a royalty claim and revenues are not relevant to each defendant's breach of its servitude. See also Plaintiff's Motion in Limine to Exclude Evidence of Rents and Royalties.

D-115  Letter from Herbert Carreker of Terrebonne Parish School Board to Members of Finance, Insurance and Section 16 Lands Committee dated August 23, 1994 (TPSB 1374)

**OBJECTION:** FRE Rules 401-402 Relevance. The correspondence is not specific to damages on the property at issue but rather, deals with a proposal by a government entity to provide assistance in general management of all properties owned by plaintiff in general. The letter goes to the defense of prescription which is without merit in this case because the servitudes are still in effect and imposes continuing obligations of defendants. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-116  Letter from Herbert Carreker of Terrebonne Parish School Board to Members of Finance, Insurance and Section 16 Lands Committee dated September 26, 1994 (TPSB 1375)

**OBJECTION:** FRE Rules 401-402 Relevance. The correspondence is not specific to damages on the property at issue but rather, deals with a proposal by a government entity

to provide assistance in general management of properties owned by plaintiff. The letter goes to the defense of prescription which is without merit in this case because the servitudes are still in effect and imposes continuing obligations of defendants. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-117  Letter from Section 16 Lands Committee, October 4, 1994, (TPSB 1071- 1072)

**OBJECTION:** FRE Rules 401-402 Relevance. The correspondence is not specific to damages on the property at issue but rather, deals with a proposal by a government entity to provide assistance in general management of properties owned by plaintiff. The letter goes to the defense of prescription which is without merit in this case because the servitudes are still in effect and imposes continuing obligations of defendants. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-118  Letter from Herbert Carreker of Terrebonne Parish School Board to Dr. Frank Fudesco dated October 10, 1994 (TPSB 1376)

**OBJECTION:** FRE Rules 401-402 Relevance. The correspondence is not specific to damages on the property at issue but rather, deals with a proposal by a government entity to provide assistance in general management of properties owned by plaintiff. The letter goes to the defense of prescription which is without merit in this case because the servitudes are still in effect and imposes continuing obligations of defendants. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-119  Terrebonne Parish School Board Contractual Services for Penchant Basin Resource Plan Sixteenth Section Evaluation dated November 1, 1994 (TPSB 1347-1353)

**OBJECTION:** FRE Rules 401-402 Relevance. The proposed contract is not specific to damages on the property at issue but rather, deals with a proposal by an outside contractor to check for possible damages to and management of properties owned by plaintiff. The letter goes to the defense of prescription which is without merit in this case because the servitudes are still in effect and imposes continuing obligations of defendants. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-120 Letter from Herbert Carreker of Terrebonne Parish School Board to Members of the Finance, Insurance and Section 16 Lands Committee dated November 4, 1994 (TPSB 1378-1380)

**OBJECTION:** FRE Rules 401-402 Relevance. The correspondence is not specific to damages on the property at issue but rather, deals with a proposal by an outside contractor to check for possible damages to and general management of properties owned by plaintiff. The letter goes to the defense of prescription which is without merit in this case because the servitudes are still in effect and imposes continuing obligations of defendants. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-121 Letter from Morris Hebert to Herbert Carreker of Terrebonne Parish School Board dated April 13, 1995 (TPSB 1088-1089, 1107-1110, 1176)

**OBJECTION:** FRE Rules 401-402 Relevance. The correspondence is not specific to damages on the property at issue but rather, deals with a proposal by an outside contractor to check for possible damages to and general management of properties owned by plaintiff. The letter goes to the defense of prescription which is without merit in this case because the servitudes are still in effect and imposes continuing obligations of defendants. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-122 Letter to Terrebonne Parish School Board Members Re: Meeting of The Finance, Insurance and Section 16 Lands Committee Meeting dated September 17, 1996 (TPSB 1049-1050)

**OBJECTION:** FRE Rules 401-402 Relevance. The correspondence is not specific to the property at issue but rather, deals with rents and revenues generated by the TPSB. TPSB is not making a royalty claim and revenues are not relevant to each defendant's breach of its servitude. See also Plaintiff's Motion in Limine to Exclude Evidence of Rents and Royalties.

D-123 Spreadsheet of General Operating Fund - School Land Income

**OBJECTION:** FRE Rules 401-402 Relevance. The spreadsheet is not specific to the property at issue but rather, deals with rents and revenues generated by the TPSB. TPSB is not making a royalty claim and revenues are not relevant to each defendant's breach of

its servitude.   See also Plaintiff's Motion in Limine to Exclude Evidence of Rents and Royalties.

D-124  Minutes of Meeting of Terrebonne Parish School Board dated December 17, 1996 (TPSB 0977-0979)

**OBJECTION:** FRE Rules 401-402 Relevance. The minutes are not specific to the property at issue but rather, deal with a proposal by TPSB's counsel in this case to undertake plugging of a well on an unrelated property.

D-125  Letter from Malcolm Poiencot to Herbert Carreker dated March 4, 1998 (TPSB 0036 & 0038)

**OBJECTION:** FRE Rules 701-704 Expert Witness. The correspondence contains opinions of a lay person who is making statements about "scientific, technical, or other specialized knowledge".  As such, said letter is not admissible.  See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-126  Minutes of Meeting of Terrebonne Parish School Board dated September 17, 1996 (TPSB 0970 - 0971)

**OBJECTION:** FRE Rules 401-402 Relevance. The minutes are not specific to the property at issue but rather, deal with a discussion by TPSB's counsel in this case to regarding possible damage on an unrelated property.

