PLEASE FILE
IN RECORD

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 11  PM 4: 19

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERREBONNE PARISH SCHOOL BOARD | * | CASE NUMBER: 00-0319 |
| | * | |
| VERSUS | * | SECTION: "B" |
| | * | |
| COLUMBIA GULF TRANSMISSION | * | MAGISTRATE: 5 |
| COMPANY AND KOCH GATEWAY | * | |
| PIPELINE COMPANY | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

### COLUMBIA GULF'S RESPONSES TO
### PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS

---

Columbia Gulf Transmission Company ("Columbia Gulf") submits the following as its response to plaintiff's objections to certain of defendants' exhibits.

D-2.  Release between Columbia Gulf Transmission and Terrebonne Parish School Board dated July 26, 1965.

OBJECTION: FRE Rules 401-402 Relevance. This release deals with settlement for damages arising strictly from construction of the defendant's pipeline canal, not future damages caused due to a breach of defendant's obligations and duty to maintain the pipeline canal levees. See plaintiff's oppositions to defendants' motions for summary judgment for in depth reasons analysis, and supporting jurisprudence.

Fee
Process
X Dktd
CtRmDep
Doc.No.

**RESPONSE:** Columbia Gulf claims that this release disposes of several of the claims asserted against it by plaintiff. See Columbia Gulf's memorandum in support of its motion for summary judgment. Its terms are clear and unambiguous. Even if plaintiff is correct, and the Court should admit parol evidence to interpret the document in a fashion other than what is presented within its four corners, the release is still admissible.

D-10.   Satellite Photo of Deltaic Lobes of Mississippi River Deltas showing delta switching and delta cycle (Coleman report - Exhibit A13)

**OBJECTION:** FRE Rules 401-402 Relevance. This photo lacks relevance and is misleading because it deals with river flow effects on the health of wetlands across Louisiana and purports to attribute causation for the alleged loss of wetlands in these other areas to the property involved in this case when there is better, specific data dealing with those identical issues on the specific property.

**RESPONSE:** This exhibit will enable Dr. Coleman to better explain the process of wetlands loss in southern Louisiana over the past 100 years.

D-13.   Map from Gagliano 1999 report - major geologic faults (Coleman report - Exhibit A20)

**OBJECTION:** FRE Rules 401-402 Relevance. This map lacks relevance and is misleading because it deals with geologic faults and their effect on health of wetlands across broad area and purports to attribute causation for the alleged loss of wetlands in these other areas to the property involved in this case when there is better, specific data dealing with those identical issues on the specific property.

**RESPONSE:** This map shows geologic faults that run throughout southern Louisiana and contribute to subsidence in Terrebonne Parish, including the property involved in this

case.  It is one of the documents relied on by Dr. Coleman for his opinion as to the effect

of subsidence on marsh loss in this case.

D-14.  Map, Subsidence Since Beginning of Holocene, Fisk and McFarlane, 1955 (Coleman
report - Exhibit A22)

**OBJECTION:** FRE Rules 401-402 Relevance. This map lacks relevance and is misleading
because it deals with geologic faults and their effect on health of wetlands across broad area
and purports to attribute causation for the alleged loss of wetlands in these other areas to the
property involved in this case when there is better, specific data dealing with those identical
issues on the specific property.

**RESPONSE:** This map shows the extent of subsidence in the lower Mississippi River

Valley over the past several thousand years, and includes the site of the property involved

in this case.  It is another document relied on by Dr. Coleman in forming his opinion as

to the effect of subsidence on wetlands loss.

D-18.  Chart (RSL vs. Sediment Accumulation), Deficit in Terrebonne Parish (Coleman report -
Exhibit A33)

**OBJECTION:** FRE Rules 401-402 Relevance. This chart lacks relevance and is misleading
because it deals with the effect on sedimentation and sea level rise on the health of wetlands
across Terrebonne Parish and purports to attribute causation for the alleged loss of wetlands
in these other areas to the property involved in this case when there is better, specific data
dealing with those identical issues on the specific property.

**RESPONSE**: This chart presents a portion of Dr. Coleman's findings as to the net effect

of subsidence in Terrebonne Parish, including the area involved in this case, when the

possible beneficial effects of sediment accumulation are taken into account.

