PLEASE FILE
IN RECORD

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERREBONNE PARISH SCHOOL BOARD * | CASE NUMBER: 00-0319 |
| * | |
| VERSUS * | SECTION: "B" |
| * | |
| COLUMBIA GULF TRANSMISSION * | MAGISTRATE: 5 |
| COMPANY AND KOCH GATEWAY * | |
| PIPELINE COMPANY * | |

******************************************

## TPSB'S RESPONSES TO OBJECTIONS NOTED

Pursuant to this court's Amended Trial Preparation Order, plaintiff, Terrebonne Parish School Board ("TPSB") submits the following responses to defendants' objections to TPSB's proposed exhibits:

P-9.  Revised Report entitled "Assessment of the Direct and Indirect Impacts of Pipelines in Section 16, Township 18 South, Range 13 East, Terrebonne Parish, Louisiana, Revised" prepared by Shea Penland, Ph.D. and Andrew Milanes, together with all maps, photographs, demonstrative aids, and other exhibits attached to and included in the Report.

OBJECTION: Hearsay - FRE Rules 801, 802. Defendants do not object to a number of the exhibits attached to this report and listed separately by plaintiff.

RESPONSE: Report is based on the firsthand knowledge of Shea Penland and consist of materials reasonably relied upon by experts in this field (FRE 703). Moreover, those maps, photographs, demonstrative aids, and other exhibits attached to and included in the Report are not hearsay as they are either: Public Records and Reports (FRE 803(8)), Commercial Publications (FRE 803(17)), or Learned Treatises (FRE 803(18)).

P-10. Report entitled "Assessment of Coastal Wetland Values" by Shea Penland, Ph.D. together with all maps, photographs, demonstrative aids and other exhibits attached to and included in the Report.

OBJECTION: Hearsay - FRE Rules 801, 802; relevance, because this report deals with "societal value" of wetlands generally, not the value of the property involved in this case. See defendants' motions in limine to exclude Dr. Penland's testimony as to these values.

RESPONSE: Report is based on the firsthand knowledge of Shea Penland and consist of materials reasonably relied upon by experts in this field (FRE 703). Moreover, those maps, photographs, demonstrative aids, and other exhibits attached to and included in the Report are not hearsay as they are either: Public Records and Reports (FRE 803(8)), Commercial Publications (FRE 803(17)), or Learned Treatises (FRE 803(18)). Subject matter is relevant as TPSB has made a claim for damage to its property and said subject matter presents information relevant to said inquiry. See TPSB's opposition to motions in limine.

P-11. Report entitled "Assessment of Potential Hurricane Damage To Terrebonne Parish School Board Section 16, Township 18 South, Range 13 East Property" prepared by Shea Penland, Ph.D., together with all maps, photographs, demonstrative aids and other exhibits attached to and included in the Report.

OBJECTION: Hearsay - FRE Rules 801, 802. Defendants do not object to a number of the exhibits attached to this report and listed separately by plaintiff.

RESPONSE: Report is based on the firsthand knowledge of Shea Penland and consist of materials reasonably relied upon by experts in this field (FRE 703). Moreover, those maps, photographs, demonstrative aids, and other exhibits attached to and included in the Report are not hearsay as they are either: Public Records and Reports (FRE 803(8)), Commercial Publications (FRE 803(17)), or Learned Treatises (FRE 803(18)).

P-12.  All maps, photographs, demonstrative aids, publications, and other documentation used, referred to, or relied upon by Shea Penland in preparing his expert report and forming his expert opinion.

OBJECTION: Hearsay - FRE Rules 801, 802. Defendants do not object to a number of the exhibits attached to this report and listed separately by plaintiff.

RESPONSE: Those maps, photographs, demonstrative aids, publications, and other documentation used, referred to, or relied upon by Shea Penland in preparing his expert report and forming his expert opinion are items reasonably relied upon by experts in this field (FRE 703). Moreover, said items are not hearsay as they are either: Public Records and Reports (FRE 803(8)), Commercial Publications (FRE 803(17)), or Learned Treatises (FRE 803(18)).

