

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERREBONNE PARISH SCHOOL BOARD** | § | **CIVIL ACTION NO. 00-0319** |
| | | |
| **VERSUS** | § | **SECTION: B** |
| | | |
| **COLUMBIA GULF TRANSMISSION COMPANY AND KOCH GATEWAY PIPELINE COMPANY** | § § | **MAGISTRATE: 5** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPPOSITION TO COLUMBIA GULF TRANSMISSION COMPANY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEALINGS BETWEEN THE PARTIES PRIOR TO THE EXECUTION OF THE RIGHT-OF-WAY AGREEMENT AND DAMAGE RELEASE

Plaintiff, Terrebonne Parish School Board ("TPSB"), submits this opposition to Columbia Gulf Transmission Company's ("Columbia Gulf"), Motion in Limine to exclude evidence of dealings between the parties prior to the execution of the right-of-way agreement and damage release.

1

## FACTS

The general facts of this case are provided in TPSB's memorandum in support of motions in limine to exclude Koch Gateway Pipeline Company's experts. For the sake of brevity, those general facts are adopted by reference herein.

## LAW & ANALYSIS

Columbia Gulf seeks to exclude evidence of dealings between the parties prior to the right of way and "damage releases" relied upon by Columbia Gulf to claim it has no liability. It is interesting to note that Columbia Gulf does not mention that Columbia Gulf is claiming its damage release settled all future damage claims and that its right of way does not impose an obligation to maintain its pipeline canals. Instead, Columbia Gulf merely makes the conclusory allegation that its right of way and damage release are "unambiguous" instruments. Columbia Gulf's motion is understandable given the fact that it has claimed that its pipeline canal was authorized under the right of way when it fact the pipeline canal was a trespass when dredged. The evidence prior to the right of way and damage release clearly proves this fact. Moreover, Columbia Gulf is claiming that its damage release applies in this case to bar plaintiff's claims.

For purposes of Columbia Gulf's motion in limine only, TPSB submits that the interpretations of the right of way and damage release being relied on by Columbia Gulf indicate that

2

the instruments are ambiguous as it is apparent that there is more than one interpretation at issue. Hence, as Columbia Gulf has pointed out, extrinsic evidence is admissible. ***Dixie Campers, Inc. v. Vesley Co.,*** 398 So.2d 1089 (La. 1981). It is well settled that Courts should go beyond written agreements to gather the true intention of the parties when the agreement is unclear, ambiguous, or will lead to absurd consequences. ***Commercial Life Ins. Co. v. Robinson***, 662 So.2d 486 (La.App. 5 Cir. 1995). Evidence is admissible beyond the four corners of a compromise to show the meaning and intent of the compromise agreement when the evidence is necessary to show error on the matter in dispute. ***Maltby v. Gauthier***, 526 So.2d 455 (La.App. 5 Cir. 1988).

Regarding the issue of relevance, Columbia Gulf is correct that the right of way and damage release are clear. The damage release is clearly limited to the construction of the pipeline canal. This conclusion is supported by the correspondence submitted by Columbia Gulf along with the release. The damage release does not mention future damages being waived due to the tortious actions and breach of obligation by Columbia Gulf in this case. Thus, the damage release is not relevant to TPSB's claims.

In order for Columbia Gulf to claim its damage release covers all future damages, it must exclude the correspondence prior to the damage release showing that Columbia Gulf negotiated for a right of way and then decided unilaterally that it would not pay the price per rod quoted by plaintiff

3

and thus trespassed by knowingly dredging a pipeline canal across the TPSB property. The damage release was specific to Columbia Gulf's trespass. Hence, the damage release is relevant to the extent it directly contradicts a primary defense being raised by Columbia Gulf.

The right of way is also clear. Columbia Gulf's right of way is limited to one hundred feet, and Columbia Gulf has a continuing obligation to maintain its pipeline and "appurtenances". Hence, Columbia Gulf's right of way makes clear that Columbia Gulf has a continuing duty to maintain the levees of its spoil banks. Columbia Gulf has knowingly breached this duty. Thus, the evidence of dealings prior to the right of way and the actions of Columbia Gulf since the right of way allowed operations by Columbia Gulf all indicate a pattern of environmental indifference. Stated another way, Columbia Gulf destroyed part of TPSB's property prior to operations even began and it is still continuing to destroy TPSB's property.

Respectfully submitted,

ST. MARTIN & WILLIAMS (APLC)

_____
MICHAEL X. ST. MARTIN        #12365
JOSEPH G. JEVIC, III         #23145
Post Office Box 2017
Houma, Louisiana 70361-2017
(504) 876-3891      Telephone
(504) 851-2219      Facsimile

        A. J. GRAY, III        #6253
        WADE T. VISCONTE    #24734
        THE GRAY LAW FIRM (APLC)
        Post Office Box 1467
        Lake Charles, LA 70602-1467
        (337) 494-0694    Telephone
        (337) 494-0697    Facsimile

**Attorneys for Terrebonne Parish School Board**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Opposition has been mailed to all counsel of record via facsimile and United States mail, postage prepaid on this ____9th____ day of ____January____, 2001.

_____
JOSEPH G. JEVIC, III

5