


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERREBONNE PARISH** | § | CIVIL ACTION NO. **00-0319** |
| **SCHOOL BOARD** | | |
| | | |
| **VERSUS** | § | SECTION:  **B** |
| | | |
| **COLUMBIA GULF TRANSMISSION** | § | MAGISTRATE: **5** |
| **COMPANY AND KOCH GATEWAY** | | |
| **PIPELINE COMPANY** | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### OPPOSITION TO COLUMBIA GULF TRANSMISSION COMPANY'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S EXPERT ROBERT CHABRECK

**MAY IT PLEASE THE COURT:**

Plaintiff, Terrebonne Parish School Board ("TPSB"), submits this opposition to Columbia Gulf Transmission Company's ("Columbia Gulf"), Motion in Limine to exclude the testimony of Plaintiff's expert, Robert Chabreck.

### FACTS & LAW

The general facts of this case and applicable law are provided in TPSB's memorandum in support of motions in limine to exclude Koch Gateway Pipeline Company's experts and TPSB's

opposition to Koch Gateway Pipeline Company's Motions in limine to exclude TPSB's experts. For the sake of brevity, those general facts are adopted by reference herein.

## ANALYSIS

Columbia Gulf attacks the admissibility of Dr. Chabreck on methodology, not qualifications. Columbia Gulf also raises virtually the same arguments raised by Koch in this case and Mobil Exploration & Producing in "*Michael X. St. Martin & Virginia Rayne St. Martin v. Mobil Exploration & Producing U.S., Inc., et al*" ( "the Mobil case"), 1999 WL 5671, *affirmed*, 224 F.3d 402 (5th Cir. (La.) Aug 16, 2000). Like Columbia Gulf in this case, Mobil also attacked Dr. Chabreck's opinions and testimony on appeal and claimed that (1) Chabreck was testifying on a hypothesis he had never tested; (2) Chabreck's opinions were not subjected to peer review; (3) Chabreck's opinions had no support in the scientific community; and (4) Chabreck's opinion is not admissible because it is not subject to replication.[1] TPSB will not rehash its original opposition to Koch's Motion in Limine to exclude TPSB's experts, including Chabreck. Rather, TPSB adopts the aforementioned Opposition herein by reference to the extent it addresses the *St. Martin v. Mobil, supra,* decision and addresses the qualifications and methodology of Dr. Chabreck in this case. Nonetheless, TPSB quickly wishes to emphasize that the U.S. Fifth Circuit gave its stamp of approval on Dr. Chabreck's qualifications and methodology when it ruled that "[d]efendants' arguments on this point fail for several reasons. First, Dr. Chabreck's expertise in marshland

---

[1] A copy of the relevant portion of the original appeal brief by Mobil which attacks Chabreck's qualifications, methodology, and conclusions is attached to TPSB's Opposition to Koch Gateway Pipeline Company's Motion in Limine to exclude TPSB's experts as Exhibit "B". TPSB submits that a review of Mobil's original appellant brief and the Mobil case will put to rest the issue of Chabreck's qualifications, methodology, and conclusions in this case.

ecology and in the erosion of vegetative mats in particular, along with his personal observation of the St. Martins' property, *sufficiently qualified him to testify as an expert.*"[2] (emphasis added).

Next, Columbia Gulf argues Chabreck's testimony on the issue of restoration should be excluded because he did not allegedly provide a timely expert report on his restoration plan. Although creative, this argument lacks merit. Columbia Gulf is proposing a hyper-technical interpretation of this Court's Pretrial Scheduling Order. The expert report proposing three restoration plans was prepared through the combined efforts of Dr. Chabreck and Charles Camp. Both experts went out into the field and discussed the plan and staked out areas of damage. Consequently, the expert report on the three restoration plans is partly the work product of Dr. Chabreck who provided the proposed design of the restoration plans and suggested materials (for example, peat) to be used. The fact that Dr. Chabreck did not sign his name to the restoration report is not significant. According to Columbia Gulf's argument, TPSB should have to submit an essentially duplicate expert report minus calculations as to materials.

---

[2] See ***Michael X. St. Martin & Virginia Rayne St. Martin v. Mobil Exploration & Producing U.S., Inc., et al*** 224 F.3d 402, 405 (5th Cir. (La.) Aug 16, 2000).

3

Respectfully submitted,

**ST. MARTIN & WILLIAMS (APLC)**

_____
MICHAEL X. ST. MARTIN          #12365
JOSEPH G. JEVIC, III           #23145
Post Office Box 2017
Houma, Louisiana 70361-2017
(504) 876-3891    Telephone
(504) 851-2219    Facsimile

**A. J. GRAY, III**            **#6253**
**WADE T. VISCONTE**           **#24734**
**THE GRAY LAW FIRM (APLC)**
Post Office Box 1467
Lake Charles, LA 70602-1467
(337) 494-0694    Telephone
(337) 494-0697    Facsimile

**Attorneys for Terrebonne Parish School Board**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Opposition has been mailed to all counsel of record via facsimile and United States mail, postage prepaid on this ___9th___ day of ___January___, 2001.

_____
JOSEPH G. JEVIC, III