U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    DEC - 5 2002

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| TERREBONNE PARISH SCHOOL BOARD | § | CIVIL ACTION NO. 00-0319 |
| VERSUS | § | SECTION: B |
| COLUMBIA GULF TRANSMISSION COMPANY AND KOCH GATEWAY PIPELINE COMPANY | § § | MAGISTRATE: 5 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO STRIKE EXHIBITS 2 THROUGH 4 ATTACHED TO KOCH GATEWAY PIPELINE COMPANY'S MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, enters Plaintiff, TERREBONNE

PARISH SCHOOL BOARD ("Plaintiff" or "TPSB"), a public body and agency of the Parish

of Terrebonne, which respectfully moves to strike Exhibits 2, 3, and 4 attached to Koch

Gateway Pipeline Company's ("Koch") Motion for Summary Judgment, in Whole or Part,

and moves to strike any references to Exhibits 2, 3, and 4 in Koch's memorandum in support

of its Motion for Summary Judgment, for the reasons provided in the supporting



memorandum attached hereto.

Respectfully submitted,

*[signature]*

**A. J. GRAY, III          #6253**
**WADE T. VISCONTE       #24734**
THE GRAY LAW FIRM, APLC
Post Office Box 1467
Lake Charles, LA 70602-1467
(337) 494-0694       Telephone
(337) 494-0697       Facsimile

**and**

**MICHAEL X. ST. MARTIN   #12365**
**JOSEPH G. JEVIC III       #23145**
ST. MARTIN & WILLIAMS, APLC
Post Office Box 2017
Houma, LA 70361
(504) 876-3891       Telephone
(504) 851-2219       Facsimile

**Attorneys for Terrebonne Parish School Board**

## CERTIFICATE OF SERVICE

**I CERTIFY** that a copy of the preceding pleading has been served upon all known counsel

of record via hand delivery, facsimile transmission or by placing a copy of same in the United States

mail, postage prepaid and properly addressed to the following:

Robert J. Young, III
Young, Richaud & Myers
1515 Energy Centre
1100 Poydras Street, Suite 1515
New Orleans, LA 70163
**Attorneys for Koch Gateway**
**Pipeline Company**

Thomas R. Blum
James A. Burton
Simon, Peragine, Smith & Redfearn, L.L.P.
1100 Poydras Street,
30th Floor - Energy Centre
New Orleans, LA 70163-3000
**Attorneys for Columbia Gulf**

**Transmission Company**

Lake Charles, Louisiana this 2nd day of December 2002.

WADE T. VISCONTE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERREBONNE PARISH SCHOOL BOARD** | § | **CIVIL ACTION NO. 00-0319** |
| **VERSUS** | § | **SECTION:   B** |
| **COLUMBIA GULF TRANSMISSION COMPANY, KOCH GATEWAY PIPELINE COMPANY** | §  § | **MAGISTRATE:      5** |
| **FILED:**_____ | § | _____ **DEPUTY CLERK** |

## <u>ORDER</u>

Considering Plaintiff's Motion to Strike Exhibits 2 through 4 attached to Koch's Motion for Summary Judgment and the Court finding good reason:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Terrebonne Parish School Board's Motion to Strike Exhibits 2 through 4 attached to Koch's Motion for Summary Judgment, is hereby **GRANTED,** and Exhibits 2-4 attached to Koch Gateway Pipeline Company's motion for summary judgment, in whole or part, as well as any and all references to Exhibits 2-4, are hereby stricken from the record of these proceedings.

THUS RENDERED AND SIGNED this _____ day of _____, 2002, at New Orleans, Louisiana.

_____
U.S. DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERREBONNE PARISH SCHOOL BOARD** | § | **CIVIL ACTION NO. 00-0319** |
| **VERSUS** | § | **SECTION: B** |
| **COLUMBIA GULF TRANSMISSION COMPANY AND KOCH GATEWAY PIPELINE COMPANY** | §<br>§ | **MAGISTRATE: 5** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE EXHIBITS 2, 3, & 4 ATTACHED TO KOCH GATEWAY PIPELINE COMPANY'S MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, through undersigned counsel, enters Plaintiff, TERREBONNE PARISH SCHOOL BOARD ("Plaintiff" or "TPSB"), a public body and agency of the Parish of Terrebonne, which respectfully submits this memorandum in support of its motion to strike Exhibits 2, 3, and 4 attached to Koch Gateway Pipeline Company's ("Koch") Motion for Summary Judgment, in Whole or Part and any references to said exhibits in Koch's supporting memorandum.

