

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 JAN 23 A 11: 38

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERREBONNE PARISH SCHOOL BOARD** | * | CASE #00-0319 |
| | * | |
| | * | SECTION "B" |
| VERSUS | * | |
| | * | MAGISTRATE 5 |
| **COLUMBIA GULF TRANSMISSION COMPANY and KOCH GATEWAY PIPELINE COMPANY** | * | |

* * * * * * * * * * * * * * * *

### DEFENDANTS' JOINT MOTION FOR CONTINUANCE OR ALTERNATIVE MOTION FOR CLARIFICATION OF RULING

**NOW INTO COURT**, through undersigned counsel, come defendants, Koch Gateway Pipeline Company ("Koch") and Columbia Gulf Transmission Company ("Columbia"), who respectfully move this Honorable Court for a continuance of the trial date scheduled for January 27, 2003. Alternatively, defendants request that this Honorable Court clarify its ruling on certain issues. The reasons in support of this motion are more fully set out in the attached memorandum in support herein.

Respectfully submitted,

| | |
|---|---|
| /s/ Robert Young | /s/ Thomas R Blum |
| **ROBERT J. YOUNG, JR. (#13763)** | **THOMAS A. BLUM, T.A. (#3170)** |
| **ROBERT J. YOUNG, III, T.A.(#19230)** | **JAMES A. BURTON (#3708)** |
| **YOUNG, RICHAUD & MYERS** | **HERMAN C. HOFFMAN, JR. (#6899)** |
| 1100 Poydras Street, Suite 1515 | **SIMON, PERAGINE, SMITH &** |
| New Orleans, LA  70163-1515 | **REDFEARN, L.L.P.** |
| Telephone: (504) 585-7750 | 1100 Poydras Street |
| Facsimile: (504) 585-7776 | 30th Floor - Energy Centre |
| Attorneys for defendant, | New Orleans, LA  70163-3000 |
| **KOCH GATEWAY PIPELINE COMPANY** | Telephone: (504) 569-2030 |
| | Facsimile: (504) 569-2999 |
| | Attorneys for defendant, **COLUMBIA GULF TRANSMISSION COMPANY** |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded to all counsel of record via hand-delivery, facsimile and/or by placing a copy of same in the U.S. Mail, postage pre-paid, on this _____ day of January, 2003.

/s/ Robert Young
**ROBERT J. YOUNG, III**

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERREBONNE PARISH SCHOOL BOARD** | * | CASE #00-0319 |
| | * | |
| | * | SECTION "B" |
| VERSUS | * | |
| | * | MAGISTRATE 5 |
| **COLUMBIA GULF TRANSMISSION COMPANY and KOCH GATEWAY PIPELINE COMPANY** | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' JOINT MOTION FOR CONTINUANCE OR
<u>ALTERNATIVE MOTION FOR CLARIFICATION OF RULING</u>**

MAY IT PLEASE THE COURT:

Plaintiff Terrebonne Parish School Board's ("TPSB") primary expert, and <u>sole</u> expert on alleged marsh damage causation, Dr. Robert Chabreck ("Chabreck"), unfortunately suffered a stroke on Friday, January 10, 2003. As a result, Chabreck will not be able to testify at the scheduled trial of this matter beginning January 27, 2003. As this court is

aware, because of this development, a telephone conference was held between the court and counsel for all parties on January 14, 2003. During that conference call, various options were discussed. TPSB requested that the trial go forward, with TPSB given the option to leave open the record for the purpose of submitting Chabreck's trial testimony at some later date, assuming he sufficiently recovers from his stroke. Columbia and Koch respectfully objected, suggesting one of two alternatives: (1) If the trial goes forward, then Chabreck's report be submitted and each party submit those portions of his deposition which were taken by defendants over a three day period, in excess of 20 hours; or (2) The trial be continued for a brief period (60 to 90 days) during which the parties assess Chabreck's physical health and determine whether he can ever testify in this matter. Defendants argued that plaintiff's proposal was both prejudicial, and inviting judicial ineconomy and perhaps even a mistrial as to any trial which takes place during the week of January 27, 2003.

Over the objections of defendants, the court essentially ruled that the trial would proceed on January 27, 2003, with TPSB putting on its entire case with the exception of Chabreck. The defendants would then presumably put on their case in some form or fashion, notwithstanding the fact that the plaintiff's sole expert on causation had not yet testified. At some later date, assuming Chabreck recovers sufficiently from his stroke, Chabreck will provide trial testimony. Defendants will then be allowed to recall their expert witnesses in order to respond to Chabreck's testimony. Finally, Chabreck, and only

2

Chabreck, will be allowed to testify in rebuttal.