D-127  Letter from Constance A. Koury, First Assistant Attorney General, to Dr. Frank D. Fudesco, Superintendent of Terrebonne Parish School Board (TPSB 1515 - 1518)

**OBJECTION:** FRE Rules 701-704 Expert Witness. The correspondence, resolution, and contract deal with the retaining the legal services of TPSB's counsel in this case.  It is unrelated to defendants' obligations and duties, and their breaches thereof.  The documents are not relevant to the issues of causation, liability, or damages.  The documents are strictly for the purpose of prejudicing the court against Plaintiff.

D-128  Minutes of Meeting of the Finance, Insurance and Section 16 Lands Committee dated August 1996 (TPSB 1329-1340)

**OBJECTION:** FRE Rules 401-402 Relevance. The transcript is not specific to the property at issue but rather, deal with a discussion TPSB's counsel in this case regarding damages to an unrelated property.

D-129  Minutes of Meeting of Terrebonne Parish School Board dated May 4, 1989 (TPSB 0989-0990)

**OBJECTION:** FRE Rules 401-402 Relevance. The minutes deal with collecting data to be used in the general management of a large area of wetlands and are not specific to damages caused by defendants specifically to the property at issue.  See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

D-130  Spreadsheet, Terrebonne School Board Section 16 land values (TPSB 0663 - 0664)

**OBJECTION:** FRE Rules 401-402 Relevance. The spreadsheet is not specific to the property at issue but rather, deals with rents and revenues generated by the TPSB.  TPSB is not making a royalty claim and revenues are not relevant to each defendant's breach of its servitude.  See also Plaintiff's Motion in Limine to Exclude Evidence of Rents and Royalties.

D-139  Release agreement dated 12/18/57 between TPSB and United Gas Pipe Line Company, 1 page.

**OBJECTION:** FRE Rules 401-402 Relevance, because this release deals with settlement for damages arising strictly from construction of the defendant's pipeline canal, not future damages caused due to a breach of defendant's obligations and duty to maintain the pipeline canal levees. See plaintiff's oppositions to defendants' motions for summary judgment for in depth reasons analysis, and supporting jurisprudence.

D-164  Oblique aerial photographs taken of marshland and adjacent area by Luther Holloway during inspections, 29 photographs total, 15 pages.

**OBJECTION:** FRE Rules 401-402 Relevance. These photos (pgs. 7-15) lack relevance and are misleading because they deal with wetlands and water bodies not specific to the property at issue and purports to attribute causation for the alleged loss of wetlands in these other areas to the property involved in this case when there is no correlation proven between the sites on the photos and the property at issue.

38

D-170 Sketch of existing dam locations on Columbia Gulf and Koch Gateway Pipeline canals prepared by T. Baker Smith & Son, Inc. dated 11/08/00, three sheets, Figures 2-A, 2-B and 2-C.

OBJECTION: FRE Rules 401-402 Relevance. The maps are not relevant to the issue of causation or liability due to defendants' failing to maintain their canals. They are also not relevant to restoration as the maps do not propose or indicate any plan to restore TPSB's property.

D-171 Overlay graphic by T. Baker Smith & Son, Inc., depicting Camp/Chabreck's proposed peat-fill area relative to aerial photograph of October, 2000, 1 sheet.

OBJECTION: Camp's restoration plan is the best evidence of its content, including any maps. The overlay graphic is a representation of Camp's work product, but was not prepared by Camp. Instead, the map was prepared by defendant Koch, and as such is misleading, hearsay, and lacks foundation, and is untimely as it was not submitted with any expert reports of Koch.

D-173 Summary of U.S. Army Corps of Engineers Davis Pond Freshwater Diversion Structure, 4 pages.

OBJECTION: FRE Rules 401-402 Relevance. This summary lack relevance and is misleading because it deals with wetlands and water bodies not specific to the property at issue and purports to be a restoration plan, but is not specific to the property. Rather, the summary is of a COE project designed to manage thousands of acres of marsh. It is general in nature and is not relevant as there is better, specific data dealing with those identical issues on the specific property

D-174 Cost estimate for Koch's proposed restoration plan, 2 pages.

OBJECTION: FRE Rules 401-402 Relevance. Koch's plan does not address restoration of the damaged and destroyed marsh. TPSB's claims deal with damages caused by a hydrologic connection. Koch's restoration plan does not eliminate the damages and restore the property, but rather seeks to exacerbate the problem by increasing the hydrologic connection to the interior of the marsh.

D-166 Videotape of marsh and adjacent area taken by Luther Holloway during inspections, approximately 2 hours in length.

39

**OBJECTION** as to the sound portion of this video because it contains hearsay testimony and the expression of opinions which are beyond the qualifications and expertise of the declarants

D-172 Field notes taken by T. Baker Smith & Son, Inc. surveyors during surveying activities, 12 pages total.

**OBJECTION:** Hearsay - see FRE Rules 801, 802.

D-183 Excerpt from Soil Survey Series 1956 No. 1, describing soil and marsh characteristics in Western Terrebonne Parish, including Section 16 property at issue, and utilized by Koch expert appraiser, Irv Eppling, 2 pages.

**OBJECTION:** Hearsay - see FRE Rules 801, 802.

C:\WINDOWS\TEMP\ExhibitsAllParties-objections (3) wpd