3

D-21.   Photos of damaged marsh, Terrebonne Parish after Hurricane Andrew (Coleman report -
        Exhibit A40)

   **OBJECTION:** FRE Rules 401-402 Relevance. This photo lacks relevance and is
   misleading because it deals with hurricane damage on a piece of land unrelated to the
   property at issue and purports to attribute causation for the alleged loss of wetlands in these
   other areas to the property involved in this case when there is better, specific data dealing
   with those identical issues on the specific property.

   **RESPONSE:** This photograph shows how floating marsh, such as that involved in this

   case, can be "rolled up" by high winds generated by hurricanes, in this case Hurricane

   Andrew.  There are no photographs of the marsh situated on the property involved in this

   case following any hurricane.  This photograph demonstrates what happened elsewhere,

   and could have happened to portions of the marsh on the subject property.

D-22.   Photo of marsh before Hurricane Andrew (Coleman report - Exhibit A41)

D-23.   Photo of same area after Hurricane Andrew - now open water (Coleman report - Exhibit
        A42)

   **OBJECTION:** FRE Rules 401-402 Relevance. This photo lacks relevance and is
   misleading because it deals with hurricane damage on a piece of land unrelated to the
   property at issue and purports to attribute causation for the alleged loss of wetlands in these
   other areas to the property involved in this case when there is better, specific data dealing
   with those identical issues on the specific property.

   **RESPONSE:** These exhibits are before and after photographs showing how Hurricane

   Andrew converted floating marsh to open water.  Ponds and open water existed on Section

   16 prior to Hurricane Andrew.   There are no photographs of the site following the

4

hurricane showing its effects on any portion of Section 16; these photographs illustrate what could have happened.

D-35.  Map, Kinler & Linch, Nutria vegetative damage survey 1993-1996.

D-36.  Map, Kinler & Linch, 1998 - Nutria vegetative damage survey

D-37.  Map, Linscomb & Kinler, 1999 - Nutria vegetative damage survey

> **OBJECTION:** FRE Rules 401-402 Relevance. This map lacks relevance and is misleading because it deals with nutria herbivory on health of wetlands on specific tracts of land other than the property at issue and purports to attribute causation for the alleged loss of wetlands in these other areas to the property involved in this case when there is no correlation proven between the sites on the map and the property at issue.

> **RESPONSE:** These three maps are official documents of the State of Louisiana, Department of Wildlife and Fisheries.  They show the patterns of damage and destruction to wetlands caused by nutria throughout Louisiana, including Terrebonne Parish.  They were relied on by three of Columbia Gulf's experts (Dr. Coleman, Mr. Ensminger and Mr. Richard).  They show nutria activity in all types of marsh: saline, brackish, intermediate and fresh.

D-75.  Excerpts (measurements at cut in Columbia Gulf canal) from  Alex McCorquodale, November 3, 2000 report of Assessment of Flow between the Boundary Canals and the Marshes of Section 16, Number 18-13

> **OBJECTION:** Plaintiff does not object to the entire report of McCorquodale being introduced into evidence, but Plaintiff objects to the introduction of portions of the report to the extent those portions do not accurately reflect the methodology and conclusions reached by McCorquodale.

5

**RESPONSE:** These portions of Dr. McCorquodale's studies were relied on by Columbia

Gulf expert Dr. Joseph Suhayda in performing his calculations as to the velocity and

volume of the water passing into the marsh from the cut in the south bank of the Columbia

Gulf flotation ditch.  The excerpts include all materials setting forth observations and

findings regarding the measurements at the cut in the Columbia Gulf canal. Excluded are

portions of the report dealing with measurements elsewhere and with the witness' opinion

testimony, which is hearsay.

D-77.  Excerpt from Robinson and Crowe, Engineering Fluid Mechanics, Fourth Ed., showing
formulae used by Dr.  Joseph Suhayda in his calculations

**OBJECTION:** Hearsay - FRE Rules 801, 802.

**RESPONSE:** The excerpt from this standard engineering text sets forth the formulae used

by Dr. Suhayda in calculating the water velocity which could be expected to be found

under the marsh mat adjacent to the cut in the south bank of the Columbia Gulf flotation

ditch, using Dr. McCorquodale's measurements.  This document can be admitted as an

exception to the hearsay rule at the discretion of the Court.  See FRE Rule 803(18).