P-13.  Report entitled "Evaluation of Damages to Property of the Terrebonne Parish School Board in Township 18 South, Range 13 East," by Robert H. Chabreck, Ph.D., together with all maps, photographs, demonstrative aids, and other exhibits attached to and included in the report.

OBJECTION: Hearsay - FRE Rules 801, 802; Qualifications - see defendants' motions in limine.

RESPONSE: Report is based on the firsthand knowledge of Robert H. Chabreck, Ph.D. and consist of materials reasonably relied upon by experts in this field (FRE 703). Moreover, those maps, photographs, demonstrative aids, and other exhibits attached to and included in the Report are not hearsay as they are either: Public Records and Reports (FRE 803(8)), Commercial Publications (FRE 803(17)), or Learned Treatises (FRE 803(18)). Qualifications - See TPSB's opposition to defendants' motions in limine.

P-14.  Report entitled "Field Survey of Wetland Damage Associated with Pipelines in Section 16, Township 18 South, Range 13 East, Terrebonne Parish, Louisiana," by Robert H. Chabreck, Ph.D., together with all maps, photographs, demonstrative aids, and other exhibits attached to and included in the report.

OBJECTION: Hearsay - FRE Rules 801, 802; Qualifications - see defendants' motions in limine. Defendants do not object to a number of the exhibits attached to this report and listed separately by plaintiff.

> RESPONSE: Report is based on the firsthand knowledge of Robert H. Chabreck, Ph.D. and consist of materials reasonably relied upon by experts in this field (FRE 703). Moreover, those maps, photographs, demonstrative aids, and other exhibits attached to and included in the Report are not hearsay as they are either: Public Records and Reports (FRE 803(8)), Commercial Publications (FRE 803(17)), or Learned Treatises (FRE 803(18)). Qualifications - See TPSB's opposition to defendants' motions in limine.

P-15. Report entitled "Thickness of the Root Mat in Section 16, Township 18 South, Range 13 East, Terrebonne Parish, Louisiana," by Robert H. Chabreck, Ph.D., together with all maps, photographs, demonstrative aids, and other exhibits attached to and included in the report.

> OBJECTION: Hearsay - FRE Rules 801, 802; Qualifications - see Koch's motions in limine. Defendants do not object to a number of the exhibits attached to this report and listed separately by plaintiff.

> RESPONSE: Report is based on the firsthand knowledge of Robert H. Chabreck, Ph.D. and consist of materials reasonably relied upon by experts in this field (FRE 703). Moreover, those maps, photographs, demonstrative aids, and other exhibits attached to and included in the Report are not hearsay as they are either: Public Records and Reports (FRE 803(8)), Commercial Publications (FRE 803(17)), or Learned Treatises (FRE 803(18)). Qualifications - See TPSB's opposition to defendants' motions in limine.

P-16. All maps, photographs, demonstrative aids, publications, and other documentation used, referred to, or relied upon by Robert Chabreck in preparing his expert reports and forming his expert opinion.

> OBJECTION: Hearsay - FRE Rules 801, 802. Defendants do not object to a number of the exhibits attached to this report and listed separately by plaintiff.

> RESPONSE: Those maps, photographs, demonstrative aids, publications, and other documentation used, referred to, or relied upon by Robert Chabreck in preparing his expert reports and forming his expert opinion are materials reasonably relied upon by experts in this field (FRE 703). Moreover, said items are not hearsay as they are either: Public Records and Reports (FRE 803(8)), Commercial Publications (FRE 803(17)), or Learned Treatises (FRE 803(18)).

P-17. Expert report prepared by Charles M. Camp dated October 31, 2000, outlining the proposed restoration of Section 16, Township 18 South, Range 13 East, together with all maps, photographs, demonstrative aids, and other exhibits attached to and included in Camp's report.