## LAW & ANALYSIS

### Koch's Motion for Summary Judgment Exhibit 3

Koch's Motion for Summary Judgment Exhibit 3 is a "pipe line permit" executed by Koch and Continental Land & Fur Company. Koch relies on this "pipe line permit" with a third party on unrelated property to argue what obligations (or lack thereof) of the parties are set forth in the 1957 right of way executed by TPSB and Koch for Section 16, Township 18 South, Range 13 East. Exhibit 3 is not admissible because it is not relevant and the Fifth Circuit Court of Appeals has already addressed what obligations are owed by Koch.

On December 18, 1957, Terrebonne Parish School Board granted a Right-of-Way to United Gas Pipeline Company that is recorded in the Terrebonne Parish Courthouse under COB 253, Folio 646, Entry No. 173617. The Right of Way gave United Gas the authority to construct and operate a natural gas pipeline on the School Board property. The right of way also gave United Gas the authority to dredge a pipeline canal "not to exceed forty feet in width." The right of way is considered a predial servitude under Louisiana law and attaches to the land and is transferrable to Koch as United Gas' successor or assignee. As such, the servitude allowed Koch to take over operations of the natural gas pipeline in 1992.

Rule 401 of the Federal Rules of Evidence states that relevant evidence means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without evidence." Evidence which is not relevant is not admissible. Fed. R. Civ. P., Rule 402. Rule 403 of the Federal Rules of Evidence states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by

considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The rule's "major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." ***United States v. McRae***, 593 F.2d 700, 707 (5th Cir.1979).

The "pipe line permit" does not cover the property at issue, i.e., Section 16, Township 18 South, Range 13 East.  Moreover, Continental Land & Fur Company is not a party to this proceeding.  The "pipe line permit" evidences the obligations of the parties to the "pipe line permit" on the unrelated Continental Fur property.  It does not prove the obligations of the parties to the 1957 right of way at issue in this case.

Next, TPSB submits that the proper interpretation of the 1957 right of way has already been supplied by the U.S. Fifth Circuit on appeal in this case:

> As a matter of contract interpretation alone, the mere grant of a right to maintain a canal does not necessarily impose the duty to maintain it or to take other steps to prevent the canals from widening and the surrounding marsh mat from eroding. *But neither do the agreements clearly contemplate that the canals will widen; nor do they either explicitly or implicitly permit Koch and Columbia simply to stand by and let this happen while continuing to use the canals in connection with their use of the pipeline servitudes.*  (emphasis added)

***Terrebonne Parish School Bd. v. Columbia Gulf Transmission Co.***, 290 F.3d 303, 314 (C.A.5 (La.) 2002).  Despite this clear directive from the Fifth Circuit that the 1957 Koch right of way does not allow Koch to merely "stand by" and let its canal erode thereby destroying TPSB's property, Koch ignores the Fifth Circuit opinion and argues that Koch "did not bind itself to prevent the erosion which TPSB alleges,"[1] and that the "mere grant of a right to maintain a canal does not necessarily

---

[1]    See pg. 13, ¶ 1, Koch's memo in support of motion for summary judgment, in whole or part.

imposed the <u>duty</u> to maintain it or to take other steps to prevent the canals from widening and the surrounding marsh mat from eroding"[2].

> [I]t should come as no surprise that we do not interpret the servitude agreements themselves as determining whether Koch and Columbia have a continuing duty to prevent marsh- erosion damage. Therefore, under Louisiana law, our task shifts from plain- wording contract interpretation to application of the Louisiana Civil Code's suppletive rules for immovable property, which--together with relevant case law--come into play when issues are not explicitly disposed of in the writings of the parties.

*Terrebonne Parish School Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 315 (C.A.5 (La.) 2002). Koch wants this court to ignore the Fifth Circuit's application of Louisiana's suppletive law of servitudes and to apply the provisions of the completely unrelated Continental Fur pipeline right of way instrument. The Fifth Circuit has clearly ruled and applied Louisiana's suppletive law on servitudes to interpret the servitude at issue and has remanded to this court on the issues of "whether and to what extent" the deterioration of Koch's canal has damaged and/or destroyed TPSB's property:

> Whether and to what extent the defendants' use of the canals caused the deterioration of the Board's property and aggravated the servient estate are questions to be determined in the light of this case's particular circumstances. [FN40] As the district court made no factual findings on this point, even a de novo appellate review of this issue would be improvident. It is enough for us to conclude that it was improper for the district court to grant summary judgment on the basis that, because the contracts did not expressly impose a continuing duty, any contract claim had prescribed.