With all due respect to the court's ruling, defendants submit that the proposed resolution is not only prejudicial to defendants, but impractical, and judicially inefficient. The proposed plan will likely lengthen, not shorten, the time necessary for trial and/or post trial testimony or depositions and, in a worse case scenario, may result in a mistrial for all of the trial work which is performed during the week of January 27, 2003. As such, defendants request that this Honorable Court reconsider its ruling and continue the trial date. Alternatively, defendants request that this court clarify its ruling regarding Chabreck's testimony and further handling of this matter by the court in the event Chabreck is unable to give live testimony because of his stroke.

First, defendants submit that the court's proposed plan is prejudicial to the defendants. As Chabreck is TPSB's sole expert on causation, the defendants' experts will not have the opportunity to hear his theories on causation and respond during the trial. While it is true that defendants have deposed Chabreck at length, TPSB has admitted that Chabreck's report is not sufficient enough to properly explain to the court Chabreck's theory, and thus Chabreck is needed to testify live at trial.[1] TPSB has also suggested that Chabreck's testimony would take upwards of a full day.

---

[1] This statement by TPSB begs the question as to whether Chabreck will be allowed to go outside the perimeters of his report, and defendants reserve any objections on this issue.

3

If this is the case, then how can defendants' experts be expected to present a solid defense at trial on the issue of causation? Moreover, since Chabreck will not be testifying, then how can defendants direct their own experts' testimony so as to rebut Chabreck's theories? Will TPSB object to defendants' questioning of their own experts by using Chabreck's report and/or discovery deposition, on the basis that it is not part of the record? Even if Chabreck's report and his deposition testimony are submitted, defendants will still have to recall multiple expert witnesses (between three and five) to respond to Chabreck's post-trial testimony, notwithstanding the fact that said expert witnesses will have already testified at trial during the week of January 27, 2003. All of this, of course, assumes that Chabreck recovers from his stroke, which is not a guarantee, and will be addressed hereafter.

In other words, it is a certainty that defendants will have to put on between three and five expert witnesses once Chabreck is able to give his full day's worth of trial testimony. When the defendants' experts are included, another day to day and a half of testifying can be anticipated, and then finally Chabreck will be permitted to give rebuttal testimony. In sum, it appears that in addition to the four to five days of trial beginning January 27, 2003, an additional three or more days of trial and/or testimony will be necessary if Chabreck recovers from his stroke and is able to give trial testimony in this matter. Defendants submit that this is judicially inefficient and simply creates logistical problems which can be completely eliminated by a brief continuance of the trial date. Defendants are only talking

4

about a period of 60 to 90 days. During that time, TPSB can assess Chabreck's status and confirm that he will be able to testify live at some point in time. Defendants certainly understand that the court is anxious to have this matter resolved in some form or fashion, as it is an old case. However, that is primarily due to the fact that this case was pending before the Fifth Circuit for over a year and a half. In the grand scheme of this litigation, an additional 60 to 90 days continuance is not unreasonable given the circumstances justifying same.[2] It should be noted that defendants are not asking to conduct any additional discovery nor do they expect plaintiff to do so either. Defendants simply ask this court to continue the trial in its entirety so that the parties can assess Chabreck's health and his ability to testify. If he has not recovered sufficiently in 60 to 90 days, then in all likelihood he probably will never be able to give testimony in this case.

In that situation, the court's proposed plan is, respectfully, even more problematic. Should the worst happen, and Chabreck never sufficiently recover from the stroke, then the court will have to deal with the issue of whether TPSB is entitled to retain a new expert, and if so, what defendants are allowed to do in response thereto.[3] It should particularly be

---

[2] In fact, the court's proposed plan and current trial scheme make it less likely, not more likely, that settlement can be achieved between the parties. Defendants are simply in a vacuum as to how and whether Chabreck will be testifying at all, and therefore may have no choice but to proceed forward with trial, awaiting Chabreck's prognosis and ultimate trial testimony, if applicable.