D-78.  Graph  - Water Elevation vs.  Time at Section 16 - Hurricane Hilda

**OBJECTION:** Plaintiff objects to this document as being untimely.  It is the work product
of Dr. Suhayda.  It was not submitted until January 7, 2001, after the deposition of Dr.
Suhayda.

6

**RESPONSE:** Although this document was produced late, it builds on work which was

disclosed to counsel for plaintiff in Dr. Suhayda's report and at his deposition. A similar

graph for Hurricane Juan was presented at the deposition.

D-86. Table of selected hunting and fishing leases for Section 16 nearest subject.

**OBJECTION:** FRE Rules 401-402 Relevance. Plaintiff is claiming restoration damages
due to actions of the defendants. Hunting fishing leases are not relevant to the issues of
causation, liability, nor damages.

**RESPONSE:** The hunting and fishing leases are exhibits sponsored by Dr. Wade Ragas,

an expert real estate appraiser and economist and bear directly on the valuation of the

property under the income approach. Columbia Gulf contends that plaintiff's recoverable

damages, if any, are based only on any diminution in the value of the land and not on

restoration costs, and this evidence is directly relevant thereto.

D-87. Table of four cases by West Jefferson Levee District.

**OBJECTION:** FRE Rules 401-402 Relevance. Further, Plaintiff objects that the cases
cited are an interpretation of the law by Dr. Ragas who is unqualified to make such
interpretations. FRE Rules 701-704. See also Plaintiff's motion in limine to exclude
testimony of Columbia Gulf's experts.

**RESPONSE:** The cases are cited to show the values of the wetlands as assigned by the

courts, which is both directly relevant and within Dr. Ragas' areas of expertise.

D-88. Table on Compensatory Mitigation Costs for Terrebonne Parish.

7

**OBJECTION:** FRE Rules 401-402 Relevance. Further, Plaintiff objects that the table cited is an interpretation of the values assessed to wetlands based on their functional benefits, and Dr. Ragas who is unqualified to make such interpretations based on his lack of scientific training. FRE Rules 701-704. See also Plaintiff's motion in limine to exclude testimony of Columbia Gulf's experts.

**RESPONSE:** The table is used to demonstrate the relationship between valuation and typical compensatory mitigation costs, and is directly relevant and within Dr. Ragas' areas of expertise.

D-89. Table on Farber studies of Louisiana wetlands value estimates stated in per acre terms by category.

**OBJECTION:** FRE Rules 401-402 Relevance. Further, Plaintiff objects that the table cited is an interpretation of the values assessed to wetlands based on their functional benefits, and Dr. Ragas who is unqualified to make such interpretations based on his lack of scientific training. FRE Rules 701-704. See also Plaintiff's motion in limine to exclude testimony of Columbia Gulf's experts.

**RESPONSE:** This table is used to evaluate the per acre estimates arrived at by Farber, an expert cited by plaintiff, in comparison to accepted real estate appraisal and economic analyses, and is directly relevant and within Dr. Ragas' areas of expertise.

D-91. Minutes of Terrebonne Parish School Board Meeting dated February 5, 1974 (TPSB 0901-0908)

D-92. Minutes of Terrebonne Parish School Board Meeting dated November 9, 1976 (TPSB 1507-1510)

D-93. Minutes of Terrebonne Parish School Board Meeting dated December 7, 1976 (TPSB 1499-1506)

D-94. Minutes of Terrebonne Parish School Board Meeting dated April 5, 1977 (TPSB 0909-0916)

D-95. Minutes of Terrebonne Parish School Board Meeting dated May 5, 1981 (TPSB 0926-0931)

**OBJECTION:** FRE Rules 401-402 Relevance. The minutes are not specific to damages on the property at issue but rather, deal with possible damages to and management of specific other properties owned by plaintiff or deal with said issues in general without reference specifically to the property at issue. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

**RESPONSE:** These documents are relevant and therefore admissible because they deal with the issues of TPSB's knowledge of erosion on Section 16 lands, causes of that erosion, commencement of prescription as to any such claims for erosion, and TPSB's failure to mitigate. Columbia Gulf's Opposition to Plaintiff's Motion in Limine to exclude Evidence of Studies and Plans on other Section 16 Lands addresses the relevance of these documents in more detail.