OBJECTION: Hearsay - FRE Rules 801, 802; relevance - plaintiff is not entitled to restoration damages as the cost of the proposed restoration plan is grossly disproportionate to the value of the property allegedly damaged; qualifications - see Koch's motion in limine as to Mr. Camp.

RESPONSE: Report is based on the firsthand knowledge of Charles M. Camp and consist of materials reasonably relied upon by experts in this field (FRE 703). Moreover, those maps, photographs, demonstrative aids, and other exhibits attached to and included in the Report are not hearsay as they are either: Public Records and Reports (FRE 803(8)), Commercial Publications (FRE 803(17)), or Learned Treatises (FRE 803(18)). Subject matter is relevant as TPSB has made a claim for damage to its property and said subject matter presents information relevant to said inquiry, whether this court ultimately awards damages in any and all forms/amounts set forth in said reports and/or exhibits has no effect on their relevance. Qualifications - See TPSB's opposition to motions in limine.

P-20. September 12, 2000, map entitled "Section 16 Township 18 South, Range 13 East Restoration Project No. 2 Plan Overview" outlining the restoration of the pipeline canals dredged by Koch and Columbia Gulf.

OBJECTION: Hearsay - FRE Rules 801, 802; relevance - plaintiff is not entitled to restoration damages as the cost of the proposed restoration plan is grossly disproportionate to the value of the property allegedly damaged; qualifications - see Koch's motion in limine as to Mr. Camp.

RESPONSE: Map is based on the firsthand knowledge of Charles M. Camp and consist of materials reasonably relied upon by experts in this field (FRE 703). Moreover, said map is not hearsay as it is also based on Public Records and Reports (FRE 803(8)) or Commercial Publications (FRE 803(17)). Subject matter is relevant as TPSB has made a claim for damage to its property and said subject matter presents information relevant to said inquiry, whether this court ultimately awards damages in any and all forms/amounts set forth in said reports and/or exhibits has no effect on their relevance. Qualifications - See TPSB's opposition to motions in limine.

P-21.  September 12, 2000, map entitled "Section 16 Township 18 South, Range 13 East Restoration Project No. 1 Plan Overview" outlining the restoration of the pipeline canals dredged by Koch and Columbia Gulf.

OBJECTION: Hearsay - FRE Rules 801, 802; relevance - plaintiff is not entitled to restoration damages as the cost of the proposed restoration plan is grossly disproportionate to the value of the property allegedly damaged; qualifications - see Koch's motion in limine as to Mr. Camp.

RESPONSE: Map is based on the firsthand knowledge of Charles M. Camp and consist of materials reasonably relied upon by experts in this field (FRE 703). Moreover, said map is not hearsay as it is also based on Public Records and Reports (FRE 803(8)) or Commercial Publications (FRE 803(17)). Subject matter is relevant as TPSB has made a claim for damage to its property and said subject matter presents information relevant to said inquiry, whether this court ultimately awards damages in any and all forms/amounts set forth in said reports and/or exhibits has no effect on their relevance. Qualifications - See TPSB's opposition to motions in limine.

P-22.  Map for restoration plan #3, "Section 16 Township 18 South, Range 13 East Restoration Project No. 3 Plan Overview" outlining the restoration of the marsh damaged and destroyed as a result of the eroding pipeline canals dredged by Koch and Columbia Gulf.

OBJECTION: Hearsay - FRE Rules 801, 802; relevance - plaintiff is not entitled to restoration damages as the cost of the proposed restoration plan is grossly disproportionate to the value of the property allegedly damaged; qualifications - see Koch's motion in limine as to Mr. Camp.