*Terrebonne Parish School Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 317 (C.A.5 (La.) 2002). Accordingly, Koch's Motion for Summary Judgment Exhibit 3, and all references thereto

---

[2]     See pg. 14, ¶ 1, Koch's memo in support of motion for summary judgment, in whole or part.

in Koch's supporting memo, should be stricken from the record.

## Koch's Motion for Summary Judgment Exhibit 4

Koch's Motion for Summary Judgment Exhibit 4 is the affidavit of John Mattingly. This affidavit was executed by Mattingly on January 9, 2001. It was not submitted as part of an expert report prior to this Court granting summary judgment in favor of defendants on January 11, 2001. Koch did not provide Mattingly's affidavit, or any other expert report by Mattingly for that matter, prior to the January 11, 2001 ruling of this Court. Moreover, neither Mattingly's affidavit nor any other expert report were submitted in accordance with this Court's November 12, 2002 deadline for defendants providing expert reports after appeal. TPSB's first notice of Mattingly's opinions contained in his affidavit occurred when TPSB was served with Koch's Motion for Summary Judgment, in whole or part.

The admissibility of scientific and technical evidence is regulated by Federal Rules of Evidence, F.R.E. 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product or reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

This article is based upon *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). In *Daubert*, the Supreme Court has made it clear that the "trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but

reliable." *Daubert*, 509 U.S. at 589, 113 S.Ct. at 2795.[3] Furthermore, *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167 (1999), held that *Daubert's* "gatekeeping" obligation, requiring an inquiry into both relevance and reliability, applies not only to "scientific" testimony, but to all expert testimony.

The *Daubert* and *Kumho Tire* reliability inquiry is grounded in Federal Rule of Evidence 702, which requires that the expert testimony be admitted if it consists of "scientific, technical or other specialized knowledge," and that such knowledge is relevant in the sense that it "will assist the trier of fact to understand the evidence or to determine a fact in issue."[4] *Id.*; *U.S. v. Posado*, 57 F.3d 428, 432 (5th Cir.1995).

The first inquiry under Rule 702, is whether a witness is qualified as an expert. See F.R.E. 702, 104(a). Next, the Court must assess whether or not the testimony Koch's witnesses seek to offer qualifies as "scientific, technical or other specialized knowledge."

The Supreme Court noted in *Daubert* that the "scientific knowledge" requirement establishes a standard of evidentiary reliability. *Daubert*, 509 U.S. at 590, 113 S.Ct. at 2795. The Court stated that the "adjective 'scientific' implies a grounding in the methods and procedures of science," and that the "word 'knowledge' connotes more than subjective belief or unsupported speculation." *Id.* While

---

[3]    This has been the prevailing view in the Fifth Circuit for some time.  See, e.g., *Berry v. Armstrong Rubber Co.*, 989 F.2d 822 (5th Cir.1993), *cert. denied*, 510 U.S. 1117, 114 S.Ct. 1067, 127 L.Ed.2d 386 (1994); *Christophersen v. Allied-Signal Corporation*, 939 F.2d 1106 (5th Cir.1991) (en banc), *cert. denied*, 503 U.S. 912, 112 S.Ct. 1280, 117 L.Ed.2d 506 (1992); *In re Air Crash Disaster at New Orleans, La.*, 795 F.2d 1230 (5th Cir.1986).

[4]    Federal Rule of Evidence 402 provides that "[a]ll relevant evidence is admissible."  "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  F.R.E. 401.

there is no requirement that the subject of scientific testimony be "known" to a certainty, "in order to qualify as 'scientific knowledge,' an inference or assertion must be derived by the scientific method." *Id.* All proposed testimony therefore must be supported by appropriate validation; in other words, there must be " 'good grounds', based upon what is known" supporting it. *Id.*

The *Daubert* requirements provide a "flexible" inquiry driven primarily by Federal Rules of Evidence 401, 402, 403, and 702. *Posado*, 57 F.3d at 432. Under Rule 104(a), the trial judge must:

> make initial determinations ... that the proffered evidence possesses sufficient
> evidentiary reliability to be admissible as 'scientific, technical, or other specialized
> knowledge' and that the proffered evidence is relevant in the sense that it will 'assist
> the trier of fact to understand the evidence or to determine a fact in issue.'