[3] In this regard, via e-mail and during the telephone conference, TPSB has suggested that if Chabreck cannot recover to give live testimony, then TPSB will be forced

noted that all of TPSB's other experts' opinions are contingent upon Chabreck's testimony not only as to how the marsh was damaged, but as to how to purportedly repair same. If Chabreck is never able to testify in this case, and plaintiff is permitted to retain a new expert, there is a significant likelihood that this new expert may have a different opinion as to how to repair the marsh, and if so, then this court would have heard testimony from plaintiff's other experts, notably Charles Camp on the cost of the proposed remediation work and Shea Penland on the size of the areas which need to be remediated, whose testimony would then be entirely moot. These experts might have to refashion their opinion as to any proposed remediation of a new plaintiff expert on causation.

Defendants are sympathetic to the health conditions of Dr. Chabreck and are certainly not trying to take advantage of the situation. However, the proposed resolution is simply too fraught with unknowns so as to be workable. Even if Dr. Chabreck recovers sufficiently, the parties will essentially turn a four to five day trial into a seven to nine day trial because of the need for TPSB to present Chabreck's testimony, defendants need to respond to same via three to five experts who have already testified, and Chabreck's rebuttal testimony. Worse, if Chabreck is never able to testify so as to supply the missing link and flesh out his report as TPSB alleges is necessary, then the parties will likely have spent four to five days trying this matter in January, 2003, with the need to declare a

---

to seek another expert. Without conceding same, defendants submit that this creates yet another problem should the court proceed with trial on January 27, 2003.

6

mistrial and start all over again.

For the all of the above reasons, defendants Columbia and Koch respectfully ask this court to reconsider its ruling, and continue the trial date for a brief period of 60 to 90 days.

In the alternative, and only in the alternative should this court deny the continuance and proceed forward with trial as proposed, then defendants request a clarification from this court on certain issues. These issues include:

1. Will the court permit TPSB and/or defendants to submit either Chabreck's reports or deposition testimony at trial during the week of January 27, 2003, notwithstanding the anticipation that Chabreck will be testifying live at some in the future?

2. Will the post-January 27, 2003 testimony of Chabreck and defendants' expert witnesses be held in open court, or be submitted via deposition?

3. If Chabreck is unable to give live testimony at any point in the future, will TPSB be permitted to substitute an expert on causation?

4. If TPSB is permitted to substitute an expert on causation, will the court declare a mistrial as to the partial trial held during the week of January 27, 2003, and permit defendants to address any new experts retained by TPSB?

Defendants respectfully request that this Honorable Court clarify its ruling in this regard, so that there is no confusion or uncertainty when this matter proceeds to partial trial on

7

January 7, 2003, and should Chabreck's subsequent health and ability to testify become an issue.

### CONCLUSION

Defendants submit that the proposed trial plan is in fact judicially inefficient in that it will extend, as opposed to shorten, the amount of time necessary to try this matter. Moreover, in the event that Dr. Chabreck is never able to testify because he does not sufficiently recover from his stroke, then the trial beginning January 27, 2003 will almost certainly be an exercise in futility given the anticipated request from TPSB to substitute an expert on causation and its effect on all the other experts' opinions, both plaintiff and defendant.

For these reasons, defendants respectfully ask this court to reconsider its verbal ruling during the telephone conference of January 14, 2003, and accordingly move this Honorable Court for a continuance of the trial date for a brief period, 60 to 90 days.

Alternatively, defendants request that this Honorable Court clarify its ruling on the issue of Chabreck's post-trial testimony and additional expert issues, as set forth herein.

Respectfully submitted,

*[signature]*                                                  *[signature]*

_____                    _____
**ROBERT J. YOUNG, JR. (#13763)**                 **THOMAS A. BLUM, T.A. (#3170)**
**ROBERT J. YOUNG, III, T.A.(#19230)**            **JAMES A. BURTON (#3708)**
**YOUNG, RICHAUD & MYERS**                        **HERMAN C. HOFFMAN, JR. (#6899)**
1100 Poydras Street, Suite 1515                   **SIMON, PERAGINE, SMITH &**
New Orleans, LA 70163-1515                            **REDFEARN, L.L.P.**
Telephone: (504) 585-7750                         1100 Poydras Street
Facsimile: (504) 585-7776                         30th Floor - Energy Centre
Attorneys for defendant,                          New Orleans, LA 70163-3000
**KOCH GATEWAY PIPELINE COMPANY**                 Telephone: (504) 569-2030
                                                  Facsimile: (504) 569-2999
                                                  Attorneys for defendant, **COLUMBIA**
                                                  **GULF TRANSMISSION COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded to all counsel of record via hand-delivery, facsimile and/or by placing a copy of same in the U.S. Mail, postage pre-paid, on this ____ day of January, 2003.

*[signature]*

_____
**ROBERT J. YOUNG, III**

9