D-96. Newspaper Article, May 6, 1981, "School Board Defers Canal Action"

**OBJECTION:** FRE Rules 401-402 Relevance. FRE Rules 801-802, Hearsay. The newspaper article is not specific to damages on the property at issue but rather, deals with possible damages to and management of specific other properties owned by plaintiff. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

**RESPONSE:** This document is relevant and therefore admissible because its demonstrates TPSB's knowledge of erosion on Section 16 lands, and when that knowledge accrued. It

also bears on commencement of prescription as to any such claims for erosion, and

TPSB's failure to mitigate. This article is admissible as to exception to the hearsay rule

because it is not offered in evidence to prove the truth of the matters asserted therein, but

instead, only to establish that this newspaper article on this topic was published on this

date.

D-97. Minutes of Terrebonne Parish School Board Meeting dated August 18, 1981 (TPSB 1485-1488)

**OBJECTION:** FRE Rules 401-402 Relevance. The minutes are not specific to damages on the property at issue but rather, deal with possible damages to and management of specific other properties owned by plaintiff or deal with said issues in general without reference specifically to the property at issue. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

**RESPONSE:** This document is relevant and therefore admissible because it deals with the

issues of TPSB's knowledge of erosion on Section 16 lands, causes of that erosion,

commencement of prescription as to any such claims for erosion, and TPSB's failure to

mitigate. Columbia Gulf's Opposition to Plaintiff's Motion in Limine to exclude Evidence

of Studies and Plans on Other Section 16 Lands addresses the relevance of these

documents in more detail.

D-98. Letter from Brian A. Brunet of T. Baker Smith & Son, Inc. to Terrebonne Parish School Board dated January 13, 1982 (TPSB 1373)

10

**OBJECTION:** FRE Rules 401-402 Relevance. The correspondence is not specific to damages on the property at issue but rather, deals with possible damages to and management of specific other properties owned by plaintiff or deal with said issues in general without reference specifically to the property at issue. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

**RESPONSE:** These documents are relevant and therefore admissible because they deal with the issues of TPSB's knowledge of erosion on Section 16 lands, causes of that erosion, commencement of prescription as to any such claims for erosion, and TPSB's failure to mitigate. Columbia Gulf's Opposition to Plaintiff's Motion in Limine to exclude Evidence of Studies and Plans on Other Section 16 Lands addresses the relevance of these documents in more detail.

D-99. Preliminary Erosion Study of Section 16 Lands (School Board properties) in Terrebonne Parish, Louisiana, T. Baker Smith, January 13, 1982

**OBJECTION:** FRE Rules 401-402 Relevance. The erosion study is not specific to damages on the property at issue but rather, deals with possible damages to and management of five other unrelated properties owned by plaintiff. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

**RESPONSE:** This document is relevant and therefore admissible because it deals with the issues of TPSB's knowledge of erosion on Section 16 lands, causes of that erosion, commencement of prescription as to any such claims for erosion, and TPSB's failure to mitigate. Columbia Gulf's Opposition to Plaintiff's Motion in Limine to exclude Evidence

11

of Studies and Plans on Other Section 16 Lands addresses the relevance of these documents in more detail.

D-100  Minutes of Terrebonne Parish School Board Meeting dated April 13, 1982 (TPSB 1475-1478)

D-101  Minutes of Terrebonne Parish School Board Meeting dated June 1, 1982 (TPSB 1479-1484)

D-105  Minutes of Terrebonne Parish School Board Meeting dated April 7, 1987 (TPSB 0932-0942)

**OBJECTION:** FRE Rules 401-402 Relevance. The minutes are not specific to damages on the property at issue but rather, deal with possible damages to and management of specific other properties owned by plaintiff or deal with said issues in general without reference specifically to the property at issue.  See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

**RESPONSE:** These documents are relevant and therefore admissible because they deal with the issues of TPSB's knowledge of erosion on Section 16 lands, causes of that erosion, commencement of prescription as to any such claims for erosion, and TPSB's failure to mitigate.  Columbia Gulf's Opposition to Plaintiff's Motion in Limine to exclude Evidence of Studies and Plans on Other Section 16 Lands addresses the relevance of these documents in more detail.