RESPONSE: Map is based on the firsthand knowledge of Charles M. Camp and consist of materials reasonably relied upon by experts in this field (FRE 703). Moreover, said map is not hearsay as it is also based on Public Records and Reports (FRE 803(8)) or Commercial Publications (FRE 803(17)). Subject matter is relevant as TPSB has made a claim for damage to its property and said subject matter presents information relevant to said inquiry, whether this court ultimately awards damages in any and all forms/amounts set forth in said reports and/or exhibits has no effect on their relevance. Qualifications - See TPSB's opposition to motions in limine.

P-23.  Report entitled "Assessment of Flow Between the Boundary Canals and the Marshes of Section 16, No. 18-13" prepared by Alex McCorquodale, Ph.D., P.E. and Robert Simmons, P.E., together with all maps, photographs, demonstrative aids, and other exhibits attached to and included in the report.

OBJECTION: Hearsay - FRE Rules 801, 802. Defendants do not object to a number of the exhibits attached to this report and listed separately by plaintiff.

RESPONSE: Report is based on the firsthand knowledge of Alex McCorquodale, Ph.D., P.E. and Robert Simmons, P.E. and consist of materials reasonably relied upon by experts in this field (FRE 703). Moreover, those maps, photographs, demonstrative aids, and other exhibits attached to and included in the Report are not hearsay as they are either: Public Records and Reports (FRE 803(8)), Commercial Publications (FRE 803(17)), or Learned Treatises (FRE 803(18)).

P-24.  All maps, photographs, demonstrative aids, publications, and other documentation used, referred to, or relied upon by Alex McCorquodale in preparing his expert report and forming his expert opinion.

OBJECTION: Hearsay - FRE Rules 801, 802. Defendants do not object to a number of the exhibits attached to this report and listed separately by plaintiff.

RESPONSE: Those maps, photographs, demonstrative aids, publications, and other documentation used, referred to, or relied upon by Alex McCorquodale in preparing his expert report and forming his expert opinion are items reasonably relied upon by experts in this field (FRE 703). Moreover, said items are not hearsay as they are either: Public Records and Reports (FRE 803(8)), Commercial Publications (FRE 803(17)), or Learned Treatises (FRE 803(18)).

P-25.  Columbia Gulf's documents Bates number CGT 0001 through CGT 0247 produced in response to the Terrebonne Parish School Board's first request for production of documents.

OBJECTION: Relevance - none of these documents is relevant to the issues presented in this case.

RESPONSE: Discovery may only be had as to matters "relevant to the subject matter involved in the pending action." (FRCP 26(b)). These documents are business records produced by Columbia Gulf in response to TPSB's request for production and should be

presumed relevant or dealt with on a case-by-case basis. If these documents are not relevant, then defendant's should be precluded from relying on any documents contained therein.

P-26. Koch's documents Bates number K-0001 through K-0416 produced in response to the Terrebonne Parish School Board's first request for production of documents.

OBJECTION: Relevance - none of these documents is relevant to the issues presented in this case.

RESPONSE: Discovery may only be had as to matters "relevant to the subject matter involved in the pending action." (FRCP 26(b)). These documents are business records produced by Koch in response to TPSB's request for production and should be presumed relevant or dealt with on a case-by-case basis. If these documents are not relevant, then defendant's should be precluded from relying on any documents contained therein.

P-53. Table attached with "Assessment of Louisiana Coastal Wetland Values" prepared by Shea Penland, Ph.D., which is entitled "Estimates of the Environmental Value of Coastal Wetlands."

OBJECTION: Hearsay - FRE Rules 801, 802; relevance, because this table deals with "societal value" of wetlands generally, not the value of the property involved in this case. See defendants' motions in limine to exclude Dr. Penland's testimony as to these values.

RESPONSE: Table is based on the firsthand knowledge of Shea Penland and consist of materials reasonably relied upon by experts in this field (FRE 703). Moreover, said table is not hearsay as it is also based upon either: Public Records and Reports (FRE 803(8)), Commercial Publications (FRE 803(17)), or Learned Treatises (FRE 803(18)). Subject matter is relevant as TPSB has made a claim for damage to its property and said subject matter presents information relevant to said inquiry. See TPSB's opposition to motions in limine.