*Id.* at 432 (footnote omitted) (citing *Daubert*, 509 U.S. at 591-93, 113 S.Ct. at 2796). Whether evidence assists the trier of fact is essentially a relevance inquiry. *Id.* at 432-33 (citing *Daubert*, 509 U.S. at 589-93, 113 S.Ct. at 2795-96). Federal Rule of Evidence 104(a) provides that "[p]reliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court." Such hearings are to be conducted out of the hearing of the jury "when the interests of justice require." F.R.E. 104(c). In order to be "helpful" under Rule 702, the evidence must possess validity when applied to the pertinent factual inquiry. *Id.* at 433. The purpose for which the testimony is proffered must be evaluated. *Id.* at 433 & n. 4.

In addition, *Daubert* and *Posado* establish that to determine admissibility of experts' opinions, the party proffering the evidence must establish its "evidentiary reliability" or trustworthiness. Thus,

> [f]or scientific knowledge, there should be proof that the principle supports what it
> purports to show, i.e., that it is valid.... Validity can be measured by several factors,

including whether the theory or technique can be tested and whether it has been subjected to peer review or publication.... [T]he known or potential rate of error may be helpful in making the validity determination.... Finally, although it is not dispositive, the extent to which a particular theory or technique has received general acceptance may be relevant to whether it is scientifically valid.

*Posado*, 57 F.3d at 433 (citing *Daubert*, 509 U.S. at 589-95, 113 S.Ct. at 2794-98).

These non-exclusive factors serve to guide the courts in evaluating whether the particular scientific testimony is reliable. These factors are neither exhaustive nor applicable in every case, but serve as "indicia of the reliability" of the theory or technique underlying the expert's testimony. In determining admissibility under Rule 702, a Court's focus is "solely on principles and methodology" of the expert, and not on the conclusions that such principles and methods generate. *Daubert*, 509 U.S. at 595, 113 S.Ct. at 2797.

The Fifth Circuit, even before *Daubert*, urged trial judges to exercise their gatekeeper function:

[T]he trial judge ought to insist that a proffered expert bring to the jury more than the lawyers can offer in argument.... Our customary deference [to trial judges] ... assumes that the trial judge actually exercised his discretion. In saying this, we recognize the temptation to answer objections to receipt of expert testimony with the shorthand remark that the jury will give it 'the weight it deserves.' This nigh reflexive explanation may be sound in some case, but in others it can mask a failure by the trial judge to come to grips with an important trial decision.

*In Re Air Crash Disaster at New Orleans, La.*, 795 F.2d 1230, 1233 (5th Cir.1986).

The affidavit of Mattingly clearly provides an expert opinion. Mattingly identifies himself an a "licensed professional surveyor."[5] He gives an expert opinion tracking the width of Koch's canal based on his interpretation aerial photographs, none of which are attached to Mattingly's

---

[5]    It should be noted that TPSB has also retained a licensed surveyor to provide expert testimony. Mr. Charles Camp has been deposed, provided a CV, and has rendered an expert report in this case regarding his opinions.

affidavit. Whether or not for nefarious reasons, Koch has failed to disclose the expert opinions of Mattingly prior to the original and November, 2002, expert deadlines imposed by this Court. Koch's reliance on Mattingly's affidavit for summary judgment purposes is clearly an ambush tactic and creates a palpable disadvantage to TPSB by making it impossible to effectively attack the expert opinions of Mattingly prior to the Court's deadline established by local rules for filing an opposition.

Nonetheless, the methodology used by Mattingly is not clearly outlined in his affidavit. He opines on the width of the Koch canal on various dates from October 22, 1960 through October 10, 2000, based upon his digitization of certain photos and using "known geological points." He also states that his "figures regarding the width of the Koch canal . . . are accurate to a reasonable degree of certainty from the standpoint of professional surveying." Mattingly has provided a cryptic outline of the methodology used to reach his expert opinion. He does not identify why digitization is necessary to reach his opinion and how this process makes his opinion technically or scientifically reliable. He does not identify the "known geological points" relied upon. He does not state the margin of error that may be present in his interpretation; rather, he says his calculations meet a "reasonable degree of certainty from the standpoint of professional surveying." He does not identify these applicable surveying standards.