D-106  Letter from Ed Fike of Coastal Environments, Inc. to Herb Carreker of Terrebonne Parish School Board dated March 12, 1993 (TPSB 1357-1358)

D-107  Letter from Ed Fike of Coastal Environments, Inc. to Herb Carreker of Terrebonne Parish School Board dated April 21, 1993 (TPSB 1359-1363)

**OBJECTION:** FRE Rules 401-402 Relevance. The correspondence is not specific to damages on the property at issue but rather, deals with a proposal by an outside contractor to check for possible damages to and management of properties owned by plaintiff. The letter goes to the defense of prescription which is without merit in this case because the servitudes are still in effect and imposes continuing obligations of defendants. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

**RESPONSE:** These documents are relevant and therefore admissible because they deal with the issues of TPSB's knowledge of erosion on Section 16 lands, causes of that erosion, commencement of prescription as to any such claims for erosion, and TPSB's failure to mitigate. Columbia Gulf's Opposition to Plaintiff's Motion in Limine to exclude Evidence of Studies and Plans on Other Section 16 Lands addresses the relevance of these documents in more detail.

D-108  Letter from Herb Carreker of Terrebonne Parish School Board to Members of Finance, Insurance and Section 16 Lands Committee dated April 26, 1993 (TPSB 0480-0481)

D-109  Letter from the Finance, Insurance and Section 16 Lands Committee to Terrebonne Parish School Board Members dated June 1, 1993 (TPSB 1073-1077)

D-110  Letter from the Finance, Insurance and Section 16 Lands Committee to Terrebonne Parish School Board Members dated May 4, 1993 (TPSB 1078-1082)

**OBJECTION:** FRE Rules 401-402 Relevance. The correspondence is not specific to damages on the property at issue but rather, deals with rents and revenues generated by the TPSB. TPSB is not making a royalty claim and revenues are not relevant to each defendant's breach of its servitude. See also Plaintiff's Motion in Limine to Exclude Evidence of Rents and Royalties.

13

**RESPONSE:** These documents, which pertain to revenues derived by TPSB from its Section 16 lands, including the instant Section, are relevant to its ability to mitigate the damages it alleges were caused by Columbia Gulf herein. For a more detailed discussion of their relevance to the mitigation issue, see Columbia Gulf's Opposition to Plaintiff's Motion in Limine to Exclude Evidence of Rents and Royalties. In addition, these documents also contain evidence necessary to value Section 16 lands, and therefore, are relevant to the measure of alleged damages.

D-111  Letter from Herb Carreker of Terrebonne Parish School Board to Surface Lease Holders - Terrebonne Parish School Board dated July 30, 1993 (TPSB 0232)

**OBJECTION:** FRE Rules 401-402 Relevance. The correspondence is not specific to damages on the property at issue but rather, deals with a proposal by a government entity to provide assistance in management of properties owned by plaintiff. The letter goes to the defense of prescription which is without merit in this case because the servitudes are still in effect and imposes continuing obligations of defendants. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

**RESPONSE:** This correspondence is relevant and therefore admissible because it deals with the issues of TPSB's knowledge of erosion on Section 16 lands, causes of that erosion, commencement of prescription as to any such claims for erosion, and TPSB's failure to mitigate. Columbia Gulf's Opposition to Plaintiff's Motion in Limine to exclude Evidence of Studies and Plans on Other Section 16 Lands addresses the relevance of these documents in more detail.

D-112 Letter from Herbert Carreker to Terrebonne Parish School Board dated December 13, 1993 (003675)

**OBJECTION:** FRE Rules 401-402 Relevance. The transcript is not specific to damages on the property at issue but rather, deals with possible damages to and management of property owned by plaintiff in Section 16, Township 18 South, Range 17 East, which is completely unrelated to the property at issue. The transcript goes to the defense of prescription which is without merit in this case because the servitudes are still in effect and imposes continuing obligations of defendants. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

**RESPONSE:** This correspondence is relevant and therefore admissible because it bears

on the issues of TPSB's knowledge of erosion on Section 16 lands, causes of that erosion,

commencement of prescription as to any such claims for erosion, and TPSB's failure to

mitigate. Columbia Gulf's Opposition to Plaintiff's Motion in Limine to exclude Evidence

of Studies and Plans on Other Section 16 Lands addresses the relevance of these

documents in more detail.