P-54. Table attached with "Assessment of Louisiana Coastal Wetland Values" prepared by Shea Penland, Ph.D., which is entitled "Wetland Ecosystem Services and Function."

OBJECTION: Hearsay - FRE Rules 801, 802; relevance, because this table deals with "societal value" of wetlands generally, not the value of the property involved in this case. See defendants' motions in limine to exclude Dr. Penland's testimony as to these values.

RESPONSE: Table is based on the firsthand knowledge of Shea Penland and consist of materials reasonably relied upon by experts in this field (FRE 703). Moreover, said table is not hearsay as it is also based upon either: Public Records and Reports (FRE 803(8)), Commercial Publications (FRE 803(17)), or Learned Treatises (FRE 803(18)). Subject matter is relevant as TPSB has made a claim for damage to its property and said subject matter presents information relevant to said inquiry. See TPSB's opposition to motions in limine.

P-55.  Table attached with "Assessment of Louisiana Coastal Wetland Values" prepared by Shea Penland, Ph.D., which is entitled "Annual Wetland Ecosystem Service Values (1994 U.S. $ $AC^{-1}$ $YR^{-1}$)."

OBJECTION: Hearsay - FRE Rules 801, 802; relevance, because this table deals with "societal value" of wetlands generally, not the value of the property involved in this case. See defendants' motions in limine to exclude Dr. Penland's testimony as to these values.

RESPONSE: Table is based on the firsthand knowledge of Shea Penland and consist of materials reasonably relied upon by experts in this field (FRE 703). Moreover, said table is not hearsay as it is also based upon either: Public Records and Reports (FRE 803(8)), Commercial Publications (FRE 803(17)), or Learned Treatises (FRE 803(18)). Subject matter is relevant as TPSB has made a claim for damage to its property and said subject matter presents information relevant to said inquiry. See TPSB's opposition to motions in limine.

P-74.  Tables, Graphs, Charts or Demonstrative Aides by Robert Chabreck, Ph.D., indicating marsh vegetation, soil charts.

OBJECTION: Hearsay - FRE rules 801, 802; moreover, these materials have not been disclosed to defendants.

RESPONSE: Any Tables, Graphs, Charts or Demonstrative Aides by Robert Chabreck, Ph.D., indicating marsh vegetation, soil charts are based on his firsthand knowledge and consist of materials reasonably relied upon by experts in this field (FRE 703). Moreover, said items are not hearsay as they are either: Public Records and Reports (FRE 803(8)), Commercial Publications (FRE 803(17)), or Learned Treatises (FRE 803(18)).

P-80. Correspondence between Terrebonne Parish School Board and Koch Gateway Pipe Line Company or United Gas Pipe Line Company.

OBJECTION: Relevance - none of these documents is relevant to the issues presented in this case.

RESPONSE: any such items would tend to demonstrate the relationship between the parties and is directly relevant to the issues related to the understandings that existed between the parties regarding activities on said section.

P-81. Correspondence between Columbia Gulf Transmission Company and Terrebonne Parish School Board.

OBJECTION: Relevance - none of these documents is relevant to the issues presented in this case.

RESPONSE: any such items would tend to demonstrate the relationship between the parties and is directly relevant to the issues related to the understandings that existed between the parties regarding activities on said section.

P-82. Video taken during the field work of Alex McCorquodale and Robert Simmons in preparing their expert report for Section 16, Township 18 South, Range 13 East property.

OBJECTION as to the sound portion of this video because it contains hearsay testimony and the expression of opinions which are beyond the qualifications and expertise of the declarants.

RESPONSE: Sound portion is not hearsay as it contains statements made by representatives of the TPSB contemporaneously with the activities shown. (FRE 803(1)).

P-83. May 31, 1965 letter from TPSB to District Attorney re: retaining DA to prosecute trespass by Columbia Gulf.

OBJECTION - Relevance.