Clearly, Mattingly's affidavit should be excluded from evidence and his testimony excluded at trial.

## Koch's Motion for Summary Judgment Exhibit 2

Exhibit 2 attached to Koch's Motion for Summary Judgment, in whole or part, is a portion of the December 22, 2002 deposition of Francis Voisin, a former TPSB member. The opinion of Voisin is also not admissible because it purports to be the opinion of an expert. However, Koch has

not established that Voisin meets the requirements necessary for such opinions to be admissible.

Koch has offered no evidence to prove that Voisin is qualified to testify as a wetlands specialist or is qualified to testify as to the possible effects of canals on coastal marsh property. Additionally, the fact that Voisin was a member of the Section 16 lands committee does not make him a marsh expert, nor does the fact that Voisin has lived around marshes all his life make him an expert.

Next, assuming for purposes of argument that Voisin does qualify as an expert, there is no methodology outlined in Voisin's deposition that indicates he conducted a valid scientific or technical analysis proving his conclusions are based upon sufficient facts or data, that the conclusions are a product of reliable principles and methods, and that Voisin applied the principles and methods reliably to Section 16, Township 18 South, Range 13 East. There is no evidence to indicate whether the "technique," if any, used by Voisin to reach his opinion has been subjected to peer review and/or publication. Voisin does not provide the "known or potential rate of error" underlying his opinion. He did not provide "standards controlling the technique's operation", the technique's "testability", and whether his "technique" has "general acceptance in the scientific community". Voisin's conclusions are based on trips he made personally when he "flew over" the property "quite a few times," and one official trip where he and allegedly some other TPSB members "flew over" some time "between '76 and '90." See Koch Motion for Summary Judgment Exhibit 2, pgs. 7-8.

The deposition passages from Francis Voisin's deposition cited by Koch are intended to prove actual or constructive notice on the part of TPSB. However, Voisin's deposition testimony is inadmissible because it does not establish facts. Rather, the portions of Voisin's deposition cited merely state the "opinion" of a former TPSB member who is not not qualified to render an expert

opinion and who conducted no scientific analysis to support his conclusions. Mere opinion or belief

is not sufficiently certain or probative to justify a conclusion that there is no issue of fact which

should be determined by trial on the merits. *Jackson v. Case*, 522 So.2d 709 (La.App. 5 Cir. 1988).

Ultimate or conclusory facts or conclusions of law are not to be utilized on a summary judgment

motion. *Dumas v. Angus Chemical Co.*, 31-400 (La.App. 2 Cir. 1/11/99), 728 So.2d 441.

Accordingly, the deposition of Francis Voisin should be stricken from evidence relative to

Koch's Motion for Summary Judgment, in whole and part, and all references to said deposition in

Koch's supporting memo should likewise be stricken.

Respectfully submitted,

**A. J. GRAY, III**            **#6253**
**WADE T. VISCONTE**       **#24734**
THE GRAY LAW FIRM, APLC
Post Office Box 1467
Lake Charles, LA 70602-1467
(337) 494-0694        Telephone
(337) 494-0697        Facsimile

**and**

**MICHAEL X. ST. MARTIN    #12365**
**JOSEPH G. JEVIC III          #23145**
ST. MARTIN & WILLIAMS, APLC
Post Office Box 2017
Houma, LA 70361
(504) 876-3891        Telephone
(504) 851-2219        Facsimile

**Attorneys for Terrebonne Parish School Board**

## CERTIFICATE OF SERVICE

**I CERTIFY** that a copy of the preceding pleading has been served upon all known counsel

of record via hand delivery, facsimile transmission or by placing a copy of same in the United States

mail, postage prepaid and properly addressed to the following:

| | |
|---|---|
| Robert J. Young, III | Thomas R. Blum |
| Young, Richaud & Myers | James A. Burton |
| 1515 Energy Centre | Simon, Peragine, Smith & Redfearn, L.L.P. |
| 1100 Poydras Street, Suite 1515 | 1100 Poydras Street, |
| New Orleans, LA 70163 | 30th Floor - Energy Centre |
| **Attorneys for Koch Gateway** | New Orleans, LA 70163-3000 |
| **Pipeline Company** | **Attorneys for Columbia Gulf** |
| | **Transmission Company** |

Lake Charles, Louisiana this _2nd_ day of _December_ 2002.

_Wade Visconte_

WADE T. VISCONTE