D-113 Minutes of Terrebonne Parish School Board Meeting dated April 25, 1994 (TPSB 1341-1346)

**OBJECTION:** FRE Rules 401-402 Relevance. The minutes are not specific to damages on the property at issue but rather, deal with possible damages to and management of specific other properties owned by plaintiff or deal with said issues in general without reference specifically to the property at issue. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

**RESPONSE:** This document is relevant and therefore admissible because it deals with the issues of TPSB's knowledge of erosion on Section 16 lands, causes of that erosion, commencement of prescription as to any such claims for erosion, and TPSB's failure to mitigate. Columbia Gulf's Opposition to Plaintiff's Motion in Limine to exclude Evidence of Studies and Plans on Other Section 16 Lands addresses the relevance of these documents in more detail.

D-114 Minutes of Terrebonne Parish School Board Meeting dated May 17, 1994 (TPSB 0943-0955)

**OBJECTION:** FRE Rules 401-402 Relevance. The minutes are not specific to damages on the property at issue but rather, deal with possible damages to and general management of specific other properties owned by plaintiff or deal with said issues in general without reference specifically to the property at issue. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East. Further, the minutes are not specific to the property at issue but rather, deals with rents and revenues generated by the TPSB. TPSB is not making a royalty claim and revenues are not relevant to each defendant's breach of its servitude. See also Plaintiff's Motion in Limine to Exclude Evidence of Rents and Royalties.

**RESPONSE:** This document is relevant and therefore admissible because it deals with the issues of TPSB's knowledge of erosion on Section 16 lands, causes of that erosion, commencement of prescription as to any such claims for erosion, and TPSB's failure to mitigate. Columbia Gulf's Opposition to Plaintiff's Motion in Limine to exclude Evidence of Studies and Plans on Other Section 16 Lands addresses the relevance of these documents in more detail.

16

D-115 Letter from Herbert Carreker of Terrebonne Parish School Board to Members of Finance, Insurance and Section 16 Lands Committee dated August 23, 1994 (TPSB 1374)

D-116 Letter from Herbert Carreker of Terrebonne Parish School Board to Members of Finance, Insurance and Section 16 Lands Committee dated September 26, 1994 (TPSB 1375)

D-117 Letter from Section 16 Lands Committee, October 4, 1994, (TPSB 1071- 1072)

D-118 Letter from Herbert Carreker of Terrebonne Parish School Board to Dr. Frank Fudesco dated October 10, 1994 (TPSB 1376)

**OBJECTION:** FRE Rules 401-402 Relevance. The correspondence is not specific to damages on the property at issue but rather, deals with a proposal by a government entity to provide assistance in general management of properties owned by plaintiff. The letter goes to the defense of prescription which is without merit in this case because the servitudes are still in effect and imposes continuing obligations of defendants. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

**RESPONSE:** These documents are relevant and therefore admissible because they deal with the issues of TPSB's knowledge of erosion on Section 16 lands, causes of that erosion, commencement of prescription as to any such claims for erosion, and TPSB's failure to mitigate. Columbia Gulf's Opposition to Plaintiff's Motion in Limine to exclude Evidence of Studies and Plans on Other Section 16 Lands addresses the relevance of these documents in more detail.

D-119 Terrebonne Parish School Board Contractual Services for Penchant Basin Resource Plan Sixteenth Section Evaluation dated November 1, 1994 (TPSB 1347-1353)

**OBJECTION:** FRE Rules 401-402 Relevance. The proposed contract is not specific to damages on the property at issue but rather, deals with a proposal by an outside contractor to check for possible damages to and management of properties owned by plaintiff. The

17

letter goes to the defense of prescription which is without merit in this case because the servitudes are still in effect and imposes continuing obligations of defendants. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

**RESPONSE:** This document is relevant and therefore admissible because it bears on the issues of TPSB's knowledge of erosion on Section 16 lands, causes of that erosion, commencement of prescription as to any such claims for erosion, and TPSB's failure to mitigate. Columbia Gulf's Opposition to Plaintiff's Motion in Limine to exclude Evidence of Studies and Plans on Other Section 16 Lands addresses the relevance of these documents in more detail.