RESPONSE: Relevance is directly related to issues regarding Columbia Gulf's Motion for Summary Judgment regarding a purported "Damage Release" and clarifies ambiguities related thereto. See TPSB Memorandum in Opposition.

P-84.   June 10, 1957, correspondence from United Gas to Terrebonne Parish School Board regarding laying of Koch pipeline.

OBJECTION - Relevance; also, Koch has not seen this document.

RESPONSE: Document is relevant as to matters regarding construction of the pipeline.

P-87.   Report of the Louisiana Coastal Wetlands Conservation Restoration Task Force and the Wetlands Conservation and Restoration Authority entitled "Coast 2050: Report of Sustainable Coastal Louisiana."

OBJECTION: Hearsay - FRE Rules 801, 802.

RESPONSE: Said exhibit is not hearsay as it is a public record and report (FRE 803(8)).

P-88.   Executive Summary of Report entitled "Coast 2050: Toward a Sustainable Coastal Louisiana."

OBJECTION: Hearsay - FRE Rules 801, 802.

RESPONSE: Said exhibit is not hearsay as it is a public record and report (FRE 803(8)).

P-89.   Finding of No Significant Impact by the Department of the Army with attached Environmental Assessment, LaBranche Wetlands..

OBJECTION: Relevance - deals with a project on property significantly different from the wetlands (floating vegetative marsh) involved in this case; further, restoration costs are not recoverable in this case. Also, hearsay under FRE Rules 801, 802.

RESPONSE: Said exhibit is not hearsay as it is a public record and report (FRE 803(8)).

P-90.   "Restoration of a Marsh in the LaBranche Ponds - A Case Study" by Suzanne Hawes.

OBJECTION: Relevance - deals with a project on property significantly different from the wetlands (floating vegetative marsh) involved in this case; further, restoration costs are not recoverable in this case. Also, hearsay under FRE Rules 801, 802.

        RESPONSE: Said exhibit consists of materials reasonably relied upon by experts (FRE 703) and is not hearsay as it is also a Learned Treatises (FRE 803(18)). The material is relevant as it provides details on a restoration project similar in scope to that presented by TPSB. Additionally, as TPSB has made a claim for damage to its property and said exhibit presents information relevant to said inquiry; whether this court ultimately awards damages in any and all forms/amounts sought by TPSB has no effect on relevance.

P-91.    "Construction of a Marsh in the LaBranche Ponds of Louisiana" by Suzanne Hawes.

        OBJECTION: Relevance - deals with a project on property significantly different from the wetlands (floating vegetative marsh) involved in this case; further, restoration costs are not recoverable in this case. Also, hearsay under FRE Rules 801, 802.

        RESPONSE: Said exhibit consists of materials reasonably relied upon by experts (FRE 703) and is not hearsay as it is also a Learned Treatises (FRE 803(18)). The material is relevant as it provides details on a restoration project similar in scope to that presented by TPSB. Additionally, as TPSB has made a claim for damage to its property and said exhibit presents information relevant to said inquiry; whether this court ultimately awards damages in any and all forms/amounts sought by TPSB has no effect on relevance.

P-92.    Abstract of Bids - LaBranche Wetlands Restoration Project.

        OBJECTION: Relevance - deals with a project on property significantly different from the wetlands (floating vegetative marsh) involved in this case; further, restoration costs are not recoverable in this case. Also, hearsay under FRE Rules 801, 802.

        RESPONSE: Said exhibit consists of materials reasonably relied upon by experts (FRE 703) and is not hearsay as it is also a Public Record or Report (FRE 803(8)). The material is relevant as it provides details on a restoration project similar in scope to that presented by TPSB. Additionally, as TPSB has made a claim for damage to its property and said exhibit presents information relevant to said inquiry; whether this court ultimately awards damages in any and all forms/amounts sought by TPSB has no effect on relevance.

P-93.    Plans & Specs for the LaBranche Wetlands Restoration Project for U.S. Army Corps of Engineers.