D-120 Letter from Herbert Carreker of Terrebonne Parish School Board to Members of the Finance, Insurance and Section 16 Lands Committee dated November 4, 1994 (TPSB 1378-1380)

D-121 Letter from Morris Hebert to Herbert Carreker of Terrebonne Parish School Board dated April 13, 1995 (TPSB 1088-1089, 1107-1110, 1176)

**OBJECTION:** FRE Rules 401-402 Relevance. The correspondence is not specific to damages on the property at issue but rather, deals with a proposal by an outside contractor to check for possible damages to and general management of properties owned by plaintiff. The letter goes to the defense of prescription which is without merit in this case because the servitudes are still in effect and imposes continuing obligations of defendants. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

**RESPONSE:** These documents are relevant and therefore admissible because they deal with the issues of TPSB's knowledge of erosion on Section 16 lands, causes of that erosion, commencement of prescription as to any such claims for erosion, and TPSB's

failure to mitigate. Columbia Gulf's Opposition to Plaintiff's Motion in Limine to exclude

Evidence of Studies and Plans on Other Section 16 Lands addresses the relevance of these

documents in more detail.

D-122 Letter to Terrebonne Parish School Board Members Re: Meeting of The Finance, Insurance and Section 16 Lands Committee Meeting dated September 17, 1996 (TPSB 1049-1050)

**OBJECTION:** FRE Rules 401-402 Relevance. The correspondence is not specific to the property at issue but rather, deals with rents and revenues generated by the TPSB. TPSB is not making a royalty claim and revenues are not relevant to each defendant's breach of its servitude. See also Plaintiff's Motion in Limine to Exclude Evidence of Rents and Royalties.

**RESPONSE:** These documents, which pertain to revenues derived by TPSB from its

Section 16 lands, including the instant Section, are relevant to its ability to mitigate the

damages it alleges were caused by Columbia Gulf herein. For a more detailed discussion

of their relevance to the mitigation issue, see Columbia Gulf's Opposition to Plaintiff's

Motion in Limine to Exclude Evidence of Rents and Royalties. In addition, these

documents also contain evidence necessary to value Section 16 lands, and therefore, are

relevant to the measure of alleged damages.

D-123 Spreadsheet of General Operating Fund - School Land Income

**OBJECTION:** FRE Rules 401-402 Relevance. The spreadsheet is not specific to the property at issue but rather, deals with rents and revenues generated by the TPSB. TPSB is not making a royalty claim and revenues are not relevant to each defendant's breach of

RESPONSE: This document which pertains to revenues derived by TPSB from its Section
16 lands is relevant to its ability to mitigate the damages it alleges were caused by
Columbia Gulf herein.  For a more detailed discussion of their relevance to the mitigation
issue, see Columbia Gulf's Opposition to Plaintiff's Motion in Limine to Exclude
Evidence of Rents and Royalties.  In addition, these documents also contain evidence
necessary to value Section 16 lands, and therefore, are relevant to the measure of alleged
damages.

D-124  Minutes of Meeting of Terrebonne Parish School Board dated December 17, 1996 (TPSB
0977-0979)

OBJECTION: FRE Rules 401-402 Relevance. The minutes are not specific to the
property at issue but rather, deal with a proposal by TPSB's counsel in this case to
undertake plugging of a well on an unrelated property.

RESPONSE: This document is relevant and therefore admissible because it deals with the
issues of TPSB's knowledge of erosion on Section 16 lands, causes of that erosion,
commencement of prescription as to any such claims for erosion, and TPSB's failure to
mitigate. Columbia Gulf's Opposition to Plaintiff's Motion in Limine to exclude Evidence
of Studies and Plans on Other Section 16 Lands addresses the relevance of these
documents in more

D-125  Letter from Malcolm Poiencot to Herbert Carreker dated March 4, 1998 (TPSB 0036 &
0038)

20

**OBJECTION:** FRE Rules 701-704 Expert Witness. The correspondence contains opinions of a lay person who is making statements about "scientific, technical, or other specialized knowledge". As such, said letter is not admissible. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

**RESPONSE:** This document represents a memorialization of first-hand findings of damage to the Section 16 at issue in this case by Malcolm Poiencot, an individual hired by TPSB to inspect for marsh damage. Mr. Poiencot's testimony is admissible both as fact testimony based on personal knowledge and also as testimony under FRE 701. In his deposition testimony, he both identified and confirmed the contents of this document. For more in depth argument on the relevance and admissibility of this document and of Mr. Poiencot's testimony, see Columbia Gulf's Opposition to Plaintiff's Motion in Limine to Exclude Testimony of Malcolm Poiencot, and also its Opposition to Plaintiff's Motion to Exclude Evidence of Studies and Plans at to other sections, at pp. 2-3.