        OBJECTION: Relevance - deals with a project on property significantly different from the wetlands (floating vegetative marsh) involved in this case; further, restoration costs are not

recoverable in this case. Also, hearsay under FRE Rules 801, 802.

RESPONSE: Said exhibit consists of materials reasonably relied upon by experts (FRE 703) and is not hearsay as it is also a Public Record or Report (FRE 803(8)). The material is relevant as it provides details on a restoration project similar in scope to that presented by TPSB. Additionally, as TPSB has made a claim for damage to its property and said exhibit presents information relevant to said inquiry; whether this court ultimately awards damages in any and all forms/amounts sought by TPSB has no effect on relevance.

P-96.   Louisiana Land Loss Classification Map, Geomorphic Classification of Coastal Land Loss between 1932-1990 in the Mississippi River Delta Plain, South East Louisiana, U.S. Geologic Survey.

OBJECTION: Hearsay - see FRE Rules 801, 802. Further, this map lacks relevance and is misleading because it purports to attribute causation for the alleged loss of wetlands in the area of the property involved in this case when there is better, specific data dealing with those identical issues on the specific property.

RESPONSE: Said exhibit consists of materials reasonably relied upon by experts (FRE 703) and is not hearsay as it is also a Public Record or Report (FRE 803(8)) and/or considered as a Learned Treatise (FRE 803(18)). The material is relevant as it provides information as to causes of land loss and coastal erosion in Louisiana and specifically the area affected herein. Additionally, as TPSB has made a claim for damage to its property said exhibit presents information relevant to said inquiry.

P-97.   Publication "Coastal Marshes, Ecology and Wildlife Management," by Robert A. Chabreck.

OBJECTION: Hearsay - see FRE Rules 801, 802.

RESPONSE: Said exhibit consists of materials reasonably relied upon by experts (FRE 703) and is not hearsay as it is also a Learned Treatise (FRE 803(18)).

P-100.  Summary of field notes taken on 8/24/00 and 8/25/00

OBJECTION: Hearsay - see FRE Rules 801, 802.

RESPONSE: Said exhibit consists of materials reasonably relied upon by experts (FRE 703) and is not hearsay as it also consists of present sense impressions (FRE 803(1)) and/or

recorded recollections (FRE 803(5)).

P-101. Historical aerial photo dated 9/29/00.

    OBJECTION: This was only produced on January 4, 2001 and defendants have not had time to authenticate and analyze it.

    RESPONSE: Photo was produced timely by TPSB upon receipt.

P-102. Regional aerial photo

    OBJECTION: This was only produced on January 4, 2001 and defendants have not had time to authenticate and analyze it.

    RESPONSE: Photo was produced timely by TPSB upon receipt.

P-103. Chart indicating calculated pixel resolutions in feet

    OBJECTION: Hearsay - see FRE Rules 801, 802.

    RESPONSE: Said exhibit consists of materials reasonably relied upon by experts (FRE 703) and is prepared by Dr. Penland based on his firsthand knowledge.

    Respectfully submitted;

    _____
    MICHAEL X. ST. MARTIN    #12365
    JOSEPH G. JEVIC III           #23145
    ST. MARTIN & WILLIAMS, APLC
    Post Office Box 2017
    Houma, LA 70361
    (504) 876-3891      Telephone
    (504) 851-2219      Facsimile

    and

**A. J. GRAY, III**  #6253
**WADE T. VISCONTE**  #24734
**THE GRAY LAW FIRM (APLC)**
Post Office Box 1467
Lake Charles, LA 70602-1467
(337) 494-0694  Telephone
(337) 494-0697  Facsimile
**Attorneys for Terrebonne Parish School Board**

### CERTIFICATE OF SERVICE

I CERTIFY that a copy of the preceding pleading has been served on all counsel of record by hand delivery on this 9th day of January, 2001.

_____
JOSEPH JEVIC, III