D-126 Minutes of Meeting of Terrebonne Parish School Board dated September 17, 1996 (TPSB 0970 - 0971)

**OBJECTION:** FRE Rules 401-402 Relevance. The minutes are not specific to the property at issue but rather, deal with a discussion by TPSB's counsel in this case to regarding possible damage on an unrelated property.

**RESPONSE:** This document is relevant and therefore admissible because it deals with the issues of TPSB's knowledge of erosion on Section 16 lands, causes of that erosion, commencement of prescription as to any such claims for erosion, and TPSB's failure to

21

mitigate. Columbia Gulf's Opposition to Plaintiff's Motion in Limine to exclude Evidence

of Studies and Plans on Other Section 16 Lands addresses the relevance of these

documents in more detail.

D-127 Letter from Constance A. Koury, First Assistant Attorney General, to Dr. Frank D.
Fudesco, Superintendent of Terrebonne Parish School Board (TPSB 1515 - 1518)

**OBJECTION:** FRE Rules 701-704 Expert Witness. The correspondence, resolution, and
contract deal with the retaining the legal services of TPSB's counsel in this case. It is
unrelated to defendants' obligations and duties, and their breaches thereof. The documents
are not relevant to the issues of causation, liability, or damages. The documents are
strictly for the purpose of prejudicing the court against Plaintiff.

**RESPONSE:** These documents are relevant and therefore admissible because they deal

with the issues of TPSB's knowledge of erosion on Section 16 lands, causes of that erosion

and commencement of prescription as to any such claims for erosion. Columbia Gulf's

Opposition to Plaintiff's Motion in Limine to exclude Evidence of Studies and Plans on

Other Section 16 Lands addresses the relevance of these documents in more detail.

D-128 Minutes of Meeting of the Finance, Insurance and Section 16 Lands Committee dated
August 1996 (TPSB 1329-1340)

**OBJECTION:** FRE Rules 401-402 Relevance. The transcript is not specific to the
property at issue but rather, deal with a discussion TPSB's counsel in this case regarding
damages to an unrelated property.

**RESPONSE:** The transcript is relevant and therefore admissible because it deals with the

issues of TPSB's knowledge of erosion on Section 16 lands, causes of that erosion,

commencement of prescription as to any such claims for erosion, and TPSB's failure to

mitigate. Columbia Gulf's Opposition to Plaintiff's Motion in Limine to exclude Evidence

of Studies and Plans on Other Section 16 Lands addresses the relevance of these

documents in more detail.

D-129  Minutes of Meeting of Terrebonne Parish School Board dated May 4, 1989 (TPSB 0989-0990)

**OBJECTION:** FRE Rules 401-402 Relevance. The minutes deal with collecting data to be used in the general management of a large area of wetlands and are not specific to damages caused by defendants specifically to the property at issue. See also Plaintiff's Motion in Limine to Exclude Evidence of Studies and Plans on Terrebonne Parish School Board Section 16 Lands Other than Section 16, Township 18 South, Range 13 East.

**RESPONSE:** These documents are relevant and therefore admissible because they deal

with the issues of TPSB's knowledge of erosion on Section 16 lands, causes of that

erosion, commencement of prescription as to any such claims for erosion, and TPSB's

failure to mitigate. Columbia Gulf's Opposition to Plaintiff's Motion in Limine to exclude

Evidence of Studies and Plans on Other Section 16 Lands addresses the relevance of these

documents in more detail.

D-130  Spreadsheet, Terrebonne School Board Section 16 land values (TPSB 0663 - 0664)

**OBJECTION:** FRE Rules 401-402 Relevance. The spreadsheet is not specific to the property at issue but rather, deals with rents and revenues generated by the TPSB. TPSB is not making a royalty claim and revenues are not relevant to each defendant's breach of its servitude. See also Plaintiff's Motion in Limine to Exclude Evidence of Rents and Royalties.